SONJA D. KERR (AK BAR NO. 0409051)
DISABILITY LAW CENTER OF ALASKA
3330 ARCTIC BOULEVARD, SUITE 103
ANCHORAGE, ALASKA 99503
TELEPHONE:   (800) 478-1234/907-565-1002
EMAIL:          SKERR@DLCAK.ORG

## UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| E.H, by and through<br>his parents, H.H. and T.H.,<br>       Plaintiffs<br><br>v.<br><br>Department of Health and Social Services,<br>and<br>Fairbanks North Star Borough<br>School District,<br>       Defendants | Case No. _____<br><br>Complaint and Appeal |

### JURISDICTION

1.   This Court has subject matter jurisdiction pursuant to a federal law, the Individuals with Disabilities Education Act ("IDEA"), Part B, 20 U.S.C. §1400, et. seq., and specifically, §1403, §1415, §1415(i)(2), and 28 U.S.C. §1331 and §1343 as well as IDEA Part B., 20 U.S.C. 1431-1445.

2.   Plaintiffs have properly exhausted administrative procedures set forth in the Individuals with Disabilities Education Act, 20 U.S.C. §1400, et seq., and are challenging an administrative decision arising out of those procedures as contrary to the

IDEA and thus have the right to bring this civil action as an aggrieved party. 20 U.S.C. §1415(i)(2), and 20 U.S.C. 1435(a)(10), (13), and 1439.

3. Venue is proper in this Court under 28 U.S.C. §1391(b) and LR 3.3. Defendant Fairbanks North Star Borough School District ("District") is within the District of Alaska and all of the events giving rise to this action occurred in the District of Alaska.

## PARTIES

4. E.H. is a minor child with autism and other disabilities and is therefore entitled to all of the procedural rights and protections of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400, et seq. H.H. and T.H. are the parents of E.H. E.H. and his parents live within the residential boundaries of the Fairbanks North Star Borough School District ("District").

5. Department of Health and Social Services ("DHSS") is the state agency responsible to ensure provision of early intervention services to all children in Alaska, and said services are to be available to all children, including all children who are not yet three years old. E.H. was less than three years old when his parents, E.H. and T.H. sought assistance for him. Prior to age 3, DHSS was ultimately responsible to identify E.H. and to ensure that E.H. had appropriate early intervention services pursuant to Part C of the IDEA prior to age 3. DHSS is also responsible to notify parents of children suspected of having disabilities of their rights and options pursuant to Early Periodic Screening, Detection and Treatment (EPSDT).

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002   Fax 907-565-1000
1-800-478-1234

6. Fairbanks North Star Borough School District ("District") is the local educational agency pursuant to the IDEA responsible to ensure that E.H. is provided a free appropriate public education pursuant to the IDEA because E.H. lives within the residential boundaries of the District. 20 U.S.C. §1401(15). The District became legally responsible for E.H. when he was approaching his third birthday.

### FACTUAL ALLEGATIONS

7. E.H. was born January 28, 2001. He is presently five years old. E.H. suffers from autism, a disability recognized under the Individuals with Disabilities Education Act. 20 U.S.C. §1401(3)(A)(i); and Part C, 20 U.S.C. 1432(5) There is no dispute between the parties that E.H. has autism which impacts his learning.

8. There is no dispute between the parties that E.H. is entitled to all of the procedures, rights and protections of the Individuals with Disabilities Education Act, 20 U.S.C. §1400, et seq. The IDEA requires that the unique educational needs of each child with a disability must be determined on an individual basis and an individual program of education ("IEP") developed for each child based on those unique needs. 20 U.S.C. §1400(d)(1)(A); §1401(11); §1414(d), (f). The parents of a child with a disability are to be part of any decision making process concerning the child's program of education. 20 U.S.C. §1414, §1415. A District's service delivery system or administrative convenience cannot dictate a child's program or placement. See, 34 C.F.R. 300, Appendix A. Alaska has adopted both statutes and regulations to allow procedures and actions necessary to comply with the requirements of the federal law.

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002  Fax 907-565-1000
1-800-478-1234

A.S. 14.30.180, et seq., A.S. 14.30.278 (requiring an individualized education program), and regulations at 4 AAC 52.090, et seq., and see 4 AAC 52.140 (requiring an individualized education program to be developed by a team of people, including school staff and parents).

9. E.H. was not initially identified or evaluated as the result of "Child Find" procedures in the Fairbanks North Star Borough School District.

10. DHSS failed to provide E.H.'s parents with any written information about Early Periodic and Screening, Detection and Treatment ("EPSDT") which would have allowed E.H. to receive any and all medical care and treatment necessary to evaluate and identify his autism and to receive necessary treatment prior to age 3.

11. At their own expense, E.H.'s parents sought private evaluation for E.H. from Seattle Children's Hospital, which identified E.H. as having autism in the summer of 2002.

12. E.H. initially came to the attention of the Infant Learning Program ("ILP") sometime in August of 2002 when he was not yet three years old (2 years, 7 months). The ILP is a program under the auspices of the Department of Health and Social Services which is to ensure early intervention services to children under age three.

13. E.H.'s first evaluation report was completed on or about January 15, 2003 but no IEP was created for him at that time.

14. E.H.'s parents did not agree to the program of services offered by the District and thus, he received no services from the District.

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002   Fax 907-565-1000
1-800-478-1234

15. In the spring of 2004, E.H.'s parents specifically requested ESY services for E.H. from the District and were denied any services on the basis of lack of "enrollment."

16. Prior to September of 2004, the District did not provide to E.H. any specific special education services.

17. From 2003 forward, the parents of E.H. made arrangements for E.H. to receive private services through a local speech therapist, a local occupational therapist and a local day care, Open Arms a their own expense and/insurer's expense.

18. During the summer of 2004, the parents pursued services through Yukon Kuskokwim School District ("YKSD"), as an alternative to the District.

19. At the cost and expense of E.H.'s parents, in the summer of 2004, ABA expert, Melissa Duke visited E.H. and issued a report recommending his need for ABA services of no less than 20 hours per week. This report was given to the District shortly after it was written.

20. During the summer of 2004, the parents participated in mediation and other meetings with YKSD and the District.

21. On September 23, 2004, the parents requested a due process hearing naming both YKSD, and the District as parties. **(Ex. A.)** The request for hearing sought: 1) placement in the least restrictive environment, including private placement at Open Arms; 2) a program of behavioral therapy appropriate for students with autism, including trained aide and trained staff; 3) speech therapy; 4) occupational therapy and

5) physical therapy. The parents sought reimbursement for all private programming to date and forward as well as compensatory services.

22. On the date of the hearing request, E.H. was continuing to attend Open Arms, the private day care, and was continuing to receive private OT and private speech therapy.

23. The YKSD and the parents settled their dispute as to YKSD's involvement on or about November 8, 2004.

24. The Department of Health and Social Services ("DHSS") was initially added as a party regarding the ILP program but the IHO dismissed their participation on November 11, and November 16, 2004. **IHO Orders (Ex. B.)**

25. The case proceeded to an evidentiary due process hearing against the District only.

26. In an attempt to work with the District, the parents agreed to try an unconditional offer of a school program at Ann Wein in early October 2004. E.H. continued to attend Open Arms, the private school placement during this time as well as receive private OT and private S/L. The arrangement was unsatisfactory for E.H. and the parents removed him after only 8 days at Ann Wein, the unsatisfactory program. E.H. continued to attend the private school, Open Arms that was originally referenced in the request for hearing until late January, when he moved to a Montessori program for a period of time, and then went back to Open Arms.

27. At the request of the parents, and their expense, in February of 2005, ABA expert Erica Roest, a Board Certified Behavioral Analyst, of Connecticut Child

Development Center visited E.H. in Alaska and issued a report advising the District that E.H. needed intensive ABA therapy, as well as speech therapy and occupational therapy. She found that the Ann Wein program was inappropriate for E.H.

28. The parents of E.H. attempted to use the recommendations of CCCD to establish home programming using ABA services for E.H. while he continued to attend private day care as well.

29. On the initial day of hearing, April 29, 2005, Special Education Director Eve Lambert acknowledged that the District would provide an ABA aide and train staff to use ABA. But, counsel for the District stated that the District was not agreeing to use an ABA program for E.H. The District had noticed for hearing, Dr. John McEachin, a noted expert in ABA and throughout the hearing process asserted at various times that McEachin was a "consultant" to the District or was "training" district staff.

30. The IHO issued an order dated June 30, 2005 denying any reimbursement or compensation for the years of private services the parents had provided E.H. up to the time of the hearing request and forward. **IHO Order (Ex. C.)** In the same order, however, the IHO noted that he needed additional information to determine what would be an appropriate program for the student including expert testimony from experts in Applied Behavioral Analysis given the District's position that it was not providing ABA for E.H., notwithstanding Ms. Lambert's testimony.

31. On July 17, 2005, the IHO clarified that his order of June 30, 2005 was not a final order for purposes of appeal. **IHO Order (Ex. D.)**

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002
Fax 907-565-1000
1-800-478-1234

32. In early September 2005, Dr. James Mulik, an expert on ABA, issued a report after reviewing certain documents including a videotape of E.H. He concurred with Ms. Duke and Ms. Roest that E.H. required an ABA program to meet his unique educational needs. This report was provided to District counsel.

33. At the request of the parents, the IHO issued an order requiring Dr. John McEachin to develop and forward to the parents a written report regarding whether the District was offering E.H. a program of education to be implemented using ABA principles, an ABA program. **IHO Order (Ex. E.)** Subsequently, on December 31, 2005, ABA expert Dr. John McEachin issued a report acknowledging that E.H. was receiving an needed to receive a program based on Applied Behavioral Analysis. **IHO Order (Ex. F.)**

34. On January 10, 2006, the parties returned to hearing. The parents requested the IHO reconsider his refusal to award any reimbursement for services since the District's own expert, McEachin was agreeing with the parents as to the need for an ABA program for E.H. The IHO refused. At hearing in January, the District again took the view that it was not providing an ABA program to E.H., and initially declined to state in his IEP what the District was providing given Dr. McEachin's report. After initial testimony had begun, the District returned and requested the IHO to order that it was providing and was to continue to provide an ABA program to E.H. using Dr. McEachin's organization to supervise the program, consistent with that report. The hearing then ended without any further stipulation or agreement as to other matters. **IHO Order, January 11, 2006 (Ex. G.)**

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002   Fax 907-565-1000
1-800-478-1234

35. The Plaintiffs are aggrieved by and appeal the IHO's determination and findings that the parents were entitled to no relief against the Department of Health and Social Services for the failure to comply with Child Find, EPSDT, and services prior to age 3 **(IHO Order, Ex. B)**; that the parents were entitled to no relief against the District for reimbursement and compensation as against the District for the failure to provide services from age 3 forward (January 2004 forward) **(IHO Order, Ex. C)** and for reimbursement and compensation as against the District for the failure to provide services after the parents had to remove E.H. from the inappropriate Ann Wein program **(IHO Order, Ex. C)**; and for reimbursement and compensation as against the District for the District's refusal to provide ABA services from April 2005 forward and until at least staff was adequately trained by McEachin in late September 2005; and Plaintiffs counsel, DLC seeks attorneys fees and all costs for the bringing of this action. The IHO's Findings of Fact on this point are found at Ex. B, and C as well as Conclusions of Law therein and relevant determinations and opinion throughout his decision.

## CLAIM FOR RELIEF

(Violation of Individuals with Disabilities Education Act, Part C, and EPSDT)

36. Plaintiffs incorporate by reference herein the allegations in paragraphs 1 through 35, and especially Par. 5 and Par. 10 as to DHSS.

37. DHSS did not provide E.H.'s parents any information about EPSDT at any time, leading to delay in identification and evaluation as they sought same for E.H. privately.

(Violation of the Individuals with Disabilities Education Act, Part B)

38.     Plaintiffs incorporate by reference herein the allegations in paragraphs 1 through 25 inclusive.

39.     Defendant District has violated the IDEA and Alaska law by failing to conduct proper Child Find to identify and evaluate E.H.'s autism, and by failing to offer him an appropriate program of educational services from January 2003 until December of 2005, including full day programming, and ABA services based upon his unique needs and through the requisite procedures and utilizing the IEP team process as required by the IDEA. 20 U.S.C. §1400(d)(1)(A); §1401(11); §1414(d), (f); §1415; 34 C.F.R. Chapter 300, including Appendix A; and A.S. 14.30.180, et seq., A.S. 14.30.278 (requiring an individualized education program), and regulations at 4 AAC 52.090, et seq., and see 4 AAC 52.140 (requiring an individualized education program to be developed by a team of people, including school staff and parents). Such violation has denied E.H. a free appropriate public education as contrary to 20 U.S.C. §1401(8) which requires that the District provide a free appropriate public education that is <u>without charge</u> to the family, meets the standards of the state, includes an appropriate preschool and is provided in conformity with an individualized education program.

## RELIEF REQUESTED

WHEREFORE, pursuant to this Court's authority and jurisdiction under §20 U.S.C. §1415, and specifically §1415(i)(3), and IDEA Parts B and C., DLC hereby requests that the Court:

1.      Reverse the IHO's determination that the parents of E.H. are not entitled to any reimbursement for the costs of services at private day care, an aide at private day care,

mileage, ABA services provided by CCCD, various evaluations, and speech therapy, and occupational therapy from January 2003 until the fall of 2005.

2.  Reverse the IHO's determination that DHSS was appropriately dismissed from this hearing and find that DHSS failed to inform the parents of E.H. as to EPSDT and issue all necessary relief for E.H., including reimbursements for all evaluations and services prior to age 3.

3.  Attorney fees and expert witness costs for the underlying due process hearing, the drafting of this complaint and reasonable attorneys' fees and costs in the pursuit of this action.

4.  All other appropriate relief consistent with the IDEA.

Dated: February 9, 2006

_____
Sonja D. Kerr, Bar No. 0409061
Disability Law Center

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002   Fax 907-565-1000
1-800-478-1234