SONJA D. KERR (AK BAR NO. 0409051)
DISABILITY LAW CENTER OF ALASKA
3330 ARCTIC BOULEVARD, SUITE 103
ANCHORAGE, ALASKA 99503
TELEPHONE:   (800) 478-1234/907-565-1002
EMAIL:          SKERR@DLCAK.ORG

# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | |
|---|---|
| E.H, by and through his parents, H.H. and T.H., | Case No. 3:06-cv-00033 (TMB) |
| Plaintiffs, | |
| v. | Second Amended Complaint and Appeal |
| Department of Health and Social Services' Infant Learning Program, Erin Kinavey, in her official capacity as Program Manager, Part C Coordinator of The Infant and Learning Program, and Fairbanks North Star Borough School District, | |
| Defendants. | |

## JURISDICTION

1.   This Court has subject matter jurisdiction pursuant to a federal law, the Individuals with Disabilities Education Act ("IDEA"), Part B, 20 U.S.C. §1400, et. seq., and specifically, §1403, §1415, §1415(i)(2), and 28 U.S.C. §1331 and §1343 as well as IDEA Part B., 20 U.S.C. 1431-1445.

2.   Plaintiffs have properly exhausted administrative procedures set forth in the Individuals with Disabilities Education Act, 20 U.S.C. §1400, et seq., and are challenging an administrative decision arising out of those procedures as contrary to the

IDEA and thus have the right to bring this civil action as an aggrieved party. 20 U.S.C. §1415(i)(2), and 20 U.S.C. 1435(a)(10), (13), and 1439.

3. Venue is proper in this Court under 28 U.S.C. §1391(b) and LR 3.3. Defendant Fairbanks North Star Borough School District ("District") is within the District of Alaska and all of the events giving rise to this action occurred in the District of Alaska.

**PARTIES**

4. E.H. is a minor child with autism and other disabilities and is therefore entitled to all of the procedural rights and protections of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400, et seq. H.H. and T.H. are the parents of E.H. E.H. and his parents live within the residential boundaries of the Fairbanks North Star Borough School District ("District").

5. Department of Health and Social Services ("DHSS") through its Infant Learning Program ("ILP") is the state agency responsible to ensure provision of early intervention services to all children in Alaska, and said services are to be available to all children, including all children who are not yet three years old. E.H. was less than three years old when his parents, E.H. and T.H. sought assistance for him. Prior to age 3, DHSS was ultimately responsible to identify E.H. and to ensure that E.H. had appropriate early intervention services through its ILP pursuant to Part C of the IDEA prior to age 3.

6. Fairbanks North Star Borough School District ("District") is the local educational agency pursuant to the IDEA responsible to ensure that E.H. is provided a free appropriate public education pursuant to the IDEA because E.H. lives within the

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002    Fax 907-565-1000
1-800-478-1234

residential boundaries of the District. 20 U.S.C. §1401(15). The District became legally responsible for E.H. when he was approaching his third birthday.

## FACTUAL ALLEGATIONS

7. E.H. was born January 28, 2001. He is presently five years old. E.H. suffers from autism, a disability recognized under the Individuals with Disabilities Education Act. 20 U.S.C. §1401(3)(A)(i); and Part C, 20 U.S.C. 1432(5) There is no dispute between the parties that E.H. has autism which impacts his learning.

8. There is no dispute between the parties that E.H. is entitled to all of the procedures, rights and protections of the Individuals with Disabilities Education Act, 20 U.S.C. §1400, et seq. The IDEA requires that the unique educational needs of each child with a disability must be determined on an individual basis and an individual program of education ("IEP") developed for each child based on those unique needs. 20 U.S.C. §1400(d)(1)(A); §1401(11); §1414(d), (f). The parents of a child with a disability are to be part of any decision making process concerning the child's program of education. 20 U.S.C. §1414, §1415. A District's service delivery system or administrative convenience cannot dictate a child's program or placement. See, 34 C.F.R. 300, Appendix A. Alaska has adopted both statutes and regulations to allow procedures and actions necessary to comply with the requirements of the federal law. A.S. 14.30.180, et seq., A.S. 14.30.278 (requiring an individualized education program), and regulations at 4 AAC 52.090, et seq., and see 4 AAC 52.140 (requiring an individualized education program to be developed by a team of people, including school staff and parents).

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002    Fax 907-565-1000
1-800-478-1234

9. E.H. was not initially identified or evaluated as the result of "Child Find" procedures in the Fairbanks North Star Borough School District.

10. At their own expense, E.H.'s parents sought private evaluation for E.H. from Seattle Children's Hospital, which identified E.H. as having autism in the summer of 2002.

11. E.H. initially came to the attention of the Infant Learning Program ("ILP") sometime in August of 2002 when he was not yet three years old (2 years, 7 months). The ILP is a program under the auspices of the Department of Health and Social Services, which is to ensure early intervention services to children under age three.

13. E.H.'s first evaluation report was completed on or about January 15, 2003 but no IEP was created for him at that time.

14. E.H.'s parents did not agree to the program of services offered by the District and thus, he received no services from the District.

15. In the spring of 2004, E.H.'s parents specifically requested ESY services for E.H. from the District and were denied any services on the basis of lack of "enrollment."

16. Prior to September of 2004, the District did not provide to E.H. any specific special education services.

17. From 2003 forward, the parents of E.H. made arrangements for E.H. to receive private services through a local speech therapist, a local occupational therapist and a local day care, Open Arms a their own expense and/insurer's expense.

18. During the summer of 2004, the parents pursued services through Yukon Kuskokwim School District ("YKSD"), as an alternative to the District.

19. At the cost and expense of E.H.'s parents, in the summer of 2004, ABA expert, Melissa Duke visited E.H. and issued a report recommending his need for ABA services of no less than 20 hours per week. This report was given to the District shortly after it was written.

20. During the summer of 2004, the parents participated in mediation and other meetings with YKSD and the District.

21. On September 23, 2004, the parents requested a due process hearing naming both YKSD, and the District as parties. (**Ex. A.**) The request for hearing sought: 1) placement in the least restrictive environment, including private placement at Open Arms; 2) a program of behavioral therapy appropriate for students with autism, including trained aide and trained staff; 3) speech therapy; 4) occupational therapy and 5) physical therapy. The parents sought reimbursement for all private programming to date and forward as well as compensatory services.

22. On the date of the hearing request, E.H. was continuing to attend Open Arms, the private day care, and was continuing to receive private OT and private speech therapy.

23. The YKSD and the parents settled their dispute as to YKSD's involvement on or about November 8, 2004.

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002
Fax 907-565-1000
1-800-478-1234

E.H. v. DHSS and FNSBSD
Complaint and Appeal

Page 5 of 14

24.     The Department of Health and Social Services ("DHSS") was initially added as a party regarding the ILP program but the IHO dismissed their participation on November 11, and November 16, 2004. **IHO Orders (Ex. B.)**

25.     ILP argued that it should be dismissed from the hearing because the parents did not avail themselves of the ILP complaint process. Ex. B, pg. 9.

26.     Infants and Toddlers with Disabilities are covered by Part C of the IDEA. 20 U.S.C. § 1431 et seq. The accompanying regulations at 34 C.F.R. §§ 303.419-303.425 govern the establishment of due process procedures under Part C of the IDEA.

27.     34 C.F.R. §§ 303.419 provides that "Each State shall ensure that procedures are established and implemented to allow parties to disputes involving any matter described in Sec. 303.403(a) to resolve the disputes through a mediation process which at minimum, must be available whenever a **hearing is requested** under Sec. 303.420. The lead agency may either use the mediation system established under Part B of the Act or establish its own system. **(emphasis added)**. Section 303.420 provides "Each State must include written procedures for mediation as described in Sec. 303.419, for the timely administrative resolution of individual child complaints by parents concerning any of the matters in Sec. 303.403(a). A State may meet this requirement by – (a) adopting the mediation and due process procedures in 34 C.F.R. 300.506 through 300.512 and developing procedures that meet the requirements of Sec. 303.425; or (b) developing procedures that – (1) Meet the requirements of Sec. 303.419, 303.421 through 303.425 and (2) Provide parents a means of filing a complaint.

28.  Sec. 303.421(a) provides "an impartial person must be appointed to implement the complaint resolution process in this subpart. The person must (1) Have knowledge about the provisions of this part and the need of, and services available for, eligible children and their families; and (2) perform the following duties:

   (i)  Listen to the presentation of relevant viewpoints about the complaint, examine all information relevant to the issue, and seek to reach a timely resolution of the complaint.

   (ii) Provide a record of the proceedings, including a written decision."

29.  Sec. 303.422 outlines parental rights in administrative proceedings providing:

   (a) Each lead agency shall ensure that parents of children eligible under this part are afforded the rights in paragraph (b) of this section in any administrative proceedings carried out under Sec. 303.420.

   (b) Rights. Any parent involved in an administrative proceeding has the right to –

   (i)   Be accompanied and advised by counsel and by individuals with special knowledge or training with respect to early intervention services for children eligible under this part;

   (ii)  Present evidence and confront, cross-examine, and compel the attendance of witnesses;

   (iii) Prohibit the introduction of any evidence at the proceeding that has not been disclosed to the parent at least five days before the proceeding;

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002      Fax 907-565-1000
1-800-478-1234

   (iv) Obtain written or electronic verbatim transcription of the proceedings; and

   (v) Obtain written findings of fact and decisions.

30. The timelines for administrative proceedings is governed by Sec. 303.423:

 (a) Any proceeding for implementing the complaint resolution process in this subchapter must be carried out at a time and place that is reasonably convenient to the parents.

 (b) Each lead agency shall ensure that, not later than 30 days after the receipt of the parent's complaint, the impartial proceeding under this subchapter is completed and a written decision mailed to each of the parties.

31. "Any party aggrieved by the findings and decision regarding an administrative complaint has the right to bring a civil action in State or Federal court under Sec. 639(a)(1) of the Act." 34 C.F.R. § 303.424.

32. Sec. 303.425 governs the status of the child during proceedings:

 (a) During the pendency of any proceeding involving a complaint under this subpart, unless the public agency and the parents of the child otherwise agree, the child must continue to receive the appropriate early intervention services currently being provided."

 (b) If the complaint involved an application for initial services under this part, the child must receive those services that are not in dispute.

33. The IHO dismissed the ILP, ruling that the parents were not entitled to a hearing before the IHO with regard to the ILP, but did not address whether the parents should

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002 Fax 907-565-1000
1-800-478-1234

have pursued their claims through the ILP complaint process or whether the ILP's complaint process is satisfactory or whether the parents complied with the complaint process for purposes of exhaustion. Ex. B, pg. 10-11.

34. The case proceeded to an evidentiary due process hearing against the District only.

35. In an attempt to work with the District, the parents agreed to try an unconditional offer of a school program at Ann Wein in early October 2004. E.H. continued to attend Open Arms, the private school placement during this time as well as receive private OT and private S/L. The arrangement was unsatisfactory for E.H. and the parents removed him after only 8 days at Ann Wein, the unsatisfactory program. E.H. continued to attend the private school, Open Arms that was originally referenced in the request for hearing until late January, when he moved to a Montessori program for a period of time, and then went back to Open Arms.

36. At the request of the parents, and their expense, in February of 2005, ABA expert Erica Roest, a Board Certified Behavioral Analyst, of Connecticut Child Development Center visited E.H. in Alaska and issued a report advising the District that E.H. needed intensive ABA therapy, as well as speech therapy and occupational therapy. She found that the Ann Wein program was inappropriate for E.H.

37. The parents of E.H. attempted to use the recommendations of CCCD to establish home programming using ABA services for E.H. while he continued to attend private day care as well.

38. On the initial day of hearing, April 29, 2005, Special Education Director Eve Lambert acknowledged that the District would provide an ABA aide and train staff to use ABA. But, counsel for the District stated that the District was not agreeing to use an ABA program for E.H. The District had noticed for hearing, Dr. John McEachin, a noted expert in ABA and throughout the hearing process asserted at various times that McEachin was a "consultant" to the District or was "training" district staff.

39. The IHO issued an order dated June 30, 2005 denying any reimbursement or compensation for the years of private services the parents had provided E.H. up to the time of the hearing request and forward. **IHO Order (Ex. C.)** In the same order, however, the IHO noted that he needed additional information to determine what would be an appropriate program for the student including expert testimony from experts in Applied Behavioral Analysis given the District's position that it was not providing ABA for E.H., notwithstanding Ms. Lambert's testimony.

40. On July 17, 2005, the IHO clarified that his order of June 30, 2005 was not a final order for purposes of appeal. **IHO Order (Ex. D.)**

41. In early September 2005, Dr. James Mulik, an expert on ABA, issued a report after reviewing certain documents including a videotape of E.H. He concurred with Ms. Duke and Ms. Roest that E.H. required an ABA program to meet his unique educational needs. This report was provided to District counsel.

42. At the request of the parents, the IHO issued an order requiring Dr. John McEachin to develop and forward to the parents a written report regarding whether the District was offering E.H. a program of education to be implemented using ABA

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002    Fax 907-565-1000
1-800-478-1234

principles, an ABA program. **IHO Order (Ex. E.)** Subsequently, on December 31, 2005, ABA expert Dr. John McEachin issued a report acknowledging that E.H. was receiving an needed to receive a program based on Applied Behavioral Analysis. **IHO Order (Ex. F.)**

43. On January 10, 2006, the parties returned to hearing. The parents requested the IHO reconsider his refusal to award any reimbursement for services since the District's own expert, McEachin was agreeing with the parents as to the need for an ABA program for E.H. The IHO refused. At hearing in January, the District again took the view that it was not providing an ABA program to E.H., and initially declined to state in his IEP what the District was providing given Dr. McEachin's report. After initial testimony had begun, the District returned and requested the IHO to order that it was providing and was to continue to provide an ABA program to E.H. using Dr. McEachin's organization to supervise the program, consistent with that report. The hearing then ended without any further stipulation or agreement as to other matters. **IHO Order, January 11, 2006 (Ex. G.)**

44. The Plaintiffs are aggrieved by and appeal the IHO's determination and findings that the parents were entitled to no relief against the Department of Health and Social Services for the failure to comply with Child Find, EPSDT, and services prior to age 3 **(IHO Order, Ex. B)**; that the parents were entitled to no relief against the District for reimbursement and compensation as against the District for the failure to provide services from age 3 forward (January 2004 forward) **(IHO Order, Ex. C)** and for reimbursement and compensation as against the District for the failure to provide

services after the parents had to remove E.H. from the inappropriate Ann Wein program **(IHO Order, Ex. C)**; and for reimbursement and compensation as against the District for the District's refusal to provide ABA services from April 2005 forward and until at least staff was adequately trained by McEachin in late September 2005; and Plaintiffs counsel, DLC seeks attorneys fees and all costs for the bringing of this action. The IHO's Findings of Fact on this point are found at Ex. B, and C as well as Conclusions of Law therein and relevant determinations and opinion throughout his decision.

## CLAIM FOR RELIEF

(Violation of Individuals with Disabilities Education Act, Part C)

45.     Plaintiffs incorporate by reference herein the allegations in paragraphs 1 through 44, and especially Par. 5 and Par. 24-33 as to DHSS.

46.     ILP does not have a due process procedure in place that conforms to the regulations implementing the requirements of Part C of the IDEA. 34 C.F.R. § 300.419 - 300.425.

(Violation of the Individuals with Disabilities Education Act, Part B)

47.     Plaintiffs incorporate by reference herein the allegations in paragraphs 1 through 44 inclusive.

48.     Defendant District has violated the IDEA and Alaska law by failing to conduct proper Child Find to identify and evaluate E.H.'s autism, and by failing to offer him an appropriate program of educational services from January 2003 until December of 2005, including full day programming, and ABA services based upon his unique needs and through the requisite procedures and utilizing the IEP team process as required by

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002   Fax 907-565-1000
1-800-478-1234

the IDEA. 20 U.S.C. §1400(d)(1)(A); §1401(11); §1414(d), (f); §1415; 34 C.F.R. Chapter 300, including Appendix A; and A.S. 14.30.180, et seq., A.S. 14.30.278 (requiring an individualized education program), and regulations at 4 AAC 52.090, et seq., and see 4 AAC 52.140 (requiring an individualized education program to be developed by a team of people, including school staff and parents). Such violation has denied E.H. a free appropriate public education as contrary to 20 U.S.C. §1401(8) which requires that the District provide a free appropriate public education that is <u>without charge</u> to the family, meets the standards of the state, includes an appropriate preschool and is provided in conformity with an individualized education program.

## RELIEF REQUESTED

WHEREFORE, pursuant to this Court's authority and jurisdiction under §20 U.S.C. §1415, and specifically §1415(i)(3), and IDEA Parts B and C., DLC hereby requests that the Court:

1. Reverse the IHO's determination that the parents of E.H. are not entitled to any reimbursement for the costs of services at private day care, an aide at private day care, mileage, ABA services provided by CCCD, various evaluations, and speech therapy, and occupational therapy from January 2003 until the fall of 2005.

2. Reverse the IHO's determination that DHSS was appropriately dismissed from this hearing and find that DHSS failed to provide a system for resolving complaints that ensures parents' due process rights are protected in accordance with 34 C.F.R. §§ 303.419-425 and issue all necessary relief for E.H., including reimbursements for all evaluations and services prior to age 3.

3.  Attorney fees and expert witness costs for the underlying due process hearing, the drafting of this complaint and reasonable attorneys' fees and costs in the pursuit of this action.

4.  All other appropriate relief consistent with the IDEA.

Dated: February 22, 2006

*[signature]* #051091 for
Sonja D. Kerr, Bar No. 0409051
Disability Law Center of Alaska
3330 Arctic Boulevard, Suite 103
Anchorage, Alaska 99503
Telephone: 907-565-1002
Fax: 907-565-1000
Email:    skerr@dlcak.org

Certificate of Service

I hereby certify that on the 22nd day of February, 2006, a copy of this document was served electronically and by fax on:

Brad Owens
Jermain, Dunnagan & Owens
3000 A Street, Suite 300
Anchorage, AK 99503

*[signature]*
Meg Allison

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002
Fax 907-565-1000
1-800-478-1234

E.H. v. DHSS and FNSBSD
Second Amended Complaint and Appeal

Page 14 of 14