DAVID W. MÁRQUEZ
ATTORNEY GENERAL

Stacie L. Kraly
Assistant Attorney General
Office of the Attorney General
P.O. Box 110300
Juneau, Alaska 99811
(907) 465-3600
Attorney for State of Alaska
Alaska Bar No. 9406040

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| E.H. by and through,<br>His parents, H.H. and T.H.,<br>        Plaintiffs,<br><br>vs.<br><br>Department of Health and Social<br>Services' Infant Learning Program,<br>Erin Kinavey, in her official capacity<br>As Program Manager, Part C<br>Coordinator of the Infant Learning<br>Program, and Fairbanks North Star<br>Borough School District,<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br><br><br><br><br><br><br><br><br>Case No. 3:06-cv 00033 (TMB) |

## ANSWER TO SECOND AMENDED COMPLAINT AND APPEAL

       Defendants, the State of Alaska, Department of Health and Social Services, Infant Learning Program, Erin Kinavey, in her official capacity as the Program Manager, Part C coordinator of the Infant Learning Program ("state"), answer the Plaintiff's Second Amended Complaint and Appeal as follows:

### JURISIDICTION

1.      Admit.

2.      This is a statement of law to which no response is required.

3.      Admit.

**PARTIES**

4.      The state is without sufficient facts or information to admit or deny this paragraph; to the extent an answer is required, the state denies this paragraph.

5.      Admit that the State is the agency responsible to ensure provision of early intervention services; deny that this program is available to all children in Alaska or that services are available to all children in Alaska.

6.      Upon information and believe the statements in this paragraph are true.

**FACTUAL ALLEGATIONS**

7.      The state is without sufficient information to admit or deny the substance of this paragraph; therefore it is denied.

8.       The state is without sufficient information to admit or deny the substance of this paragraph; therefore it is denied.

9.      The state is without sufficient information to admit or deny the substance of this paragraph; therefore it is denied.

10.      The state is without sufficient information to admit or deny the substance of this paragraph; therefore it is denied.

11.      The state is without sufficient information to admit or deny the substance of this paragraph; therefore it is denied.

12.      The state is without sufficient information to admit or deny the substance of this paragraph; therefore it is denied.

13.      The state is without sufficient information to admit or deny the substance of this paragraph; therefore it is denied.

14.      The state is without sufficient information to admit or deny the substance of this paragraph; therefore it is denied.

15.      The state is without sufficient information to admit or deny the substance of this paragraph; therefore it is denied.

16.      The state is without sufficient information to admit or deny the substance of this paragraph; therefore it is denied.

17.      The state is without sufficient information to admit or deny the substance of this paragraph; therefore it is denied.

18.     The state is without sufficient information to admit or deny the substance of this paragraph; therefore it is denied.

19.     The state is without sufficient information to admit or deny the substance of this paragraph; therefore it is denied.

20.     The state is without sufficient information to admit or deny the substance of this paragraph; therefore it is denied.

21.     The state is without sufficient information to admit or deny the substance of this paragraph; therefore it is denied.

22.     The state is without sufficient information to admit or deny the substance of this paragraph; therefore it is denied.

23.     The state is without sufficient information to admit or deny the substance of this paragraph; therefore it is denied.

24.     Admit.

25.     Admit that one of the arguments that was put forth in the state's motion to dismiss was an exhaustion of administrative remedies argument; deny that this was the only basis upon with the state was seeking dismissal.

26.     This is statement of law to which no response is required.

27.     This is statement of law to which no response is required.

28.     This is statement of law to which no response is required.

29.     This is statement of law to which no response is required.

30.     This is statement of law to which no response is required.

31.     This is statement of law to which no response is required.

32.     This is statement of law to which no response is required.

33.     Denied.

34.     Upon information and belief this statement is admitted.

35.     The state is without sufficient information to admit or deny the substance of this paragraph; therefore it is denied.

36.     The state is without sufficient information to admit or deny the substance of this paragraph; therefore it is denied.

37.     The state is without sufficient information to admit or deny the substance of this paragraph; therefore it is denied.

38.     The state is without sufficient information to admit or deny the substance of this paragraph; therefore it is denied.

39.     The state is without sufficient information to admit or deny the substance of this paragraph; therefore it is denied.

40.     The state is without sufficient information to admit or deny the substance of this paragraph; therefore it is denied.

41.     The state is without sufficient information to admit or deny the substance of this paragraph; therefore it is denied.

42.     The state is without sufficient information to admit or deny the substance of this paragraph; therefore it is denied.

43.     The state is without sufficient information to admit or deny the substance of this paragraph; therefore it is denied.

44.     The state is without sufficient information to admit or deny the substance of this paragraph; therefore it is denied.

## CLAIM FOR RELIEF

(Violation of the Individuals with Disabilities Education Act, Part C)

45.     The state incorporates by reference the response in paragraphs 1 through

46.     Denied.

(Violation of the Individuals with Disabilities Education Act, Part B)

47.     The state incorporates by reference the responses in paragraphs 1 through 46.

48.     The state is without sufficient information to admit or deny the substance of this paragraph; therefore it is denied.

## AFFIRMATIVE DEFENSES

1.     Plaintiff is prohibited from bringing this lawsuit by the XI Amendment of the United States Constitution.

2.     Plaintiffs have failed to state a cause of action upon which relief can be granted.

3.     The state is entitled to official immunity.

4.     The state is entitled to discretionary function immunity.

5.      The state is entitled to qualified immunity.

6.      The state reserves the right to assert additional defense, which may be revealed through discovery.

7.      All other applicable defenses in law and in equity.

WHEREFORE, the state requests the court order that:

1.      The Plaintiff's Complaint be dismissed in its entirety with prejudice;

2.      the state be awarded reasonable attorneys fees and costs;

3.      the court affirm the hearing officer's decision dismissing the ILP [state] from the underlying administrative proceeding.

4.      for such other relief as the court deems appropriate.

Dated this 2nd day of May, at Juneau, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By:     s/Stacie L. Kraly
        Assistant Attorney General
        Office of the Attorney General
        P.O. Box 110300
        Juneau, Alaska 99811
        (907) 465-3600
        (907) 465-2539
        stacie_kraly@law.state.ak.us
        Alaska Bar No. 9406040

CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2006, a copy of foregoing ANSWER was served electronically on the following parties of record:

Sonja Kerr, Esq.
Disability Law Center of Alaska, Inc.
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503

_____
s/Stacie L. Kraly