SONJA D. KERR (AK BAR NO. 0409051)
HOLLY JOHANKNECHT (AK BAR NO. 0511103)
DISABILITY LAW CENTER OF ALASKA
3330 ARCTIC BOULEVARD, SUITE 103
ANCHORAGE, ALASKA 99503
TELEPHONE:  (800) 478-1234/907-565-1002
FAX: 907-565-1000
EMAIL: SKERR@DLCAK.ORG
       HOLLYJ@DLCAK.ORG

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | |
|---|---|
| E.H, by and through his parents, H.H. and T.H., | Case No. 3:06-cv-00033 (TMB) |
| Plaintiffs, | |
| v. | Scheduling and Planning Conference Report |
| Department of Health and Human Services' Infant Learning Program, Erin Kinavey, in her official capacity as Program Manager, Part C Coordinator of The Infant and Learning Program, and Fairbanks North Star Borough School District, | |
| Defendants. | |

1. **Meeting**. In accordance with F.R.Civ. P. 26(f), a telephonic meeting was held on May 31, 2006 and was attended by: Sonja D. Kerr, DLC, Attorney for E.H., and his parents H.H. and T.H.; Stacie Kraly, Assistant Attorney General, Department of Law, Attorney for Department of Health and Social Services ("DHSS"), and Brad Owens, Attorney for Fairbanks North Star Borough School District ("District").

2. **Pre-Discovery Disclosures**. The information required by F.R.Civ.P. 26

(a)(1), will be exchanged by parties E.H. and DHSS by no later than July 7, 2006. E.H. and DHSS will provide a preliminary witness list by July 7, 2006. E.H. takes the position that this case arises under Part C of the Individuals with Disabilities Education Act, and that pursuant to Part C, he is entitled to bring this civil action pursuant to 20 U.S.C. 1439, as well as 20 U.S.C. 1415 to the extent there is overlap. In any action brought under 20 U.S.C. 1439, or 20 U.S.C. 1415, the court is to hear additional evidence. 20 U.S.C. 1439(a)(1); 1415(i)(2)(B).

The District takes the position that this proceeding is essentially an administrative appeal under Ak LR 16.3, no new witnesses or evidence are expected to be offered by the parties, unless the court permits additional evidence under the provisions and criteria of 20 U.S.C. 1415(i)(2)(B), and no pre-discovery disclosures are required.

3. **Contested issues of Fact and Law**. Preliminarily, the parties expect the following issues of fact and/or law to be presented to the court at trial in this matter:

**E.H.:**

1. Whether DHSS failed to have in place and give proper notice to the parents of E.H. of all procedural safeguards pursuant to Part C of the IDEA while E.H. was prior to age 3 and until and including notice of the proper transition process at age 3?

2. Whether DHSS failed to conduct/ensure timely identification and evaluation of E.H. through the "Child Find" process, and provide him appropriate services up to and including age 3 and until his transition to the District at age 3, including the proper transition process?

3. Whether DHSS is liable for financial reimbursement to the parents of E.H. for private services they arranged for E.H., and/or liable for compensatory education to E.H. for services he did not receive prior to his transition at age 3 to the District?

4. Whether the Hearing Officer erred in dismissing DHSS from the administrative hearing below and also in failing to determine whether or not the parents had administratively exhausted?

5. Whether the Hearing Officer erred in failing to order reimbursement or compensatory education to E.H. from the District for failure to conduct Child Find and provide E.H. services from age 3 until December, 2005, exempting four-five months where a different district was responsible?

**DHSS:**

1. Whether the hearing officer was correct in dismissing DHSS from the underlying administrative action?

2. Whether the DHSS's system for resolving complaints ensures due process rights are protected under 34 C.F.R. 303.419-303.425?

3. Whether DHSS is obligated to reimburse E.H. for any moneys expended prior to age 3?

**District**

1. Did the Hearing Officer err in determining that the District did not violate the Individuals with Disabilities Education Act, 20 U.S.C. 1400 et seq., or Alaska law, A.S. 14.30.180 et seq in offering and providing a free appropriate public education for E.H.

4. **Discovery Plan.** The District takes the position that this proceeding is essentially an administrative appeal under Ak LR 16.3 based on the administrative record and discovery is precluded by Ak L.R. 16.3, unless the court permits a party to offer additional evidence under the provisions and criteria of 20 USC 1415(i)(2)(B). DHSS takes the position that some discovery may be permitted. E.H. takes the position that additional evidence may be offered pursuant to the IDEA and thus, discovery is logically necessary to obtain such evidence. To the extent the parties agreed as to the need for any discovery, the parties agreed that all discovery would be completed by September 8, 2006, and that:

   A. Interrogatories would be completed without change from F.R.Civ.P. 33(a)

   B. Requests for admissions would be completed without change from F.R.Civ. P. 36(a).

   C. Depositions would be completed without change from F.R. Civ. P. 36(a), (d).

   D. Reports from retained experts would be due no later than November 1, 2006.

   E. Supplementation of disclosures and discovery responses would be made periodically at 60 day intervals from the entry of the scheduling and planning order.

   F. A final witness list will be due not later than November 1, 2006.

5. **Pre-Trial Motions**. No change from D. Ak. LR 16.1[c].

6. **Other Provisions**.

    G. The parties request a scheduling conference with the court to discuss the availability of discovery as to all parties, and the application of Ak L.R. 16.3.

    H. Alternative Dispute Resolution. If the parties mutually agree that alternative dispute resolution will be beneficial, the parties will file a request for alternative dispute resolution not later than November 1, 2006.

    I. The parties do not consent to trial before a magistrate judge.

    J. Compliance with F.R. Civ. P. 7.1 is not applicable.

7. **Trial.**

The District takes the position that since this proceeding is essentially an administrative appeal under Ak LR 16.3 based on the administrative record, no trial is permitted. The parties agree that any trial would be 45 days after the close of discovery. This matter is expected to take 2-3 days to try. No jury trial demand has been made and the right to a jury trial is unsettled in this area of law.

Dated this 2nd day of June, 2006.

    Respectfully submitted,

        s/ SONJA D. KERR
        SONJA D. KERR (AK BAR NO. 0409051)

        s/ HOLLY JOHANKNECHT
        HOLLY JOHANKNECHT (AK BAR NO. 0511103)
        DISABILITY LAW CENTER OF ALASKA
        3330 ARCTIC BOULEVARD, SUITE 103
        ANCHORAGE, ALASKA 99503
        TELEPHONE:   (800) 478-1234/907-565-1002
        FAX: 907-565-1000
        EMAIL: SKERR@DLCAK.ORG
            HOLLYJ@DLCAK.ORG

Certificate of Service

I hereby certify that on the 2nd day of June 2006, a true and correct copy of this document was served electronically on:

Bradley Owens
Jermain Dunnagan & Owens, PC
3000 A Street, Suite 300
Anchorage, AK 99503

Stacie Kraly
Attorney General's Office
Box 110300
Juneau, AK 99811

　　s/ Sonja D. Kerr
Sonja D. Kerr