Bradley D. Owens, Esq. (bradowens@jdolaw.com)
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK  99503
Telephone:  (907) 563-8844
Facsimile:   (907) 563-7322

Counsel for Defendant
Fairbanks Northstar Borough School District

## UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

E.H., by and through his          )
parents, H.H. and T.H.,           )
                                  )
          Plaintiffs,             )
                                  )
vs.                               )
                                  )
Department of Health and Social Services   )
Infant Learning Program, Erin Kinavey,     )
in her official capacity as Program Manager, )
Part C Coordinator of the Infant Learning  )
Program, and the Fairbanks North Star      )
Borough School District,          )
                                  )
          Defendants.             )          Case No. 3:06-cv-00033 (TMB)
_____ )

## MOTION AND MEMORANDUM IN
## SUPPORT OF PROTECTIVE ORDER

### I.  INTRODUCTION

This action is an appeal of the findings and decisions of the due process Hearing Officer

pursuant to 20 U.S.C. §1415(i)(2) of the Individuals with Disabilities Education Act, as amended

("IDEA").  After several due process hearings in 2005 and 2006, the Hearing Officer issued

Decisions in June and July 2005, and January 2006, which determined that the Fairbanks North

Star Borough School District ("FSD") had provided a free appropriate public education for E.H.

In this appeal, the court is required pursuant to 20 U.S.C. §1415(i)(2)(C) to receive the records of the administrative proceedings and base its decision on the preponderance of the evidence provided within that record.

The scope of review of the claims in this action are prescribed by the provisions of 20 U.S.C. §1415(i)(2)(A) & (B) and the cases that have interpreted and applied these provisions in this Circuit, which have limited the type of "additional evidence" that a party may submit.  It is the position of FSD that plaintiffs are not entitled to engage in discovery, or offer new or additional evidence in this matter <u>other than</u> to properly supplement the record.  On that basis, FSD has objected to initial disclosures or any other discovery.  *See Burks v. Bogalusa City Sch. Bd.*, 31 IDELR 1, 31 LRP 5720 (E.D. La. 1999); *Peter G. v. Chicago Public Sch. Dist. No. 299*, 37 IDELR 215, 102 LRP 22242 (N.D. Ill. 2002); and *Lillibask v. Sergei*, 193 F.Supp.2d 503 (D. Conn. 2002).

Plaintiff has now submitted discovery requests to the defendants[1] in this action.  FSD believes that discovery is not appropriate in this administrative appeal and, therefore, requests the court to enter a protective order precluding plaintiff from taking discovery in this action.

## II.  FACTS

A brief factual background of the case is helpful to understand the issue and the lack of justification for the discovery served in this matter.

### A.    Factual Summary

E.H. is a student with a disability who receives special education and related services under an individualized education program ("IEP") developed for him by an appropriate IEP

---

[1]    The discovery requests, copies of which are submitted herewith as Exhibits D-F, are directed primarily to the defendants other than FSD.

**FSD Motion for Protective Order**                                    Page 2 of 9
*E.H. v. Dept. of Health & Social Services, et al.*
Case No. 3:06-cv-00033 (TMB)

team.  When E.H. first became eligible to receive these services, however, his parents declined the services preferring instead to send him to private school.  Several years later, his parents briefly enrolled E.H. in the FSD but then abruptly removed him from school and placed him in another private program.  The parents demanded that FSD pay for these private programs.

A due process hearing was held initially in April and May, 2005.  However, only FSD participated in this hearing.  Neither the Department of Health and Social Services Infant Learning Program ("ILP") nor Erin Kinavey participated in the hearing.[2]  In June and July 2005, the Hearing Officer issued written decisions, copies of which are attached hereto as Exhibits A & B.  These decisions ruled that FSD had provided a free appropriate public education ("FAPE") for E.H. under the IDEA and denied the relief sought by the parents.  After an IEP was developed for E.H. by his IEP team, the parents disagreed with the IEP and the matter was submitted again to the Hearing Officer.  Another decision was issued in January 2006, again finding that the educational program provided for E.H. under the IEP provided FAPE.  A copy of that decision is attached hereto as Exhibit C.

Plaintiff filed this action under 20 U.S.C. §1415(i)(2) to challenge the decisions of the Hearing Officer, as shown in Exhibits A-C.  As such, this action is an administrative appeal under the IDEA.

### B.    The Initial Disclosures and Discovery Requests.

Under the Scheduling and Planning Order dated June 6, 2006 (Docket 25), the court set the dates for the pre-trial development of the case.  The parties were required to exchange their

---

[2]    Although ILP was involved earlier in the due process hearing, the Hearing Officer granted the motion of the State to dismiss ILP in November 2004.  No appeal of that decision was filed by plaintiff.

**FSD Motion for Protective Order**                              Page 3 of 9
*E.H. v. Dept. of Health & Social Services, et al.*
Case No. 3:06-cv-00033 (TMB)

Initial Disclosures by July 7, 2006.  In its Initial Disclosures, FSD objected to the disclosures because of the administrative appeal nature of this action under the IDEA.  When plaintiff submitted his Initial Disclosures, his disclosure of persons with relevant information under Rule 26(a)(1)(A) simply stated: "The plaintiff s will rely upon the administrative record of the underlying matter."  Similarly, his disclosure of relevant documents, records or other tangible materials required under Rule 26 (a)(1)(B), again simply stated: "The plaintiff will rely upon the administrative record of the underlying matter."  A copy of plaintiff's Initial Disclosures is attached hereto as Exhibit D.[3]

Thereafter, on July 10, 2006, plaintiff submitted to defendants his First Request for Admissions, First Set of Interrogatories, and First Request for Production of Documents (collectively "Discovery Requests").  Upon receipt of these Discovery Requests, FSD contacted plaintiff's counsel to again object to this discovery and to confer in good faith regarding these Discovery Requests in an effort to resolve this dispute without court action.  However, that effort was futile since there is a substantial difference between the parties concerning whether discovery of the type sought here is available in an administrative appeal under the IDEA.  Thus, despite the good faith efforts of the parties, this motion is necessary.

---

[3]    FSD asserts that plaintiff's Initial Disclosures strongly indicate plaintiff's recognition that this action is an administrative appeal.

**FSD Motion for Protective Order**                                           Page 4 of 9
*E.H. v. Dept. of Health & Social Services, et al.*
Case No. 3:06-cv-00033 (TMB)

### III.  ARGUMENT

**The Court's consideration of the justification and need for discovery prior to answering the discovery enables the Court to avoid a trial de novo, which is impermissible under the IDEA.**

In an appeal of an administrative decision under the IDEA, the court's consideration of whether additional discovery is needed and justified comports with the standard of review in IDEA appeals - the requirement that the court determine the quantum of deference to be given the administrative findings.  In addition, consideration of the issue prior to taking discovery allows the court to determine whether proposed discovery is indeed supplemental or whether plaintiff is engaged an inappropriate search for new evidence.  This early determination encourages speedy resolution of such appeals, as well as promotes judicial economy and efficiency.

The IDEA provides that the "court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(A).  The Ninth Circuit has adopted a construction of the word "additional" in the statutory provision to mean supplemental.[4]  *Ojai Unified School Dist. V. Jackson*, 4 F.3d 1467, 1471 (9th Cir. 1993) (quoting *Town of Burlington v. Department of*

---

[4]    As noted by the *Ojai* court, "the reasons for supplementation will vary; they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing.  The starting point for determining what additional evidence should be received, however, is the record of the administrative proceeding.  *Ojai Unified School Dist. V. Jackson*, 4 F.3d 1467, 1471 (9th Cir. 1993) (quoting *Town of Burlington v. Department of Education*, 736 F.2d 773, 790-791 (1st Cir. 1984), *aff'd*, 471 U.S. 359 (1985))

**FSD Motion for Protective Order**                              Page 5 of 9
*E.H. v. Dept. of Health & Social Services, et al.*
Case No. 3:06-cv-00033 (TMB)

*Education*, 736 F.2d 773, 790-791 (1st Cir. 1984), *aff'd*, 471 U.S. 359 (1985)); *see also*, *Walker County Sch. Dist. V. Bennett*, 203 F.3d 1293 (11th Cir. 2003) (adopting same definition).

The court in *Ojai* also agreed with the First Circuit that the determination of what is additional evidence is within the discretion of the trial court "which must be careful not to allow such evidence to change the character of the hearing from one of review to a trial de novo." *Id*. The court went on to quote:

> A practicable approach, we believe, is that an administrative hearing witness is rebuttably presumed to be foreclosed from testifying at trial. [A motion may then be made to allow such a witness to testify within specified limits stating the justification for the testimony]. In ruling on motions for witnesses to testify, a court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources.

*Id*. (quoting *Town of Burlington v. Department of Education*, 736 F.2d at 790-791 (1st Cir. 1984)). Ultimately, the Ninth Circuit adopted this standard for the admission of additional evidence. *See id*.

Although the *Ojai* court, unlike here, was considering the issue of the admission of additional evidence rather than taking discovery – the analysis has equal force in considering whether discovery should be allowed. The plaintiff offers no justification for discovery – there is no allegation that gaps in the administrative transcript exist, no allegation that any potential witness was unavailable, no assertion that the hearing officer improperly excluded evidence at the hearing or that the plaintiff is seeking discovery of matters that occurred subsequent to the hearing. Moreover, the interrogatories include questions that are either not relevant or are not directed at the FSD. Absent any proper justification, this discovery is nothing more than a

**FSD Motion for Protective Order**                                    Page 6 of 9
*E.H. v. Dept. of Health & Social Services, et al.*
Case No. 3:06-cv-00033 (TMB)

fishing expedition that goes far beyond the record and is designed to turn this appeal into a trial de novo.[5]

In fact, trial courts have used this analytical framework to prohibit a party from taking discovery in IDEA appeals. *See Burks v. Bogalusa City Sch. Bd.*, 31 IDELR 1, 31 LRP 5720 (E.D. La. August 17, 1999) (attached as Exhibit E); *Peter G. v. Chicago Public Sch. Dist. No. 299*, 37 IDELR 215, 102 LRP 22242 (N.D. Ill. 2002) (attached as Exhibit F); *Lillibask v. Sergei*, 193 F.Supp.2d 503 (D. Conn. 2002) (attached as Exhibit G).

In *Burks*, the court prohibited plaintiffs from deposing witnesses, concluding that allowing such depositions would be inappropriate and unnecessary." In *Peter G.*, the court ruled that plaintiffs *discovery requests* "exceeded the extent of additional discovery this court allowed for the limited purpose of supplementing the administrative record." In *Lillibask*, the court recounted that, in a prior ruling in that case, it denied a motion to compel discovery on an issue that was not before the court in the case. Tellingly, the court reasoned that the IDEA "seeks to avoid a trial de novo by prohibiting witnesses from repeating or embellishing previously rendered testimony." 193 F.Supp.2d at 507.

The court went on, stating that "to make such evidence admissible would suggest it is discoverable. 'A lenient standard for additional evidence would have the consequence of making the whole IDEA process more time consuming, as parties use the federal court proceeding to patch up holes in their administrative case." *Id.* (quoting *Springer v. Fairfax County Sch. Bd.,*

---

[5]    In addition, many of the plaintiff's requests do not appear reasonably calculated to lead to the discovery of admissible evidence. For example, plaintiff asks in the interrogatories questions about "licensed ABA providers," but that description is not defined and is unrelated to any claim or relief sought here. Similarly, plaintiff requests documents concerning the procedures and funding for early intervention programs and "licensed ABA providers."

**FSD Motion for Protective Order**                                    Page 7 of 9
*E.H. v. Dept. of Health & Social Services, et al.*
Case No. 3:06-cv-00033 (TMB)

134 F.3d 659, 667 (4th Cir. 1998)).  Finally, the court opined that "to permit ongoing and lengthy discovery . . . would increase the litigious nature of proceedings and undermine expediency, contrary to the command to give 'due weight' to the findings of the hearing officer . . . by diluting the evidence before the hearing officer.  *Id.* (citing *Bd. of Education v. Rowley*, 456 U.S. 176 (1982); *O'Toole v. Olathe Dist. Sch. Unified Sch. Dist. No. 223*, 963 F. Supp. 1000, 1015 (D. Kan. 1997)).

The important element in all these cases is that the court undertook consideration the question of whether discovery should be allowed – not simply whether once the discovery responses were served to admit such responses or depositions into evidence.  This analytical approach serves the same purpose as those in determining admissibility – whether gaps in the administrative record exist, whether a witness is unavailable, whether evidence was improperly excluded at the administrative hearing and the like.  This approach reduces litigiousness and encourages judicial economy and expediency. It also serves to prohibit discovery designed to do nothing more than "patch up holes in [plaintiff's] administrative case."  Accordingly, the court should determine whether the proposed discovery in this case is justified and necessary to supplement the administrative record.  The plaintiff must demonstrate such justification and necessity of the evidence as supplemental prior to requiring FSD to answer the discovery.

**FSD Motion for Protective Order**                                        Page 8 of 9
*E.H. v. Dept. of Health & Social Services, et al.*
Case No. 3:06-cv-00033 (TMB)

## IV.  CONCLUSION

For the reasons stated herein, the FSD respectfully requests this court to grant this motion

for a protective order prohibiting the discovery propounded by plaintiff.

DATED in Anchorage Alaska this _____ day of July 2006.

JERMAIN, DUNNAGAN & OWENS, P.C.


_____/s/ Bradley D. Owens_ _____

By:     Bradley D. Owens
        Jermain, Dunnagan & Owens, PC
        3000 A Street, Suite 300
        Anchorage, AK 99503
        907- 563-8844
        907-563-7322 (fax)
        bradowens@jdolaw.com
        Alaska Bar #7610122


**Certificate of Service**

I hereby certify that on July 31, 2006, a copy
of the foregoing FSD Motion and Memorandum
for Protective Order was served electronically on

Meg Allison (mallison@dlcak.org)
Sonja Kerr (skerr@dlcak.org)
Holly Johnaknecht (hollyj@dlcak.org)
Stacie L. Kraly (Stacie_Kraly@law.state.ak.us)


s/ Bradley D. Owens _____


6264.018 - 127256


**FSD Motion for Protective Order**                                        Page 9 of 9
*E.H. v. Dept. of Health & Social Services, et al.*
Case No. 3:06-cv-00033 (TMB)