DAVID W. MÁRQUEZ
ATTORNEY GENERAL

Stacie L. Kraly
Assistant Attorney General
Office of the Attorney General
P.O. Box 110300
Juneau, Alaska 99811
(907) 465-3600
Attorney for State of Alaska
Alaska Bar No. 9406040

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| E.H. by and through, )<br>His parents, H.H. and T.H., )<br>   Plaintiffs, )<br>)<br>vs. )<br>)<br>Department of Health and Social )<br>Services' Infant Learning Program, )<br>Erin Kinavey, in her official capacity )<br>As Program Manager, Part C )<br>Coordinator of the Infant Learning )<br>Program, and Fairbanks North Star )<br>Borough School District, )<br>   Defendants. )<br>) | Case No. 3:06-cv 00033 (TMB) |

**<u>DEPARTMENT OF HEALTH AND SOCIAL SERVICES' INFANT LEARNING PROGRAM, ERIN KINAVEY AS PROGRAM MANAGER, PART C COORDINATOR OF THE INFANT LEARNING PROGRAM'S JOINDER IN FAIRBANKS NORTH START BOROUGH'S MOTION FOR PROTECTIVE ORDER</u>**

The Department of Health and Social Services' Infant Learning Program, Erin Kinavey as Program Manager, Part C Coordinator of the Infant Learning Program (ILP) hereby joins in the Fairbanks Northstar Borough School District's Motion for Protective Order. In addition, to the legal arguments set forth in the Motion for Protective Order the ILP offers the following factual information and legal support to this motion for protective order.

**FACTUAL BACKGROUND**

On October 20, 2004, the Disability Law Center (DLC) joined the ILP through stipulation of the parties in the underlying appeal. ILP filed a Motion to Dismiss, which was granted on the jurisdictional grounds in December 2004.[1] Now, two years later, the plaintiffs have approved the decision dismissing the ILP from the underlying action and a determination that the ILP does not have a due process procedure in place that conforms to the implementing regulations of Part C of the IDEA. In pursuing this matter, the plaintiffs have submitted discovery requests which are at the heart of this motion.

---

[1] Exhibit A

**ARGUMENT**

This case is brought under the IDEA, Part B the claims against Fairbanks and Part C, the claims against the ILP. Although two different programs, the statutes and process that govern these programs are virtually identical, especially when it comes to the issue of "additional evidence."[2] Similar to the provision of 20 U.S.C. §1415 of the IDEA, Part C contains a provision that allows for the submission of additional evidence under 20 U.S.C. §1437. However, unlike the Part B provision, there is no case law interpreting the same provision under Part C. ILP argues that the court's analysis should be the same in this instance and a protective order should be issued.

Secondly, the ILP submits to the court having to respond to discovery at this time would be prejudicial to ILP. This is because the ILP was "joined" in the underlying hearing, and was dismissed on jurisdictional grounds. The attempts to seek additional information or evidence at this time are premature. If the hearing officer was wrong in dismissing the matter, the court should remand to the hearing officer for the

---

[2] See 20 USC 1415(i)(2) and 20 USC 1439 (a)(1). These two provisions allow for the "timely administrative resolution of complaints by parents. Any party aggrieved by the findings and decision regarding an administrative complaint shall have the right to bring a civil action with respect to the complaint in any State court of competent jurisdiction nor in the district court of the United States without regard to the amount in controversy. In any action brought under this paragraph, the court shall receive the records of the administrative proceeding, shall hear additional evidence at the request of the party, and base its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate."

development of the record and then the court could decide the matter on the administrative record and the preponderance of the evidence.

Dated this 28th day of August 2006, at Juneau, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By: s/Stacie L. Kraly
Assistant Attorney General
Office of the Attorney General
P.O. Box 110300
Juneau, Alaska 99811
(907) 465-3600
(907) 465-2539
stacie_kraly@law.state.ak.us
Alaska Bar No. 9406040

CERTIFICATE OF SERVICE

I hereby certify that on August __, 2006, a copy of foregoing was served by U.S. mail on the following parties of record:

Holly Johanknecht, Esq.
Disability Law Center of Alaska, Inc.
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503

_____
s/Stacie L. Kraly