STATE OF ALASKA
DEPARTMENT OF EDUCATION AND EARLY DEVELOPMENT
SPECIAL EDUCATION DUE PROCESS HEARING
BEFORE JONATHON A. KATCHER, HEARING OFFICER

IN THE SPECIAL EDUCATION )
MATTER CONCERNING E.H., )
 )
VS. )
 )
FAIRBANKS NORTHSTAR BOROUGH )
SCHOOL DISTRICT. )
_____ )   DEED CASE NO. HR 05-09b

### ORDER GRANTING I.L.P.'s MOTION TO DISMISS

The Department of Health and Social Services Infant Learning Program (I.L.P.) has moved for an order dismissing it as a party to this Special Education Due Process hearing. I.L.P.'s motion to dismiss is GRANTED. A more detailed written order will follow. The I.L.P. is excused from participating in the pre-hearing conference set for November 11, 2004.

DATED this 10 day of November, 2004, at Anchorage, Alaska.

By _____
Jonathon A. Katcher
Hearing Officer

Law Offices of
**POPE & KATCHER**
421 West First Avenue, Suite 220
Anchorage, Alaska 99501
Tel: (907) 272-8577
Fax: (907) 274-8040

ORDER                                                          PAGE 1

Exhibit ___4___ Page _1_ of ___

Certificate of Service

I hereby certify that on the 10 day of November, 2004, I mailed/FAX'd the foregoing to:

Thomas Wang
Bankston, Gronning et al
601 W. 5th Ave., Ste. 900
Anchorage, AK 99501
FAX 279-5358

Sharon Schumacher
Alaska Dept. of Ed.
 & Early Development
810 W. 10th Street, Suite 200
Juneau, AK 99801-1894
FAX 465-2806

Sonya Kerr
Disability law Center
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
FAX 565-1000

William Schendel
Winfree Law Office
301 Cushman Street, Suite 200
Fairbanks, AK 99701-4629
FAX 451-6510

Stacie L. Kraly
Assistant Attorney General
P.O. Box 110300
Juneau, AK 99811
FAX 486-2539

_____
Jonathon A. Katcher

Law Offices of
POPE & KATCHER
421 West First Avenue, Suite 220
Anchorage, Alaska 99501
Tel: (907) 272-8577
Fax: (907) 274-8040

ORDER                                               PAGE 2

Exhibit  A  Page 2 of ___

STATE OF ALASKA
DEPARTMENT OF EDUCATION AND EARLY DEVELOPMENT
SPECIAL EDUCATION DUE PROCESS HEARING
BEFORE JONATHON A. KATCHER, HEARING OFFICER

IN THE SPECIAL EDUCATION )
MATTER CONCERNING E.H., )
)
VS. )
)
FAIRBANKS NORTH STAR BOROUGH )
SCHOOL DISTRICT. )
_____ )  DEED CASE NO. HR 05-09b

RECEIVED
NOV 19 2004
ATTORNEY GENERALS OFFICE
JUNEAU

**SUPPLEMENTAL ORDER EXPLAINING THE GRANTING OF
I.L.P.'s MOTION TO CONTINUE AND MOTION TO DISMISS**

The Department of Health and Social Services Infant Learning Program (ILP) moved for a continuance and for an order dismissing it as a party to this special education due process hearing. On November 1, 2004, the hearing officer issued an order granting I.L.P.'s motion to continue. On November 10, 2004, the hearing officer issued an order granting I.L.P.'s motion to dismiss. This supplemental order sets forth the hearing officer's reasoning.

FACTS

This is a special education due process hearing pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. 1400 et. seq., corresponding Alaska Statutes 14.30.180 et seq., and federal and state regulations. The student, born January 28, 2000, is almost age five. He lives at home with his parents in Fairbanks, Alaska. He has been diagnosed with autism.

On September 23, 2004 the parents, through their counsel Sonja Kerr of the Disability Law Center, made a written request

Law Offices of
POPE & KATCHER
421 West First Avenue, Suite 220
Anchorage, Alaska 99501
Tel: (907) 272-8577
Fax: (907) 274-8040

ORDER                                              PAGE 1

Exhibit ___A___ Page _3_ of ___

for a special education due process hearing. The parents sent their request to the State of Alaska Department of Education and Early Development (DEED), the Yukon/Koyukok School District (YKSD), and the Fairbanks North Star Borough School District (Fairbanks). DEED determined that the 45 day time limit for the issuance of a decision would expire on November 6, 2004. The matter was originally assigned to another hearing officer whom one of the parties exercised their right to reject. On September 30, 2004 the matter was assigned to this hearing officer.

A telephonic pre-hearing conference was held on October 7, 2004. Issues of potential conflicts of interest were identified and the matter was rescheduled for another pre-hearing conference on October 13, 2004. At the October 13th pre-hearing conference the parties agreed and this hearing officer ordered that the parents could join ILP as a party to these proceedings. The due process hearing was scheduled for November 8, 2004 in Fairbanks. The parties advised the hearing would last at least two and one half days. Various pre-hearing deadlines were agreed to and ordered.

The parents' counsel agreed that she would take responsibility for giving ILP prompt notice that it had been made a party to these proceedings. The parents' counsel did not express any reservations about undertaking this task, nor did she ask for assistance from the hearing officer or the other counsel for purposes of giving notice to ILP. The order scheduling the November 8th due process hearing specifically provided:

ORDER

PAGE 2

Law Offices of
POPE & KATCHER
421 West First Avenue, Suite 220
Anchorage, Alaska 99501
Tel: (907) 272-8577
Fax: (907) 274-8040

Exhibit __A__ Page __4__ of __11__

Law Offices of
POPE & KATCHER
421 West First Avenue, Suite 220
Anchorage, Alaska 99501
Tel: (907) 272-8577
Fax: (907) 274-8040

The parents' counsel will serve DSS/ILP with this order, the parents' September 23, 2004 request for due process, the parties' joint statement of the issues, and the order of October 8, 2004. The parties will confer with the State Attorney General's office regarding how DSS/ILP will participate in these proceedings.

It was the hearing officer's expectation and understanding that the parents' counsel would undertake to give notice to ILP immediately. The hearing officer had this expectation in light of the fact that having ILP participate in a special education due process hearing was very much out of the ordinary, as well as the fact that ILP was going to have only twenty six days between October 13th and November 8th to get up to speed in order to participate in a hearing lasting at least two and one half days in Fairbanks.

It was not until October 20, 2004, seven days after the October 13th pre-hearing conference and order, and just nineteen days before the due process hearing, that the parents' counsel first gave any notice to ILP. This notice was accomplished through one or more telephone calls and a letter to the Attorney General's Office. The parents' counsel explained her delay in giving prompt notice to ILP as follows:

> Counsel herein, Ms. Kerr, was out of her office in another proceeding and out of town entirely until October 19, 2004, and thus the communications to the Department of Law were made the very next business day, October 20, 2004.

Parent's November 11, 2004 response at p.4 n.3.

On October 27, 2004, ILP filed a motion to dismiss. The hearing officer scheduled a telephonic status conference for

ORDER                                                    PAGE 3

October 29, 2004 to discuss procedures to consider and resolve the motion to dismiss. At the October 29th status conference ILP advised that it would also file a motion to continue. ILP filed its motion to continue on October 29, 2004. The parents and Fairbanks filed their responses to the motion to continue and to the motion to dismiss on November 1, 2004. On November 1, 2004 the hearing officer granted ILP's motion to continue.

A telephonic pre-hearing conference was convened on November 5, 2004. ILP requested and was granted permission to file a reply in support of its motion to dismiss, which ILP filed on November 8, 2004. The parents requested and were granted permission to file a response to ILP's reply, which the parents filed on November 9, 2004. On November 10, 2004 the hearing officer granted ILP's motion to dismiss.

### THE MOTION TO CONTINUE

ILP argued that denial of a continuance would cause it prejudice and deprive it of due process. ILP argued that it had not been given proper and timely notice. ILP also argued that its chosen counsel was unavailable to participate in the then scheduled November 8, 2004 hearing.

The parents argued that ILP had proper and timely notice of the parents' intention to join ILP as a party through service of the parents' September 23, 2004 request for due process upon Sharon Schumacher, Special Education Program Manager for DEED. The parents proffer as their Exhibit A a web page reflecting that DEED has assigned to Ms. Schumacher various school districts and

Law Offices of
POPE & KATCHER
421 West First Avenue, Suite 220
Anchorage, Alaska 99501
Tel: (907) 272-8577
Fax: (907) 274-8040

"Infant Learning Program." The parents also point out that their September 23rd request for due process states that the student "did not receive appropriate infant learning services" and that the student's "services were also deficient in the Infant Learning Program which may necessitate joining another party to this case." The parents argue that ILP, as a state agency, is not entitled to due process. The parents also argue that the unavailability of ILP's counsel is not a basis for continuing the hearing.

ILP's claim of prejudice has merit. The parents' delay in providing the notice called for by the October 13th order was unjustified. The delay prevented ILP and its counsel from having an appropriate amount of time to prepare for the November 8th hearing. Going forward with the November 8th hearing over ILP's objection would have been prejudicial to ILP.

Notice to Ms. Schumacher at DEED did not constitute notice to ILP. The legislature established ILP to be operated by the Department of Health and Social Services. AS 47.20.070; AS 47.20.290(3); 7 AAC 23.020. The authorizing statutes and regulations do not mention DEED. That the DEED web page mentions Ms. Schumacher as having the "assignment" of ILP does not render her responsible for ILP, nor does it render her capable of receiving service for or acting on behalf of ILP. ILP did not get proper and timely notice of these proceedings through the copying of materials to Ms. Schumacher.

Contrary to the parents' argument, ILP, like any party to an

ORDER                                                                  PAGE 5

Exhibit __A__ Page __7__ of __11__

Law Offices of
POPE & KATCHER
421 West First Avenue, Suite 220
Anchorage, Alaska 99501
Tel: (907) 272-8577
Fax: (907) 274-8040

administrative or legal proceeding, is entitled to procedural due process, including notice and a meaningful opportunity to be heard. See, Kenai Peninsula Borough v. State, D.C.R.A., 751 P.2d 14, 18-19 (Alaska 1988)(borough is not a "person" entitled to constitutional due process; however borough had right to procedural rights bestowed by statute). The special education statutes and regulations confer procedural due process rights upon the parties to a due process hearing. See, e.g., 34 CFR 300.509(a)(1) and (2)(a party to a hearing has the right to be accompanied and advised by counsel and to present evidence at the hearing); AS 14.30.193(c)(parties have the right to reject hearing officer); 4 AAC 52.550(e)(1) and (3)(parties may be represented by counsel and may call witnesses and introduce exhibits). The delay in affording ILP proper notice of the November 8th hearing interfered with its ability to meaningfully participate and be heard as a party, including its right to be represented by counsel familiar with its circumstances and potential defenses.

The 45 day requirement for the rendering of a decision may be extended for "good cause." 4 AAC 52.550(f). The unnecessary and inappropriate delay in giving ILP notice of these proceedings and the November 8th hearing date, accompanied by the prejudice ILP would have suffered had the hearing gone forward, constituted good cause for the continuing of the hearing and the extension of the 45 day deadline.

Accordingly, ILP's motion to continue is GRANTED.

ORDER                                                           PAGE 6

Exhibit __A__ Page __8__ of __11__

## THE MOTION TO DISMISS

ILP makes several arguments in support of its motion to dismiss. ILP argues that special education in general and special education due process hearings in particular are controlled by Part B of the IDEA federal regulations. 34 CFR 300 et seq. In contrast, ILP is under Part C of the IDEA federal regulations. 34 CFR 303 et seq.

In addition, the Alaska special education statutes, including those related to special education due process hearings, are in Title 14 related to education, with administrative power delegated to DEED. AS 14.30.180 et seq. In contrast, the ILP statutes are in Title 47 related to welfare, with administrative power delegated to Department of Health and Social Services. AS 47.20.060 et seq.

The Alaska special education regulations, including those related to special education due process hearings are in Title 4 of the Alaska Administrative Code related to education and early development. 4 AAC 52.010 et seq. In contrast the Alaska ILP regulations are in Title 7 of the Alaska Administrative Code related to health and human services. 7 AAC 23.010 et seq.

ILP further argues that since its program serves children only up to the age of three and the child is now almost age five, the parents claims are untimely and moot. ILP argues that the parents should have raised their objections through the ILP complaint process.

Finally, ILP argues that the hearing officer does not have

ORDER                                                                PAGE 7

jurisdiction over any dispute related to the ILP program or any of the parents' complaints about services the student received or did not receive through ILP.

The parents argue the importance of early intervention for autistic children and that the student was not properly served by ILP. But this does not address the jurisdiction of the hearing officer over ILP. The parents have presented no authority to support the proposition that ILP is subject to the jurisdiction of this special education due process hearing. The parents argue that ILP is a "shared" responsibility of ILP and the Fairbanks North Star Borough School District. The parents are mistaken. ILP works with the borough, not the borough school district, a separate entity.

The parents argue that they must be able to somehow exhaust their administrative remedies with ILP and they want this hearing officer to declare they have accomplished exhaustion in this case. This again misses the core point; without jurisdiction over ILP this hearing officer is in no position to evaluate or adjudicate the conduct of the parents or ILP for purposes of exhaustion or any other dispute they may have. A declaration of exhaustion would be a meaningless advisory opinion of no legal value to the parties or a reviewing court. Likewise, there is no point in the hearing officer addressing ILP's arguments that the parents' claims are untimely or moot, or that the parents should have pursued their claims through the ILP complaint process. Whether ILP's complaint process is satisfactory, or whether the

ORDER                                                                          PAGE 8

Exhibit __A__ Page __10__ of __11__

parents complied with the requirements of the complaint process for purposes of exhaustion, are simply not within this hearing officer's mandate under AS 14.30.193, 34 CFR 300.507-511, or 4 AAC 52.550.

Accordingly, ILP's motion to dismiss for lack of jurisdiction is GRANTED.

DATED this 16 day of November, 2004, at Anchorage, Alaska.

By _____
Jonathon A. Katcher
Hearing Officer

Certificate of Service

I hereby certify that on the 16 day of November, 2004, I mailed/FAX'd the foregoing to:

Thomas Wang
Bankston, Gronning et al
601 W. 5th Ave., Ste. 900
Anchorage, AK 99501
FAX 279-5358

Sonya Kerr
Disability law Center
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
FAX 565-1000

Stacie L. Kraly
Assistant Attorney General
P.O. Box 110300
Juneau, AK 99811
FAX 486-2539

Sharon Schumacher
Alaska Dept. of Ed.
 & Early Development
810 W. 10th Street, Suite 200
Juneau, AK 99801-1894
FAX 465-2806

William Schendel
Winfree Law Office
301 Cushman Street, Suite 200
Fairbanks, AK 99701-4629
FAX 451-6510

Bradley D. Owens, Esq.
Jermain, Dunnagan & Owens
3000 A Street, Suite 300
Anchorage, AK 99503
FAX 563-7322

_____
Jonathon A. Katcher

Law Offices of
POPE & KATCHER
421 West First Avenue, Suite 220
Anchorage, Alaska 99501
Tel: (907) 272-8577
Fax: (907) 274-8040