Holly Johanknecht
Disability Law Center of Alaska
3330 Arctic Blvd., Suite 103
Anchorage, Alaska 99503
(907) 565-1002
Attorney for Plaintiff
Alaska Bar No. 0511103

## UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| E.H., by and through his parents, H.H. and T.H, ) ) ) Plaintiffs ) ) vs. ) ) Department of Health and Social Services ) Infant Learning Program, Erin Kinavey in ) her official capacity as Program Manager, ) Part C Coordinator of the Infant Learning ) Program, and the Fairbanks North Star ) Borough School District, ) ) Defendant. ) ) | Case No. 3:06-cv-00033 (TMB) |

### OPPOSITION TO MOTION FOR PROTECTIVE ORDER

Comes now the plaintiff, E.H., by and through its attorneys Disability Law Center of Alaska, and opposes the entry of a protective order.

### INTRODUCTION AND PROCEDURAL HISTORY

This lawsuit was filed on February 9, 2006. Docket Entry No. 1. Thereafter, the Court issued an order as to discovery in this matter, which no party opposed. Docket Entry No. 25. On July 10, 2006, Plaintiffs served Initial Request for Interrogatories, First Request for Production of Documents, and First Request for Admissions on Defendant Fairbanks North Star Borough School District ("Defendant District") and Defendant State of Alaska, Department of Health and

Opposition to Entry of Protective Order                                               Page 1 of 13
E.H. v. DHSS, et al.
Case No. 3:06-cv-00033

Social Services. Ex. 1. On July 31, 2006, Defendant District filed a Motion for Protective Order. Docket Entry No. 27. Despite correspondence between counsel, Defendant District never specifically advised as to any specific reasons for objection to discovery, other than an "overall" objection to any discovery. Exhibit D. Defendant DHSS did not respond to the Request for Admissions within the 30 days allotted. On August 28, 2006, Defendant DHSS "joined" in the Defendant District's Motion for Protective Order. Docket Entry No. 32. This is the Plaintiffs' response to the Motion for Protective Order. Based on the facts and argument explained below, the Motion should be denied.

## FACTS

Details of the factual underpinnings of this lawsuit are set forth in the Complaint and Amended Complaint. To summarize, E.H. is a now six-year-old child with autism, whose parents sought certain behavioral services for him. E.H.'s parents filed an administrative hearing request against the Defendant District and moved to join Defendant DHSS before an administrative hearing officer appointed by the Department of Education and Early Development ("DEED"), Independent Hearing Officer Jon Katcher. IHO Katcher denied the request, finding that he lacked jurisdiction over the Defendant DHSS. E.H.'s parents then pursued the claims against the Defendant District, prevailed by stipulation on E.H.'s need for ABA services, and ultimately brought suit in this court on another part of those claims – reimbursement for certain services that the parents had to provide E.H., since Defendant District and Defendant DHSS did not. As part of his claim before this Court, E.H. contends that Defendant DHSS did not provide his parents with notice about his rights to contest the lack of services and a legally appropriate administrative hearing process.

Opposition to Entry of Protective Order                                    Page 2 of 13
E.H. v. DHSS, et al.
Case No. 3:06-cv-00033

**ARGUMENT**

**I.     THE PROTECTIVE ORDER CANNOT APPLY TO THE ADMISSIONS AS TO DEFENDANT DHSS.**

Federal Rule of Civil Procedure 36 states that a request for admissions is admitted unless it is answered or objected to within 30 days. *Jenkins v. MCI Tele. Corp.*, 973 F. Supp. 1133, 1136 (C.D. Cal. 1997). Defendant DHSS did not respond to the admissions within 30 days. On July 10, 2006, DLC submitted interrogatories, requests for admissions, and requests for production of documents to counsel for Defendant District and Defendant DHSS. Exhibits A, B, and C. Defendant DHSS did not respond to these discovery requests until their Joinder in the Motion for Protective Order filed August 28, 2006. The stated surpassed the 30-day deadline before it joined in Defendant District's Motion for Protective Order, therefore all requests for admissions[1] are deemed admitted. The belated Joinder request cannot be used to avoid Rule 36.

**II.     THE PROTECTIVE ORDER CANNOT BE USED TO ELIMINATE ALL DISCOVERY BEING SOUGHT FROM DEFENDANT DHSS; THE COURT CAN AND SHOULD ACCEPT ADDITIONAL EVIDENCE AND DISCOVERY IS NECESSARY TO OBTAIN THAT EVIDENCE.**

In its Joinder to Defendant District's Motion for Protective Order, Defendant DHSS claims that the provisions of 20 U.S.C. § 1437 (IDEA Part C) should be applied in a manner identical to that of 20 U.S.C. § 1415(IDEA Part B) and given that application, the protective order should be granted. This argument is flawed for several reasons.

First, the provision cited by Defendant DHSS, 20 U.S.C. § 1437, refers to the requirements for state application and assurances, and makes no references to discovery. The appropriate section dealing with discovery issues is 20 U.S.C. § 1438(a)(1). Even if the court determines that

---

[1] Exhibit C
Opposition to Entry of Protective Order                                              Page 3 of 13
E.H. v. DHSS, et al.
Case No. 3:06-cv-00033

the provision in Part C should be applied consistent with the provision in Part B, Defendant DHSS's claim that a protective order should be granted is still incorrect.

Case law under Part B permits additional evidence, and discovery to obtain that evidence. *Susan N. v. Wilson Sch. Dist.*, 70 F. 3d 751 (3rd. Cir. 1995); *Wachlarowicz v. School Board of Independent School District No. 832*, 40 IDELR 233, 104 LRP 6718 (D. Minn. 2004); *Town of Burlington v. Department of Education*, 736 F. 2d 773, 770-791 (1st Cir. 1984), aff'd, 471 U.S. 359 (1985). There is no dispute that Defendant DHSS was dismissed from the administrative hearing at its request. E.H. had no opportunity to litigate this matter, and to question witnesses or obtain documents at the administrative record. Therefore the administrative record, in regards to the state's involvement is incomplete and must be supplemented by some limited discovery in order to allow E.H. fair opportunity to litigate this case.

20 U.S.C. § 1438(a)(1) states that, "the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." Because IHO Katcher, at the request of Defendant DHSS, did not require Defendant DHSS to appear before that agency, E.H. must have his "day in court" against Defendant DHSS now in this Court. Thus, the minimal requests for additional evidence should be allowed to supplement the record.

Finally, Defendant DHSS has completely failed to make any argument as to why a protective order may be required. Federal Rule of Civil Procedure 26(c) states that a protective order should be granted,

> for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from *annoyance,*

Opposition to Entry of Protective Order                                                                 Page 4 of 13
E.H. v. DHSS, et al.
Case No. 3:06-cv-00033

> *embarrassment, oppression, or undue burden or expense. Emphasis added.*

Defendant DHSS has made no argument that the discovery requests are annoying, embarrassing, oppressive, or unduly burdensome or expensive, therefore a protective order is not appropriate.

Because additional evidence from Defendant DHSS is required to supplement the administrative record, and Defendant DHSS has made no argument that the protective order is required to protect them from annoyance, embarrassment, oppression, or undue burden or expense, the court should deny Defendant DHSS's joinder in the motion for protective order.

### III. DISCOVERY IS NOT PREMATURE.

Defendant DHSS was dismissed from the administrative hearing on jurisdictional grounds. Defendant DHSS argues that discovery is premature, and that if the court determines that the dismissal was wrong, the court should remand to the hearing officer for the development of the record.

Remand is inappropriate at this juncture, and precisely because of the admissions now conceded by Defendant DHSS. Defendant DHSS has now admitted that: 1. There has never been a due process hearing held for early intervention services for children aged three and under, 2. There are no hearing officers selected and/or assigned t preside over due process hearings for early intervention services, 3. There is no funding available to pay for due process hearings for early intervention services, 4. Defendants never informed plaintiff about their ability to request a due process hearing for early intervention services, and 5. The State of Alaska cannot be a party in an administrative due process hearing, so a hearing of that nature would be futile.

As there was no hearing officer and no hearing process at the time, to return E.H. to the hearing process at this juncture is inconsistent with judicial economy. DLC is not seeking exhaustive discovery, and, in fact, responses to the interrogatories and requests for production

Opposition to Entry of Protective Order                                             Page 5 of 13
E.H. v. DHSS, et al.
Case No. 3:06-cv-00033

may well resolve most of the factual disputes between the parties leaving the case ripe for judicial determinations on legal issues.

DLC is appealing the decision of the IHO dismissing Defendant DHSS, but this case is also a new action against Defendant DHSS for its failure to provide a due process procedure that conforms to the regulations implementing the requirements of Part C of the IDEA. If, in fact, the discovery shows that there is still no due process procedure that conforms to the requirements of Part C, then it would be futile to remand the matter to a "void".

### IV.   DEFENDANT DHSS HAS WAIVED ANY OBJECTION TO DISCOVERY.

The parties participated in Rule 26 Scheduling and Planning Conference and filed a report with the court on June 2, 2006. In that report, Defendant District indicated objections to any discovery. However, Defendant DHSS made no such objections. In fact, DLC was not made aware of the fact that Defendant DHSS did not intend to further participate in discovery until they filed their Joinder on August 28, 2006, well past the 30-day deadline for a response or objection to the discovery requests. In addition to their failure to timely object, Defendant DHSS participated in the initial discovery process inasmuch as Defendant DHSS provided both DLC and Defendant District with preliminary disclosures. Given Defendant DHSS' failure to timely object to discovery, and their initial participation in the discovery process, any objection to continued participation in discovery is hollow.

### V.   DISCOVERY IS NECESSARY FROM BOTH DEFENDANTS IN ORDER TO BE ABLE TO OFFER ADDITIONAL EVIDENCE AS PERMITTED BY LAW.

DLC initiated discovery in this matter because the administrative record is not complete or adequate to allow the judge to make a reasoned decision. The key reason for the incomplete nature of the record is the unwarranted dismissal of Defendant DHSS from the administrative

Opposition to Entry of Protective Order                                                              Page 6 of 13
E.H. v. DHSS, et al.
Case No. 3:06-cv-00033

process and DLC's need to discover specific duties and relationships and responsibilities of Defendant DHSS versus Defendant District. At this juncture, the Court is not determining whether to admit evidence, but only whether plaintiffs have the right to seek various information which will form the basis of a motion to accept additional evidence at a later date as permitted by statute. Specifically, Part C states at 20 U.S.C. §1438(a)(1):

> In any action brought under this paragraph, the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

And

> Part B at 20 U.S.C. 1415(i)(2)(b) states:
>
> In any action brought under this paragraph, the court – (i) shall receive the records of the administrative proceedings, (ii) shall hear additional evidence at the request of a party; and, (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

The seminal case on the ability to pursue discovery for the purposes of additional evidence arises out of the Third Circuit, *Susan N.* 70 F. 3d 751 (3rd. Cir. 1995) Assuming the same standard would apply in this case, discovery is permissible. In that case, the Court recognized the obvious – in order to offer additional evidence, plaintiffs have to somehow acquire it. Thus, discovery is necessary to do so. Notably, the Ninth Circuit has construed the word "additional" to mean supplemental, and has permitted additional evidence as explained in *Ojai Unified School*

Opposition to Entry of Protective Order                                     Page 7 of 13
E.H. v. DHSS, et al.
Case No. 3:06-cv-00033

*District v. Jackson*, 4 F.3d 1467, 1471 (9th Cir. 1993). The court in *Ojai*, listed as a potential justification for supplemental evidence, "gaps in the administrative record". *Id.* In this case, there can be no greater gap than the complete absence of one potential defendant from the administrative hearing. Moreover, there are significant gaps in the administrative record relating to the role of the Defendant DHSS and the relationship between Defendant DHSS and its responsibilities versus those of the Defendant District as to E.H.'s program of services during a particular period of time as well as the failure to offer the administrative hearing process as addressed above.

The type of evidence sought by DLC's discovery is neither repeated nor embellished previously rendered testimony, rather it is evidence that is not included in the administrative record, and its absence leaves substantial gaps that must be filled by additional or supplemental evidence. The court in *Ojai*, also listed types of evidence that would not be supplemental, including administrative hearing witnesses repeating or embellishing testimony. *Id*. This indicates that additional or supplemental evidence cannot be evidence already presented at the administrative hearing, but rather must be new evidence that was not previously available or included in the administrative record. *Lillibask v. Sergei*, states, "the statute seeks to avoid a trial *de novo* by prohibiting witnesses from repeating or embellishing previously rendered testimony." 193 F. Supp. 2d 503 (D. Conn. 2002).

**VA.    DISCOVERY SOUGHT FROM DEFENDANT DHSS.**

Plaintiff's are asking Defendant DHSS to answer[2]:

Request for Production of Document No. 1: Produce any and all notices of procedural safeguards ever issued for children aged three (3) and under for the past 10 years.

---

[2] Exhibits A, and B.

Opposition to Entry of Protective Order                                   Page 8 of 13
E.H. v. DHSS, et al.
Case No. 3:06-cv-00033

Request for Production of Document No 2: Produce any and all documentation regarding funding sources for services for children aged birth to three years.

Request for Production of Document No. 3: Any and all documentation related to whether the early intervention program has ever paid for an ABA program.

Request for Production of Document No. 4: Any and all documentation related to all licensed ABA providers in Alaska licensed since 200, including curriculun vitae for each one.

Request for Production of Document No. 5: Any and all documentation related to any state or agency agreement or contract between DHSS and DEED and/or any other agency regarding Part C Services.

Interrogatory No.1: Please describe and list all currently licensed ABA providers in Alaska, and state what dates each provider was available to provide the services.

Interrogatory No. 2: Please describe and list all ABA providers licensed in Alaska in 2003, 2004, and 2005.

Interrogatory No. 3: Please state whether the early intervention program has ever paid for an ABA program and indicate which of those programs were delivered by ABA providers licensed in Alaska.

Interrogatory No. 4: Is it typically the case that meetings to discuss a three-year-old transitioning from the Infant Family Service Plan are held without the parents being present?

Interrogatory No. 5: Please state the number of children aged three and under served by Part C since 2003.

Interrogatory No. 6: Please state the number of children with autism aged three and under served by Part C since 2003.

Opposition to Entry of Protective Order                              Page 9 of 13
E.H. v. DHSS, et al.
Case No. 3:06-cv-00033

Interrogatory No. 7: Please describe in detail all of the steps and procedures of the complaint process that can be used by parents under Part C.

Interrogatory No. 8: Please describe in detail any state or agency agreement or contract between DHSS and DEED and/or any other Part C service provider.

Interrogatory No. 9: Please describe in detail any programs for children with autism located in the state of Alaska that provide ABA services for children aged three and under and indicate which of those programs were delivered by ABA providers licensed in Alaska.

## VB. DISCOVERY SOUGHT FROM DEFENDANT DISTRICT IS VERY LIMITED.

The school district argues that DLC's discovery contains questions that are not directed at Defendant District. While it is true that the majority of the discovery is directed at Defendant DHSS, there are a few distinct portions directed at Defendant District, especially concerning the inter-relation between the school district and the state program. Specifically, Plaintiffs are asking Defendant District to answer[3]:

Request for Admission No. 4: Defendants never informed plaintiff about their ability to request a due process hearing for early intervention services.

Interrogatory No. 4: Is it typically the case that meetings to discuss a three-year-old transitioning from the Infant Family Services Plan are held without the parents being present?

Interrogatory No. 8: Please describe in detail any state or agency agreement or contract between DHSS and DEED and/or any other Part C service provider.

Request for Production of Documents No.5: Any and all documentation related to any state or agency agreement or contract between DHSS and DEED and/or any other agency regarding Part C services.

---

[3] See Exhibits A, B, and C.

Opposition to Entry of Protective Order                                       Page 10 of 13
E.H. v. DHSS, et al.
Case No. 3:06-cv-00033

Defendant District's responses to these queries are not available in the administrative record. Defendant District's counsel was asked to identify any portions of discovery to which Defendant District objected, and he refused suggesting an overall "blanket" refusal. Exhibit F. Defendant District has failed to even argue, let alone prove, that this extremely limited discovery would be annoying, embarrassing, oppressive, or unduly burdensome or expensive, in fact their responses to discovery are very limited in nature as the discovery sought is not extensive.

Because the discovery requests are intended to fill in gaps in the administrative record, as permitted by IDEA part B, and the discovery is not oppressive, unduly burdensome or expensive, Defendant District is not entitled to a protective order allowing them to escape participation in discovery.

## CONCLUSION

Defendant DHSS's objections to discovery and request for a protective order fail. Defendant DHSS provided the court no case law or other support for their proposition that the civil action provisions of Part C should be applied in the same manner as those found in Part B. Even if the court finds that the provisions should be applied consistently, the type of discovery sought by DLC fall into the cagegory of evidence that properly supplements the record and therefore should be discoverable. Defendant DHSS's assertion that DLC's request for discovery is premature also fails given that DLC's action against Defendant DHSS is both an appeal from a decision in an administrative hearing and a new action. DLC also asserts that any remand to an administrative hearing would be futile as it is likely that the IHO would again dismiss Defendant DHSS on jurisdictional grounds. Defendant DHSS's request for a protective order should also be denied given Defendant DHSS's failure to timely object to discovery, and their initial participation in the discovery process. Finally, Defendant DHSS did not cite any other

Opposition to Entry of Protective Order                                      Page 11 of 13
E.H. v. DHSS, et al.
Case No. 3:06-cv-00033

justification for a protective order, such as an unduly burdensome or expensive request. Given the above reasons, Defendant DHSS's request for a protective order should be denied.

In addition, due to Defendant DHSS's failure to timely respond or object to discovery, all requests for admissions from DLC are deemed admitted.

DLC submitted its discovery requests in an attempt to obtain evidence that would supplement an incomplete administrative hearing record. Defendant District's objections to discovery and request for a protective order fail because the evidence and information sought by DLC fit within the definition of additional evidence, and are not unduly burdensome to Defendant District and so are properly discoverable. Defendant District's request for a protective order should be denied.

Dated in Anchorage, Alaska, this 1st day of September, 2006

      /s Holly J. Johanknecht
Holly J. Johanknecht AK Bar No. 0511103
Sonja D. Kerr AK Bar No. 0409051
Disability Law Center of Alaska
3330 Arctic Boulevard, Suite 103
Anchorage, Alaska 99503
Telephone: 907-565-1002
Fax: 907-565-1000
Email: hollyj@dlcak.org
      skerr@dlcak.org

Certificate of Service

I hereby certify that on the 1stday of September, 2006, a copy of this document was served electronically on:

Stacie Kraly
Stacie_kraly@law.state.ak.us

Bradley Owens
bradowens@jdolaw

   /s Holly J. Johanknecht

Opposition to Entry of Protective Order            Page 12 of 13
E.H. v. DHSS, et al.
Case No. 3:06-cv-00033

Holly J. Johanknecht

Opposition to Entry of Protective Order	Page 13 of 13
E.H. v. DHSS, et al.
Case No. 3:06-cv-00033