## UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| E.H., by and through his parents, H.H. and T.H, <br><br> Plaintiffs <br><br> vs. <br><br> Department of Health and Social Services Infant Learning Program, Erin Kinaey in her official capacity as Program Manager, Part C Coordinator of the Infant Learning Program, and the Fairbanks North Star Borough School District, <br><br> Defendant. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> Case No. 3:06-cv-00033 (TMB) |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Pursuant to FRCP 36(a), Plaintiffs, by counsel, request Defendants within thirty (30) days after service of this request make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at trial, specifically, whether each of the following statements is true. Plaintiffs further request the Defendants supplement any responses as required by Rule 26(e).

The terms used throughout these admissions are defined as follows for the purpose of clarity and avoiding unnecessary repetition.

## DEFINITIONS

A. The term **"you"** and **"your"**: The person or entity(ies) to whom the admission is addressed; its officers, directors, agents and employees, parent, subsidiary, division,

E.H. v. DHSS et al.  
First Request for Admissions

Page 1 of 6  
Exhibit C

affiliate, or any merged, consolidated, or acquired predecessor or successor; or any person acting on your behalf.

B. The term **"documents":** The term "document" or "documents" shall include, without limitation, originals, masters, duplications, summaries, and every copy of writings, including handwritings, and printed, or typed or other graphic or photographic matter including film or microfilm of any kind or nature, videotape, recordings (tape, disc or other) of oral communication and other data compilations from which information can be obtained, in the possession, custody or control of Defendants, or any present or former officers, employees or agents thereof, or known by Defendants to exist.

C. The term **"person"** shall mean any individual, partnership, firm, corporation, association, joint venture, governmental agency, or any other business or legal entity.

D. The term **"and/or"** means "and" and in the alternative "or" and shall be construed to require the broadest possible response to each admission.

E. The terms **"identify", "identify", "identification", "describe" or "description:**

   (1) When used in reference to an individual, shall mean to state their full name, present or last known residence address, business or official affiliation, business address, and phone number

   (2) When used in reference to a corporation shall mean to state its full name, officers, directors, shareholders its state of incorporation, and its principal place of business.

   (3) When used in reference to a partnership, shall mean to state its full name, the identity (as defined) of each partner, and its principal place of business.

   (4) When used in reference to a person other than an individual, corporation or partnership, shall mean to state their official name, their organizational form, if any, and their address.

      (5) When used in reference to a communication, shall mean to state (a) whether such communication is oral or in writing; (b) if in writing, its date, author, addressee, custodian, title, present location and subject matter; (c) if oral, the date, persons participating, and the subject matter thereof. In lieu of identifying any written communication, copies thereof may be furnished to Plaintiffs.

F. The term **"communicate" or communications":** Every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, e-mail, personal delivery, or otherwise.

G. The term **"oral communication"** shall mean any utterance heard by any person, whether in person, by telephone, computer mail, facsimile transmission, or otherwise.

H. The term **"thing"** means any physical object other than a document.

I. The term **"policies"** or **"procedures"** shall refer to any rule, directive, practice, or course of conduct, whether formal or informal, written or unwritten, recorded or unrecorded, which was in existence or is recognized by Defendant.

J. The term **"meeting"** shall refer to any assembly, convocation, or encounter, or contemporaneous presence of two or more persons, whether or not planned, arranged or scheduled in advance.

K. The term **"or"** shall be construed either conjunctively or disjunctively to bring within the scope of these admissions and requests any information which might be construed to be outside their scope.

L. The singular includes the plural and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

M.  The term **"Defendant"**, unless otherwise indicated, refers to the Department of health and Social Services Infant Learning Program, Erin Kinavey, in her official capacity as Program Manager, Part C Coordinator of the Infant Learning Program, and the Fairbanks North Star Borough School District.

N.  The term "**DEED**", unless otherwise indicated, refers to the Alaska Department of Education and Early Development and employees thereof.

O.  The term "**IDEA",** unless otherwise indicated, refers to the Individuals with Disabilities Education Act of 1997, the regulations promulgated based on that act and found at 34 C.F.R. Part 300, and the Individuals with Disabilities Education Improvement Act of 2004. The term includes case law.

P.  The term "**IDEA Part C",** unless otherwise indicated, refers to the Individuals with Disabilities Education Act of 1997, The Program for Infants and Toddlers with Disabilities.

Q.  The term "**ABA**", unless otherwise indicated, refers to Applied Behavior Analysis

R.  The term "**DHSS**", unless otherwise indicated, refers to the Alaska Department of health and Social Services.

S.  The term "**school year**", unless otherwise indicated, means the academic school year stated and the summer following same.

T.  The term **"JDO**" mean Jermaine, Dunnagan and Owens.

U.  The term "**DLC**" means the Disability Law Center of Alaska.

## ADMISSIONS

State whether the following statements are true. If the statements are not true, respond as required by FRCP 36.

1.   There has never been a due process hearing held for early intervention services for children aged three and under.

2.   There are no hearing officers selected and/or assigned to preside over due process hearings for early intervention services.

3.   There is no funding available to pay for due process hearings for early intervention services.

4.   Defendants never informed plaintiff about their ability to request a due process hearing for early intervention services.

5.   The State of Alaska cannot be a party in an administrative due process hearing, so a hearing of that nature would be futile.

Dated this 10th day of July, 2006.

                                                    s/Holly Johanknecht
Holly J. Johanknecht
Disability Law Center of Alaska
3330 Arctic Boulevard, Suite 103
Anchorage, Alaska 99503
Telephone: 907-565-1002
Fax: 907-565-1000
Email: hollyj#@dlcak.org
Alaska Bar No. 0511103

Certificate of Service
I hereby certify that on the 10th day
of July 2006, a true and correct
copy of this document was served by
email on:

Bradley D. Owens (bradowens@jdolaw.com)
3000 A Street, Suite 300
Anchorage, AK 99503

Stacie Kraly (Stacie_kraly@law.state.ak.us)
Office of the Attorney General
P.O Box 110300
Juneau, AK 99811

E.H. v. DHSS et al.                                                                                   Page 5 of 6
First Request for Admissions                                                                          Exhibit C

   __s/Holly Johanknecht___
   Holly Johanknecht