Bradley D. Owens, Esq. (bradowens@jdolaw.com)
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK  99503
Telephone:  (907) 563-8844
Facsimile:   (907) 563-7322

Counsel for Defendant
Fairbanks Northstar Borough School District

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| E.H., by and through his parents, H.H. and T.H., <br><br> Plaintiffs, <br><br> vs. <br><br> Department of Health and Social Services Infant Learning Program, Erin Kinavey, in her official capacity as Program Manager, Part C Coordinator of the Infant Learning Program, and the Fairbanks North Star Borough School District, <br><br> Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> Case No. 3:06-cv-00033 (TMB) |

**REPLY TO OPPOSITION TO
MOTION FOR PROTECTIVE ORDER**

**I. INTRODUCTION**

This action is an appeal of the findings and decisions of the due process Hearing Officer pursuant to 20 U.S.C. §1415(i)(2) of the Individuals with Disabilities Education Act, as amended ("IDEA").  In this appeal, the court is required pursuant to 20 U.S.C. §1415(i)(2)(C) to receive the records of the administrative proceedings and base its decision on the preponderance of the evidence provided within that record.  The scope of review of the claims in this action is

prescribed by the provisions of 20 U.S.C. §1415(i)(2)(A) & (B).  Based on the cases that have interpreted and applied these provisions in this Circuit, the type of "additional evidence" that a party may submit is significantly limited.

Plaintiff submitted discovery requests to both defendants[1] in this action.  The Fairbanks North Star Borough School District ("FSD") believes that discovery is not appropriate in this administrative appeal under the IDEA and filed a Motion requesting an order precluding plaintiff from taking discovery in this action.  In its Initial Disclosures, FSD objected to the disclosures because of the administrative appeal nature of this action under the IDEA.  *See* Exhibit H; *see also Burks v. Bogalusa City Sch. Bd.*, 31 IDELR 1, 31 LRP 5720 (E.D. La. 1999); *Peter G. v. Chicago Public Sch. Dist. No. 299*, 37 IDELR 215, 102 LRP 22242 (N.D. Ill. 2002); and *Lillibask v. Sergei*, 193 F.Supp.2d 503 (D. Conn. 2002).  FSD asserts that plaintiffs are not entitled to engage in discovery, or offer new or additional evidence in this matter <u>other than</u> to properly supplement the record.  Plaintiff has filed his opposition to this Motion.

## II.  FACTS

E.H. is a student with a disability who receives special education and related services under an individualized education program ("IEP") developed for him by an appropriate IEP team.  When E.H. first became eligible to receive these services, however, his parents declined the services preferring instead to send him to private school.  Several years later, his parents briefly enrolled E.H. in the FSD but then abruptly removed him from school and placed him in another private program.  The parents demanded that FSD pay for these private programs.

---

[1]   The discovery requests were submitted previously as Exhibits D-F.

**FSD Reply re Motion for Protective Order**                              Page 2 of 10
*E.H. v. Dept. of Health & Social Services, et al.*
Case No. 3:06-cv-00033 (TMB)

A due process hearing was held initially in April and May, 2005. However, only FSD participated in this hearing. Neither the Department of Health and Social Services Infant Learning Program ("ILP" or "DHSS") nor Erin Kinavey participated in the hearing.[2] In June and July 2005, the Hearing Officer issued written decisions, copies of which were previously submitted as Exhibits A & B. These decisions ruled that FSD had provided a free appropriate public education ("FAPE") for E.H. under the IDEA and denied the relief sought by the parents.

After an IEP was developed for E.H. by his IEP team, the parents disagreed with the IEP and the matter was submitted again to the Hearing Officer. Another decision was issued in January 2006, with the Hearing Officer again finding that the FSD educational program for E.H. under his IEP provided FAPE.[3] A copy of that decision was previously submitted as Exhibit C.

**The Initial Disclosures and Discovery Requests.**

Plaintiff's Initial Disclosures disclose "persons with relevant information" simply by: "The plaintiff's will rely upon the administrative record of the underlying matter." Similarly, his disclosure of relevant documents, records or other tangible materials is similarly described by: "The plaintiff will rely upon the administrative record of the underlying matter." A copy of plaintiff's Initial Disclosures was previously submitted as Exhibit D. Plaintiff has not disputed in his opposition his reliance on the administrative record as the sole source for *persons, documents, records and other tangible materials* that may be relevant to the claims in this action.

---

[2] Although ILP was involved earlier in the due process hearing, the Hearing Officer granted the motion of the State to dismiss ILP in November 2004. **Plaintiff did not appeal that decision.**

[3] The assertion by plaintiff at page 2 that he "prevailed by stipulation" in this decision is unnecessary to this motion—moreover, it is factually inaccurate.

**FSD Reply re Motion for Protective Order**                                    Page 3 of 10
*E.H. v. Dept. of Health & Social Services, et al.*
Case No. 3:06-cv-00033 (TMB)

Thereafter, on July 10, 2006, plaintiff submitted to both defendants his First Request for Admissions, First Set of Interrogatories, and First Request for Production of Documents (collectively "Discovery Requests"). Upon receipt of these Discovery Requests, FSD contacted plaintiff's counsel to again object to this discovery and to confer in good faith to resolve this dispute without need for court action. A copy of the email correspondence between counsel is attached hereto as Exhibit I. Plaintiff asserts in his opposition at page 2 that FSD never gave any "specific" reasons for objecting to discovery but simply offered an "overall" objection to any discovery. FSD offered specific reasons and citations in its Initial Disclosures why it did not believe discovery in this IDEA appeal is appropriate. There is no requirement or necessity for FSD to provide more specific reasons under these circumstances.

### III.    ARGUMENT

**Plaintiff has not identified any proper justification or necessity for the discovery propounded here.**

Plaintiff simply makes the conclusory assertion that discovery is necessary to enable him to offer additional evidence in this matter. Of course, that assertion simply begs the question. Moreover, it fails entirely to provide any adequate justification for the discovery. All that plaintiff offers is that the record is incomplete due to the "unwarranted dismissal of DHSS" from the administrative proceeding. First, the premise that the dismissal of DHSS was "unwarranted" is a false premise—since plaintiff failed to appeal that dismissal, he cannot claim with any justification that it was unwarranted. Second, plaintiff's claim that discovery is necessary to "discover the specific duties and relationships and responsibilities of Defendant DHSS versus Defendant District" simply ignores both the failure to appeal the dismissal over two years ago, as well as the opportunity plaintiff had during the administrative hearing—but failed to pursue—to

**FSD Reply re Motion for Protective Order**                                                         Page 4 of 10
*E.H. v. Dept. of Health & Social Services, et al.*
Case No. 3:06-cv-00033 (TMB)

question FSD witnesses about the "duties and relationships and responsibilities" of FSD as compared to DHSS.

For example, plaintiff identifies at page 10 only four discovery requests sought from FSD that he says are directed to disclose the "inter-relation" between FSD and DHSS. However, each of these requests could have—perhaps should have—been investigated during the testimony in the administrative hearing. <u>Request for Admission No. 4</u> requests FSD to admit that it[4] never informed plaintiff about the ability to request a due process hearing for early intervention services. However, during the administrative hearing, several FSD employees testified who could have been asked this question and others to explore this topic.[5] Plaintiff either neglected or decided he would not question these employees about this topic. A district court has the discretion to deny a request for additional evidence which was not before the due process hearing officer if such evidence *could have been available* at the time of the hearing.[6] Whether for tactical reasons or due to oversight, plaintiff failed to utilize this opportunity to gather that information which was readily available more than a year ago during the administrative hearing.

The same is true for <u>Interrogatory No. 4</u>, which asks if it is typically the case that meetings to discuss a three-year old transitioning from the Infant Family Services Plan are held without the parents being present. Only plaintiff or his counsel knows why they failed to ask questions on this topic of these FSD witnesses at the hearing. As for <u>Interrogatory No. 8</u>, which asks FSD to describe in detail any state or agency agreement or contract between DHSS and

---

[4] The request is actually directed to "Defendants" rather than only FSD.
[5] These individuals include Janice Cleworth, the FSD Program Coordinator for Special Education, whose job was to oversee preschool programs. There was also Jean James, a Special Education Preschool Teacher, and Eve Lambert, the Director of Special Education for FSD.
[6] *DeLullo v. Jefferson County Bd. of Educ.*, 194 F.3d 1304, (4th Cir 1999); *see also*, *Susan N. v. Wilson Sch. Dist.*, 70 F.3d 751, 759-60 (3d Cir. 1995).

**FSD Reply re Motion for Protective Order**                                    Page 5 of 10
*E.H. v. Dept. of Health & Social Services, et al.*
Case No. 3:06-cv-00033 (TMB)

DEED and/or any other Part C service provider, that request does not pertain to FSD in any event.  Similarly, Request for Production of Documents No. 5 expressly pertains to DHSS, DEED and/or any other Part C service provider—not to FSD.

Clearly, plaintiff had a full and fair opportunity to inquire about this information or materials from FSD witnesses at the administrative hearing, but failed or chose not to do so. That failure or choice may not be used to create "gaps in the administrative record," or to fabricate justification to permit discovery of this information now.

> **The failure to provide justification and need for discovery enables this Court to avoid a trial de novo, which is impermissible under the IDEA.**

In this appeal of an administrative decision under the IDEA, consideration of whether additional discovery is needed and justified comports with the standard of review in IDEA appeals.  In addition, determining this question prior to taking discovery allows the court to determine whether the discovery is indeed supplemental or whether plaintiff is engaged in an inappropriate search for new evidence.  Plaintiff describes at page 8 the evidence he seeks through discovery as information "relating to the role of the Defendant DHSS and the relationship between Defendant DHSS and its responsibilities versus those of the Defendant District as to E.H.'s program of services during a particular period of time as well as the failure to offer administrative process as addressed above."  This clearly constitutes a search for new evidence—not merely evidence to fill "gaps in the administrative record."

Discovery of new evidence is contrary to what the law permits in appeals under the IDEA.  The Ninth Circuit adopted a construction of the word "additional" to mean

**FSD Reply re Motion for Protective Order**                                      Page 6 of 10
*E.H. v. Dept. of Health & Social Services, et al.*
Case No. 3:06-cv-00033 (TMB)

supplemental.[7]  *Ojai Unified School Dist. v. Jackson*, 4 F.3d 1467, 1471 (9th Cir. 1993) (quoting *Town of Burlington v. Department of Education*, 736 F.2d 773, 790-791 (1st Cir. 1984), *aff'd*, 471 U.S. 359 (1985)); *see also*, *Walker County Sch. Dist. v. Bennett*, 203 F.3d 1293 (11th Cir. 2003) (adopting same definition).

The determination of what is "additional" evidence is within the discretion of the trial court "which must be careful not to allow such evidence to change the character of the hearing from one of review to a trial de novo."  *Id*.  The court stated:

> A practicable approach, we believe, is that an administrative hearing witness is rebuttably presumed to be foreclosed from testifying at trial. [A motion may then be made to allow such a witness to testify within specified limits stating the justification for the testimony].  In ruling on motions for witnesses to testify, a court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources.

*Id*. (quoting *Town of Burlington v. Department of Education*, 736 F.2d at 790-791 (1st Cir. 1984)).  This is the standard the Ninth Circuit adopted for the admission of "additional" evidence in appeals under the IDEA.  *See id*.

Even though the issue in *Ojai* was the admission of additional evidence rather than taking discovery – the analysis is the same to determine whether discovery should be allowed.  The plaintiff has offered no adequate justification for discovery – there are no gaps in the

---

[7]  As noted by the *Ojai* court, "the reasons for supplementation will vary;  they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing.  The starting point for determining what additional evidence should be received, however, is the record of the administrative proceeding.  *Ojai Unified School Dist. v. Jackson*, 4 F.3d 1467, 1471 (9th Cir. 1993) (quoting *Town of Burlington v. Department of Education*, 736 F.2d 773, 790-791 (1st Cir. 1984), *aff'd*, 471 U.S. 359 (1985))

**FSD Reply re Motion for Protective Order**                                   Page 7 of 10
*E.H. v. Dept. of Health & Social Services, et al.*
Case No. 3:06-cv-00033 (TMB)

administrative record, or any unavailable witness, or assertion that the hearing officer improperly excluded evidence at the hearing, or that the plaintiff is seeking discovery of matters that occurred since the hearing. Absent any such proper justification, this discovery goes far beyond the record and is designed to impermissibly discover new evidence on new topics.

Plaintiff has not disputed the case law using this analytical framework to prohibit a party from taking discovery in IDEA appeals. *See Burks v. Bogalusa City Sch. Bd.*, 31 IDELR 1, 31 LRP 5720 (E.D. La. August 17, 1999) (attached as Exhibit E); *Peter G. v. Chicago Public Sch. Dist. No. 299*, 37 IDELR 215, 102 LRP 22242 (N.D. Ill. 2002) (attached as Exhibit F); *Lillibask v. Sergei*, 193 F.Supp.2d 503 (D. Conn. 2002) (attached as Exhibit G).[8]

The analysis in these decisions bears repeating: In *Burks*, the court prohibited plaintiffs from deposing witnesses, concluding that allowing such depositions would be "inappropriate and unnecessary." In *Peter G.*, the court ruled that plaintiff's discovery requests "exceeded the extent of additional discovery this court allowed for the limited purpose of supplementing the administrative record." In *Lillibask*, the court recounted that, in a prior ruling in that case, it denied a motion to compel discovery on an issue that was not before the court in the case. Tellingly, the court reasoned that the IDEA "seeks to avoid a trial de novo by prohibiting witnesses from repeating or embellishing previously rendered testimony." 193 F.Supp.2d at 507.

The court went on, stating that "to make such evidence admissible would suggest it is discoverable. 'A lenient standard for additional evidence would have the consequence of making the whole IDEA process more time consuming, as parties use the federal court proceeding to patch up holes in their administrative case." *Id.* (quoting *Springer v. Fairfax County Sch. Bd.*,

---

[8] Although plaintiff does cite to the *Lillibask* decision, the portion of the decision cited is incomplete.

**FSD Reply re Motion for Protective Order**   Page 8 of 10
*E.H. v. Dept. of Health & Social Services, et al.*
Case No. 3:06-cv-00033 (TMB)

134 F.3d 659, 667 (4th Cir. 1998)).  Finally, the court opined that "to permit ongoing and lengthy discovery . . . would increase the litigious nature of proceedings and undermine expediency, contrary to the command to give 'due weight' to the findings of the hearing officer . . . by diluting the evidence before the hearing officer.  *Id.* (citing *Bd. of Education v. Rowley*, 456 U.S. 176 (1982); *O'Toole v. Olathe Dist. Sch. Unified Sch. Dist. No. 223*, 963 F. Supp. 1000, 1015 (D. Kan. 1997)).

The important element in all these cases is that the court undertook consideration the question of *whether discovery should be allowed* – not simply whether once the discovery responses were served to admit such responses or depositions into evidence.  This approach reduces litigiousness and encourages judicial economy and expediency.  It also serves to prohibit discovery designed to do nothing more than "patch up holes in [plaintiff's] administrative case."  Plaintiff has failed to properly demonstrate the proposed discovery in this case is justified and necessary to supplement the administrative record.  Lacking this required justification and necessity, neither FSD nor the other defendants should be required to answer these discovery requests.

## IV.  CONCLUSION

For the reasons stated herein, the FSD respectfully requests this court to grant this motion for a protective order prohibiting the discovery propounded by plaintiff.

**FSD Reply re Motion for Protective Order**                    Page 9 of 10
*E.H. v. Dept. of Health & Social Services, et al.*
Case No. 3:06-cv-00033 (TMB)

DATED in Anchorage Alaska this 8th day of September 2006.

JERMAIN, DUNNAGAN & OWENS, P.C.


_____*/s/ Bradley D. Owens*_____
By:   Bradley D. Owens
      Jermain, Dunnagan & Owens, PC
      3000 A Street, Suite 300
      Anchorage, AK 99503
      907- 563-8844
      907-563-7322 (fax)
      bradowens@jdolaw.com
      Alaska Bar #7610122

**Certificate of Service**

I hereby certify that on September 8, 2006, a copy of the foregoing FSD Reply to Opposition to Motion for Protective Order was served electronically on

Holly Johanknecht (hollyj@dlcak.org)
Sonja Kerr (skerr@dlcak.org)
Stacie L. Kraly (Stacie_Kraly@law.state.ak.us)


s/ Judy Francis-Woods


6264.018 - 130028


**FSD Reply re Motion for Protective Order**                                                                Page 10 of 10
*E.H. v. Dept. of Health & Social Services, et al.*
Case No. 3:06-cv-00033 (TMB)