DAVID W. MÁRQUEZ
ATTORNEY GENERAL

Stacie L. Kraly
Assistant Attorney General
Office of the Attorney General
P.O. Box 110300
Juneau, Alaska 99811
(907) 465-3600
Attorney for State of Alaska
Alaska Bar No. 9406040

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| E.H. by and through,<br>His parents, H.H. and T.H.,<br>　　　　　Plaintiffs,<br><br>vs.<br><br>Department of Health and Social<br>Services' Infant Learning Program,<br>Erin Kinavey, in her official capacity<br>As Program Manager, Part C<br>Coordinator of the Infant Learning<br>Program, and Fairbanks North Star<br>Borough School District,<br>　　　　　Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br>Case No. 3:06-cv 00033 (TMB) |

**DEPARTMENT OF HEALTH AND SOCIAL SERVICES' INFANT LEARNING PROGRAM, ERIN KINAVEY AS PROGRAM MANAGER, PART C COORDINATOR OF THE INFANT LEARNING PROGRAM'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER**

The Department of Health and Social Services' Infant Learning Program, Erin Kinavey as Program Manager, Part C Coordinator of the Infant Learning Program (ILP), hereby submits this reply to the E.H.'s opposition to the Fairbanks Northstar Borough School District's (Fairbanks) and ILP's Motion for Protective Order. E.H. argues the following points with respect to the ILP's joinder:

1. that since the joinder in the motion was filed on August 28, 2006, the admissions filed by E.H. should be deemed admitted since the ILP did not respond within the 30-day time frame;

2. that the protective order cannot be used to eliminate all discovery sought from the ILP;

3. that discovery is not premature;

4. that the ILP has waived any objection to discovery; and

5. that discovery is necessary so that E.H. can offer additional evidence as permitted by law.

As stated below, since the ILP was dismissed from the hearing below there is no record below to supplement nor should the ILP be subjected to the time, expense or burden of fact discovery at this time. The equities in this argument are clear, and the court should grant the Motion for Protective Order.

**FACTUAL BACKGROUND**

As stated in the opposition to the Motion for Protective Order, this matter arose over two years ago when E.H. filed an action under Part B of the IDEA. Part B of the IDEA addresses the rights and responsibilities of school districts to provide free and appropriate education to children with special needs. There was no claim at the time that the matter was filed under Part C of the IDEA, which are those services provided by the Infant Learning Program for children under the age of 3. At the time of the hearing, E.H. was five years old, two years older than the cut off age for Infant Learning Program services under Part C. At some point during the hearing, the parties agreed by stipulation to join the Infant Learning Program in the underlying matter. Upon notice of this joinder, the Infant Learning Program filed a Motion to Dismiss that was granted by the hearing officer.[1]   E.H. did not appeal the dismissal at the time; nor has E.H. ever requested a hearing under Part C, despite being notified of the process available through the briefing at the administrative level.

---

[1]   The ILP filed a limited entry of appearance and also filed a witness list, exhibit list and a prehearing brief while the Motion to Dismiss was pending before the hearing officer. All of these documents were filed with the knowledge that the ILP disputed that the Hearing Officer had jurisdiction over the ILP in this particular matter. One of the exhibits filed below by the ILP was the "Children's and Family Rights" Handbook that outlines the due process procedures under the Infant Learning Program. A copy of that Handbook can be found at
http://hss.state.ak.us/ocs/InfantLearning/program/default.htm.

**ARGUMENT**

1.       THE COURT SHOULD NOT DEEM THE REQUESTS FOR ADMISSIONS "ADMITTED" BECAUSE OF THE EXISTENCE OF THE MOTION FOR PROTECTIVE ORDER

There is no dispute that the discovery requests were filed on July 10, 2006. There is also no dispute that the discovery requests were served on both Fairbanks and the ILP. Fairbanks filed a motion for protective order on July 31, 2006, which was joined by the ILP on August 28, 2006.[2] On August 1, 2006, Ms. Johanknecht emailed BOTH the undersigned and Mr. Bradley to request an extension of time to respond to the Motion for Protective Order, requesting that they be allowed until September 1, 2006, to respond.[3] Both Mr. Bradley and the undersigned agreed to this request and a non opposed motion to that effect was filed with the court on August 3, 2006.[4] Under these circumstances, it was not unreasonable for the ILP to assume that the motion for protective order would stay discovery for both the ILP and Fairbanks since the discovery was served on both parties and it was agreed that any response to the motion would not be due until September 1, 2006.

---

[2]     Docket 28 and 32, respectively.

[3]     Exhibit A.

[4]     Docket 30.

E.H. relies upon *Jenkins v. MCI Telecommunications Corp,*[5] whereby the court deemed requests for admissions admitted when a party failed to respond within the 30-day time frame as noticed in the requests. However, in that matter there was no motion for protective order pending before the court disputing the scope of discovery. The court should recognize the fact that the parties were engaged in a legitimate dispute over the scope of discovery and find that the ILP's reliance upon the Motion for Protective Order was reasonable under the circumstances. To the extent the Motion for Protective Order is not granted, or a determination is made that the ILP's reliance was not reasonable; the court should order the ILP to respond to the requests for admission. There is no prejudice to E.H. to grant this relief in light of the pending discovery dispute.

    2.    THE ILP SHOULD NOT BE SUBJECTED TO ADDITIONAL DISCOVERY BECAUSE THEY WERE DISMISSED FROM THE UNDERLYING MATTER

E.H. argues that discovery is necessary because the ILP was dismissed and because of this dismissal E.H. had no opportunity to litigate this matter, question witnesses or obtain documents at the administrative level; therefore the record is incomplete and must be supplemented by some limited discovery. This argument is precisely why the Motion for Protective Order should issue in this matter. Whether or

---

[5] 973 F. Supp. 1133 (C.D. Cal. 1997)

not the ILP was properly dismissed under jurisdictional grounds does not require any additional or supplemental evidence. The question is legal not factual. There is no need to fill in any evidentiary gaps on whether the Motion to Dismiss was properly granted by the hearing officer. The argument in support of the Motion for Protective Order is self-evident and clearly stated in the joinder by the ILP. If the ILP was properly dismissed, as a matter of law, it should not be subjected to the time, expense and burden of fact discovery at this time.

    3.          DISCOVERY IS PREMATURE

For all of the reasons stated in the Factual Background and in section 2 of this reply, the ILP submits that discovery is premature. If there is a factual dispute that the matter then the matter should be remanded to the agency for a determination on the rights and responsibilities under Part C. E.H. argues that since there is nothing to remand to, based upon the "admitted" requests for admission, a remand would be futile because the remand would be to a "void." For the reasons set forth in section 1 of this reply, the admissions should not be deemed admitted at this time.

If there is a process that E.H. must or should have availed himself of, this matter should be remanded to see what was requested, what was required and what was offered. The decision of the hearing officer was that he did not have jurisdiction over the ILP in a Part B hearing; not that there was no process out there. E.H. never requested a hearing (before OR after) the decision to dismiss the ILP was made. It is

disingenuous to argue years after the fact that there is no process when E.H. has never requested a hearing. This is the type of factual record that should be developed at the administrative level and not through discovery.

E.H. is not seeking to supplement the record; he is seeking to generate an entire administrative record that never existed in the first place. The development of this record should be done before the agency and not this court, especially in light of the fact that the ILP was not a party to the underlying action.

4.     THERE HAS BEEN NO WAIVER ON THE PART OF THE ILP REGARDING DISCOVERY IN THIS MATTER

There was no waiver on the part of the ILP relative to discovery in this matter. The ILP never agreed to the scope and breadth of discovery as intimated by E.H. during this matter, and this is fully supported by the initial disclosures that were filed in this matter.[6] Specifically, the ILP noted in its disclosures that it was relying upon the administrative record below and that the initial disclosures were submitted "to the extent they were required."[7] As such, there has been no waiver of the ILP's objection to discovery in this matter.

---

[6]     Exhibit B.

[7]     Id.

5.   ADDITIONAL DISCOVERY IS NOT REQUIRED IN THIS MATTER TO FILL ANY GAPS IN THE ADMINISTRATIVE RECORD.

As stated above, with respect to the ILP, E.H. is not seeking to supplement a record, but to generate an entire administrative record that never existed and could not exist because the ILP was dismissed from the underlying matter. Arguing the need to supplement the record, E.H. states that he needs this information to litigate the collateral claim against the ILP – to wit, the presence or lack of a due process hearing under Part C of the IDEA. However, as stated previously, there is no record with respect to the ILP to supplement. The ILP was dismissed from the underlying matter as a matter of law and was not a party to the underlying matter. There were no factual disputes that could have been raised below and that should or need to be supplemented in this hearing. The case law relied upon by E.H. does not support the premise that supplemental evidence/discovery can be used to generate an entire administrative especially with respect to the ILP who, as a matter of law, was never a party to the proceeding below.[8]

---

[8]   Interestingly, most of the discovery requests identified at the end of the opposition (pages 8-10) do not seem to have any relevance to the argument made that discovery is needed to establish that ILP has no hearing process available under Part C; rather they address ABA (Applied Behavioral Analysis) providers, funding issues, agreements between providers and the ILP, and who is served by the ILP. If the discovery sought is to supplement the record on the claim for relief that the ILP does not have a hearing procedure that is due process compliant and meets the strictures of the IDEA, the requests outlined in the opposition are not relevant to that issue and the

motion for protective order should issue on that basis alone.  In fact, one could argue that only one request for production and one interrogatory go specifically to that issue, a few others maybe peripherally related, but the majority of them relate to issues not raised in this Complaint.  The discovery requests appear to be a fishing expedition related to ABA providers and how the ILP manages autism services, not whether there is a hearing process and how we notify parents of that hearing process.

**CONCLUSION**

The motion for protective order should be granted with respect to both parties, because the ILP was dismissed by the hearing officer, and it is not appropriate at this juncture to subject them to the time, expense and burden of a discovery two years after a dismissal was granted in the underlying matter.

Dated this 8th day of September 2006, at Juneau, Alaska.

           DAVID W. MÁRQUEZ
          ATTORNEY GENERAL

          By:  s/Stacie L. Kraly
          Assistant Attorney General
          Office of the Attorney General
          P.O. Box 110300
          Juneau, Alaska 99811
          (907) 465-3600
          (907) 465-2539
          stacie_kraly@law.state.ak.us
          Alaska Bar No. 9406040

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8th, 2006, a copy of foregoing was served by U.S. mail on the following parties of record:

Holly Johanknecht, Esq.
Disability Law Center of Alaska, Inc.
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503

_____
s/Stacie L. Kraly