Holly Johanknecht
Disability Law Center of Alaska
3330 Arctic Blvd., Suite 103
Anchorage, Alaska 99503
(907) 565-1002
Attorney for Plaintiff
Alaska Bar No. 0511103

## UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| E.H., by and through his parents, H.H. and T.H, | ) ) ) |
| Plaintiffs | ) Case No. 3:06-CV-00033 (TMB) ) |
| vs. | ) ) ) |
| Department of Health and Social Services Infant Learning Program, Erin Kinavey in her official capacity as Program Manager, Part C Coordinator of the Infant Learning Program, and the Fairbanks North Star Borough School District, | ) ) ) ) ) ) ) Scheduling and Planning Conference Report |

1.    **Meeting**. In accordance with F.R.Civ.P. 26(f), a meeting was held telephonically on October 12, 2006 and was attended by:

| For Plaintiff: | For Defendants: |
|---|---|
| Holly Johanknecht | Brad Owens for FNSBSD ("District") |
| Meg Allison | Stacie Kraly for DHSS |

The defendants contend, based on the court order dated September 27, 2006 [Docket No. 39] that this action is exempted from the requirements of Fed. R. Civ. P. 16(b) and so discovery is not required. Defendants' recommend the following:

The District asserts that this proceeding is an administrative appeal under D.Ak. LR 16.3 and no new witnesses or evidence is expected to be be offered by the parties, unless

permitted by the court as additional evidence under the provisions of 20 U.S.C. 1415 (i)(2)(B), as construed by this court and the 9th Circuit decisions.   In addition, the District asserts that no disclosures or discovery are appropriate or permitted under D.Ak. LR 16.3.

Defendant DHSS's recommendations are not included in this report as they failed to submit such recommendations prior to the submission of this report to the court.

Plaintiffs argue that discovery in this case is proper and will be filing a motion to that effect no later than October 31, 2006. Plaintiffs recommend that any briefing schedule or  be stayed until the court reaches a ruling on plaintiff's forthcoming motion. Following the court's decision on the motion for discovery, plaintiff's also recommend a new scheduling and planning conference be held if plaintiff's motion is granted.

2.      **Pre-Discovery Disclosures**.  The information required by F.R.Civ.P. 26(a)(1):

_____   have been exchanged by the parties

_x___   Will be exchanged by the parties by (*insert date*).

Proposed changes to disclosure requirements:

_____   Preliminary witness lists

_____   have been exchanged by the parties

_x___   Will be exchanged by the parties by (*insert date*).

3.      **Contested Issues of Fact and Law**.   Preliminarily, the parties expect the following issues of fact and/or law to be presented to the court at trial in this matter:

**E.H.:**

1. Whether DHSS failed to have in place and give proper notice to the parents of E.H. of all procedural safeguards pursuant to Part C of the IDEA while E.H. was prior to age 3

and until and including notice of the proper transition process at age 3?

2. Whether DHSS failed to conduct/ensure timely identification and evaluation of E.H. through the "Child Find" process, and provide him appropriate services up to and including age 3 and until his transition to the District at age 3, including the proper transition process?

3. Whether DHSS is liable for financial reimbursement to the parents of E.H. for private services they arranged for E.H., and/or liable for compensatory education to E.H. for services he did not receive prior to his transition at age 3 to the District?

4. Whether the Hearing Officer erred in dismissing DHSS from the administrative hearing below and also in failing to determine whether or not the parents had administratively exhausted?

5. Whether the Hearing Officer erred in failing to order reimbursement or compensatory education to E.H. from the District for failure to conduct Child Find and provide E.H. services from age 3 until December, 2005, exempting four-five months where a different district was responsible?

**DHSS:**

**FNSBSD:**  1.  Are the findings made by the Hearing Officer thorough and careful and thereby entitled to be given deference by this court?
2.  Did the Hearing Officer err in determining that the District did not violate the IDEA or Alaska law in offering and providing a free appropriate public education for E.H.?


4.      **Discovery Plan**.  Plaintiff proposes to the court the following discovery plan.

   A. Discovery will be needed on the following issues:

      1.   Specific duties and responsibilities of defendant district versus defendant

DHSS in regards to ChildFind and Part C of the IDEA and any other early intervention services.

2. Information about, and the availability of due process hearings and other procedural safeguards for early intervention services.

3. Information about, and the availability of appropriate services for E.H.

B. All discovery commenced in time to be completed by (*insert date*) ("discovery close date").

C. Limitations on Discovery.

    1. Interrogatories

        x    No change from F.R.Civ.P. 33(a)
        ___

        Maximum of _____ by each party to any other party.
        ___

        Responses due in _____ days.

    2. Requests for Admissions.

        x    No change from F.R.Civ.P. 36(a).
        ___

        Maximum of _____ requests.
        ___

        Responses due in _____ days.

    3. Depositions.

        x    No change from F.R.Civ.P. 36(a), (d).
        ___

        Maximum of _____ depositions by each party.
        ___

        Depositions not to exceed _____ hours unless agreed to by all parties.

D.      Reports from retained experts.

    x     Not later than 90 days before the close of discovery subject to F.R.Civ.P
    ‾‾‾‾     26(a)(2)(C).

    Reports due:
    ‾‾‾‾

    From plaintiff (*insert date*)              From defendant (*insert date*)

E.      Supplementation of disclosures and discovery responses are to be made:

    Periodically at 60-day intervals from the entry of scheduling and planning
    ‾‾‾‾     order.

    x     As new information is acquired, but not later than 60 days before the close of
    ‾‾‾‾     discovery.

F.      A final witness list, disclosing all lay and expert witnesses whom a party may
wish to call at trial, will be due:

    x     45 days prior to the close of discovery.
    ‾‾‾‾

    Not later than (*insert date*)
    ‾‾‾‾

5.      **Pretrial Motions**.

    x     No change from D.Ak. LR 16.1(c).
    ‾‾‾‾

The following changes to D.Ak. LR 16.1(c). [Check and complete all that apply]

    Motions to amend pleadings or add parties to be filed not later than (*insert date*).
    ‾‾‾‾

    ‾‾‾‾

Motions under the discovery rules must be filed not later than (*insert date*).

Motions in limine and dispositive motions must be filed not later than (*insert date*).

6.    **Other Provisions**:

A.    The parties do not request a conference with the court before the entry of the scheduling order.

x  The parties request a scheduling conference with the court on the following issue(s):

Following a ruling on plaintiff's forthcoming motion for discovery.

B.    Alternative Dispute Resolution.  [D.Ak. LR 16.2]

x  This matter is not considered a candidate for court-annexed alternative dispute resolution.

The parties will file a request for alternative dispute resolution not later than (*insert date*).

Mediation          Early Neutral Evaluation

C.    The parties        do  x   not consent to trial before a magistrate judge.

D.    Compliance with the Disclosure Requirements of F.R.Civ.P. 7.1

All parties have complied          Compliance not required by any party

7.    Trial.

The District asserts that since this proceeding is an administrative appeal under D.Ak. LR 16.3 based on the administrative record, no trial is permitted.

A.    The matter will be ready for trial:

      x    45 days after the discovery close date.
      ___

        not later than (*insert date*).
      ___

B.    This matter is expected to take _____ days to try.

C.    Jury Demanded    Yes    x    No
              ___    ___

        Right to jury trial disputed?    Yes    No
                     ___    ___


      Dated October 27, 2006

                                 _____ s/ Holly J. Johanknecht _____
                                 Holly J. Johanknecht
                                 Disability Law Center of Alaska
                                 3330 Arctic Blvd., Suite 103
                                 Anchorage, Alaska 99503
                                 (907) 565-1002
                                 (907) 565-1000
                                 hollyj@dlcak.org
                                 Alaska Bar No. 0511103

Certificate of Service

I hereby certify that on the 27th day of
October, 2006, a copy of this document
was served electronically on:

Stacie Kraly
Stacie_kraly@law.state.ak.us

Bradley Owens
bradowens@jdolaw


_____/s Holly J. Johanknecht_____
Holly J. Johanknecht