UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

E.H., by and through his parents, H.H. and    )
T.H,                                          )
                                              )
                                              )    Case No. 3:06-CV-00033 (TMB)
Plaintiffs                                    )
                                              )
                                              )
vs.                                           )
                                              )
                                              )
Department of Health and Social Services      )
Infant Learning Program, Erin Kinavey in      )
her official capacity as Program Manager,     )
Part C Coordinator of the Infant Learning     )
Program, and the Fairbanks North Star         )    State of Alaska's Additions to the
Borough School District,                      )    Scheduling and Planning Conference Report

_____

1.    **Meeting**. In accordance with F.R.Civ.P. 26(f), a meeting was held telephonically

on October 12, 2006 and was attended by:

    For Plaintiff:              For Defendants:

    Holly Johanknecht           Brad Owens for FNSBSD ("District")

    Meg Allison                 Stacie Kraly (State of Alaska)

    -

The defendants contend, based on the court order dated September 27, 2006 [Docket

No. 39] that this action is exempted from the requirements of Fed. R. Civ. P. 16(b) and

so discovery is not required. Defendants' recommend that the following:

The District asserts that this proceeding is an administrative appeal under D.Ak. LR

16.3 and no new witnesses or evidence is expected to be offered by the parties, unless

permitted by the court as additional evidence under the provisions of 20 U.S.C. 1415

(i)(2)(B), as construed by this court and the 9th Circuit decisions.  In addition, the

District asserts that no disclosures or discovery are appropriate or permitted under D.Ak.

LR 16.3.

Plaintiffs argue that discovery in this case is proper and will be filing a motion to that effect no later than October 31, 2006. Plaintiffs request that any briefing schedule be stayed until the court reaches a ruling on plaintiff's forthcoming motion. Following the court's decision on the motion for discovery, plaintiff's also recommend a new scheduling and planning conference be held if plaintiff's motion is granted.

2.     **Pre-Discovery Disclosures**.  The information required by F.R.Civ.P. 26(a)(1):

_____     have been exchanged by the parties

__x__     Will be exchanged by the parties by (*insert date*).

Proposed changes to disclosure requirements:

     Preliminary witness lists

_____     have been exchanged by the parties

__x__     Will be exchanged by the parties by (*insert date*).

3.     **Contested Issues of Fact and Law**.   Preliminarily, the parties expect the following issues of fact and/or law to be presented to the court at trial in this matter:

**E.H.:**

1. Whether DHSS failed to have in place and give proper notice to the parents of E.H. of all procedural safeguards pursuant to Part C of the IDEA while E.H. was prior to age 3 and until and including notice of the proper transition process at age 3?

2. Whether DHSS failed to conduct/ensure timely identification and evaluation of E.H. through the "Child Find" process, and provide him appropriate services up to and including age 3 and until his transition to the District at age 3, including the proper

transition process?

3. Whether DHSS is liable for financial reimbursement to the parents of E.H. for private services they arranged for E.H., and/or liable for compensatory education to E.H. for services he did not receive prior to his transition at age 3 to the District?

4. Whether the Hearing Officer erred in dismissing DHSS from the administrative hearing below and also in failing to determine whether or not the parents had administratively exhausted?

5. Whether the Hearing Officer erred in failing to order reimbursement or compensatory education to E.H. from the District for failure to conduct Child Find and provide E.H. services from age 3 until December, 2005, exempting four-five months where a different district was responsible?

**DHSS:**

1. Whether the hearing officer was correct in dismissing DHSS from the underlying administrative action

2. Whether the DHSS's system for resolving complaints ensures due process rights are protected under 34 C.F.R. §§ 303.419-.425.

3. Whether DHSS is obligated to reimburse E.H. for any moneys expended prior to age 3.

**FNSBSD:** 1.  Are the findings made by the Hearing Officer thorough and careful and thereby entitled to be given deference by this court?

2.  Did the Hearing Officer err in determining that the District did not violate the IDEA or Alaska law in offering and providing a free appropriate public education for E.H.?

4.    **Discovery Plan**.  Plaintiff proposes to the court the following discovery plan.

A. Discovery will be needed on the following issues:

1.  Specific duties and responsibilities of defendant district versus defendant DHSS in regards to ChildFind and Part C of the IDEA and any other early intervention services.

2.  Information about, and the availability of due process hearings and other procedural safeguards for early intervention services.

3.  Information about, and the availability of appropriate services for E.H.

B. All discovery commenced in time to be completed by (*insert date*) ("discovery close date").

C.  Limitations on Discovery.

1.  Interrogatories

x    No change from F.R.Civ.P. 33(a)
_____

____ Maximum of _____ by each party to any other party.

Responses due in _____ days.

2.  Requests for Admissions.

x    No change from F.R.Civ.P. 36(a).
_____

____ Maximum of _____ requests.

Responses due in _____ days.

3.  Depositions.
_____

    x    No change from F.R.Civ.P. 36(a), (d).
_____

    Maximum of _____ depositions by each party.
_____

    Depositions not to exceed _____ hours unless agreed to by all parties.
_____

D.    Reports from retained experts.

    x  Not later than 90 days before the close of discovery subject to F.R.Civ.P
_____  26(a)(2)(C).

    Reports due:
_____

    From plaintiff (*insert date*) _____ From defendant (*insert date*)

E.    Supplementation of disclosures and discovery responses are to be made:

    Periodically at 60-day intervals from the entry of scheduling and planning
_____  order.

    x    As new information is acquired, but not later than 60 days before the close of
_____  discovery.

F.    A final witness list, disclosing all lay and expert witnesses whom a party may
wish to call at trial, will be due:

    x    45 days prior to the close of discovery.
_____

    Not later than (*insert date*)
_____

5.    **Pretrial Motions**.

    x  No change from D.Ak. LR 16.1(c).
_____

    The following changes to D.Ak. LR 16.1(c). [Check and complete all that apply]

Motions to amend pleadings or add parties to be filed not later than (*insert date*).

_____

Motions under the discovery rules must be filed not later than (*insert date*).

_____

Motions in limine and dispositive motions must be filed not later than (*insert date*).

_____

6.      **Other Provisions**:

A.      The parties do not request a conference with the court before the entry of the
_____   scheduling order.

x The parties request a scheduling conference with the court on the following
_____   issue(s):

Following a ruling on plaintiff's forthcoming motion for discovery.

B.      Alternative Dispute Resolution.  [D.Ak. LR 16.2]

x   This matter is not considered a candidate for court-annexed alternative
_____   dispute resolution.

The parties will file a request for alternative dispute resolution not later than
_____   (*insert date*).

Mediation          Early Neutral Evaluation
_____               _____

C.      The parties        do   x   not consent to trial before a magistrate judge.
_____     _____

D.   Compliance with the Disclosure Requirements of F.R.Civ.P. 7.1

All parties have complied          Compliance not required by any party
_____                          _____

7.    Trial.

The District asserts that since this proceeding is an administrative appeal under D.Ak. LR 16.3 based on the administrative record, no trial is permitted.

A.    The matter will be ready for trial:

       x    45 days after the discovery close date.

       not later than (*insert date*).

B.    This matter is expected to take _____ days to try.

C.    Jury Demanded    Yes    x  No

       Right to jury trial disputed?    Yes    No

Dated October 27, 2006

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By:    s/Stacie L. Kraly
      Assistant Attorney General
      Office of the Attorney General
      P.O. Box 110300
      Juneau, Alaska 99811
      (907) 465-3600
      (907) 465-2539
      stacie_kraly@law.state.ak.us
      Alaska Bar No. 9406040