Holly Johanknecht
Disability Law Center of Alaska
3330 Arctic Blvd., Suite 103
Anchorage, Alaska 99503
(907) 565-1002
Attorney for Plaintiff
Alaska Bar No. 0511103

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | |
|---|---|
| E.H., by and through his parents, H.H. and T.H, ) ) ) Plaintiffs ) ) vs. ) ) Department of Health and Social Services Infant Learning Program, Erin Kinavey in her official capacity as Program Manager, Part C Coordinator of the Infant Learning Program, and the Fairbanks North Star Borough School District, ) ) ) ) ) ) ) ) Defendant. ) ) | Case No. 3:06-cv-00033 (TMB) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO PERMIT**

**DISCOVERY**

Plaintiff, E.H., by and through his parents H.H. and T.H., by and through their attorneys have moved this court for an order permitting discovery in accordance with the court's order dated September 27, 2006 [Docket No. 39] and its statement in the Scheduling and Planning Order [Docket No. 41].

**INTRODUCTION**

On September 27, 2006 this court entered an order denying defendants' motion for a protective order as moot. In that order the court stated that the instant litigation is an

*E.H. v. Dept of Health and Social Services, et al.*   Page 1 of 8
Case No. 3:06-cv-00033(TMB)
Plaintiff's Motion to Permit Discovery

administrative appeal and therefore exempt from the requirements of Federal Rule of Civil Procedure 16(b). The court ordered that a scheduling and planning meeting be held and a new scheduling and planning report be filed by all parties. In that report, plaintiff argued that this case is subject to discovery and so intended to file a motion to that end.

## FACTS

Details of the factual underpinnings of this lawsuit are set forth in the Complaint and Amended Complaint. To summarize, E.H. is a now six-year-old child with autism, whose parents sought certain behavioral services for him. E.H.'s parents filed an administrative hearing request against the Defendant District and moved to join Defendant DHSS before an administrative hearing officer appointed by the Department of Education and Early Development ("DEED"), Independent Hearing Officer Jon Katcher. IHO Katcher denied the request, finding that he lacked jurisdiction over the Defendant DHSS. E.H.'s parents then pursued the claims against the Defendant District, and ultimately brought suit in this court. The instant litigation is an appeal of the findings of the IHO as to Defendant District, and an original action as to Defendant DHSS as they were dismissed from the underlying administrative hearing.

Plaintiff attempted to proceed with discovery as outlined in the Scheduling and Planning Order [Docket No. 24], however, Defendant District objected and filed a protective order [Docket No. 27]. Defendant DHSS joined in that motion. The court ruled that this action is an administrative appeal and therefore not subject to the requirements of Federal Rule of Civil Procedure 16(b), but stated that Plaintiff's could file a motion arguing for discovery if they wish to do so. [Docket No. 40]

*E.H. v. Dept of Health and Social Services, et al.*   Page 2 of 8
Case No. 3:06-cv-00033(TMB)
Plaintiff's Motion to Permit Discovery

**ARGUMENTS**

I.   **DISCOVERY IS PERMISSIBLE TO DETERMINE THE NEED TO SUBMIT ADDITIONAL EVIDENCE.**

The IDEA provides that the "court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. 1415(i)(2)(A). The seminal case on this matter is *Town of Burlington v. Department of Education*, 736 F. 2d 773, 770-791 (1st Cir. 1984), aff'd, 471 U.S. 359 (1985). According to *Town of Burlington*, the reasons for supplementation of the administrative record can vary. They might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing.

The Ninth Circuit has liberally applied this provision, and held that additional evidence is admissible. The Court of Appeals for the Ninth Circuit has observed "judicial review in IDEA cases differs substantially from judicial review of other agency actions, in which courts generally are confined to the administrative record and are held to a highly deferential standard of review." *Ojai Unified School Dist. v. Jackson,* 4 F. 3d 1467, 1471 (9th Cir. 1993).

Obviously, in order to make a motion that the Court accept additional evidence, the Plaintiffs need to seek discovery so that they may determine what "additional evidence" to offer the Court. *Susan N. v. Wilson Sch. Dist.*, 70 F. 3d 751 (3rd. Cir. 1995). Because the IDEA specifically requires a district court to "receive the records of the administrative proceedings, . . . hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence," grant any appropriate relief, 20 U.S.C. Section(s) 1415(e)(2), a district court "does not

*E.H. v. Dept of Health and Social Services, et al.*                                                                                    Page 3 of 8
Case No. 3:06-cv-00033(TMB)
Plaintiff's Motion to Permit Discovery

use the substantial evidence standard typically applied in the review of administrative agency decisions, 'but instead must decide independently whether the requirements of the IDEA are met.'" *Murray v. Montrose County Sch. Dist.,* 51 F.3d 921, 927 (10th Cir. 1995) (quoting *Board of Educ. v. Illinois State Bd.,* 41 F.3d 1162, 1167 (7th Cir. 1994)). In order to do so, the Court must allow Plaintiffs discovery.

After discovery, if the Plaintiffs seek to amend the record, they would proffer a motion for additional evidence, citing to that discovery they believe is necessary for the Court. The standard for allowable discovery is far broader than the standard for admissible evidence. Plaintiffs should be permitted to conduct discovery with the usual standard that discovery is necessary which may "reasonably" lead to discoverable information. The court need not make a determination regarding the admissibility of evidence until plaintiff moves for additional evidence at the conclusion of discovery.

## II.   SIGNIFICANT GAPS IN THE ADMINISTRATIVE RECORD EXIST.

In *Ojai Unified School District v. Jackson,* the Ninth Circuit has construed the phrase "additional evidence" in the IDEA to mean supplemental, and has permitted additional evidence. 4 F.3d 1467, 1471 (9th Cir. 1993). The court in *Ojai*, listed as a potential justification for supplemental evidence, "gaps in the administrative record". *Id.* In this case, Defendant DHSS was dismissed as a party from the administrative hearing, leaving a significant gap in the administrative record.

As DHSS was not a party to the administrative hearing, E.H. had no opportunity to litigate this matter, and no opportunity to question witnesses or obtain documents that would be included in the administrative record. Therefore the administrative record, in regards to the state's

*E.H. v. Dept of Health and Social Services, et al.*   Page 4 of 8
Case No. 3:06-cv-00033(TMB)
Plaintiff's Motion to Permit Discovery

involvement is incomplete and must be supplemented by discovery in order to allow E.H. fair opportunity to litigate this case.

There are also significant gaps in the administrative record relating to the role of the Defendant DHSS and the relationship between defendants and the responsibilities of Defendant DHSS versus those of the Defendant District as to E.H.'s program of services during a particular period of time. Information about any potential interrelationship between the two defendants is not included in the administrative record. It is unclear which party may have information regarding this potential relationship, so discovery is needed from both parties to ensure that all pertinent information can be obtained.

The type of evidence sought by DLC's discovery is neither repeated nor embellished previously rendered testimony, rather it is evidence that is neither included in the administrative record, nor was it available during the course of the administrative hearing, and its absence leaves substantial gaps that must be filled by additional or supplemental evidence. Moreover, the discovery sought is related to the very types of exceptions to which the *Town of Burlington* case, and the *Ojai* case refer. That is, due to the nature of the proceeding, the administrative record is simply void on these points.

Commenting on the principles set forth in the *Town of Burlington*, the Court of Appeals for the Eleventh Circuit observed in *Walker County School District v. Bennett*, 203 F.3d 1293, 1299 (11th Cir. 2000) that the unavailability of information by way of discovery in the administrative process would also justify allowing later discovery and supplementation at the district court level:

> It should also be noted that the enumeration of factors given by the First Circuit in *Town of Burlington* as possible reasons for supplementation of the evidence is a non-exhaustive list. The availability or unavailability of discovery procedures in the state administrative system, for example, might properly influence the extent

*E.H. v. Dept of Health and Social Services, et al.*                                                      Page 5 of 8
Case No. 3:06-cv-00033(TMB)
Plaintiff's Motion to Permit Discovery

> to which the district court allows discovery in the review proceedings before deciding whether to admit or refuse any proffered evidence. The district court also has broad discretion, in our view, with respect to the form in which any supplemental evidence is received, i.e., deposition transcripts or affidavits in lieu of personal appearance.

The court of appeals in *Town of Burlington* rejected any rule that would categorically exclude certain types of evidence, let alone exclude all supplementary evidence altogether.

Further, several cases applying the *Ojai* analysis have permitted additional discovery before considering whether to allow supplementation of the administrative record. In *Peter G. v. Chicago Public School District No. 299*, the court permitted discovery on issues determined to be relevant to the case. 37 IDELY 215, 102 LRP 22242 (N.D. Ill. 2002). In *Burks v. Bogalusa*, the court permitted some additional discovery in the form of a deposition, before it made a determination as to whether additional evidence could be submitted. 31 IDELR 2, 31 LRP 5720 (E.D. La. 1999). In both cases, parties were permitted to engage in discovery, and then, a separate determination was made as to the admissibility of the evidence obtained.

In *Lillibask v. Sergi*, the court had previously ruled on a discovery motion, and made a subsequent ruling as to whether the plaintiff would be permitted to offer additional information to supplement the administrative record. 193 F. Supp. 2d 503, 507 (D. Conn. 2002). This implies that the determination of whether discovery should be permitted, and whether such discovery is admissible evidence are two separate issues.

Plaintiff seeks discovery to determine in what areas the administrative record is lacking and to obtain the evidence that would appropriately supplement those areas that require it. Gaps exist in the administrative record due to the dismissal of Defendant DHSS from that action. The types of information sought through discovery were not available to Plaintiff at the

*E.H. v. Dept of Health and Social Services, et al.*     Page 6 of 8
Case No. 3:06-cv-00033(TMB)
Plaintiff's Motion to Permit Discovery

administrative hearing, discovery would permit Plaintiff to find the gaps in the administrative record. See Exhibits A and B.[1]

### III. DEFENDANT DHSS IS NOT SUBJECT TO FED. RULE OF CIV. P. 16(b) EXEMPTION.

Defendant DHSS was dismissed from the underlying administrative hearing, therefore, the action against than in the instant litigation is an original action rather than an administrative appeal. As a defendant in an original action, Defendant DHSS is not subject to the exemption provided in Fed. Rule of Civ. P. 16(b). Without this exemption, Defendant DHSS is properly subject to discovery and Plaintiffs should be permitted to conduct discovery with the usual standard that discovery is necessary which may "reasonably" lead to discoverable information.

### CONCLUSION

Plaintiffs request that their Motion to Permit Discovery be granted, to enable them to (1) determine what areas of the administrative record are incomplete, (2) to determine what information exists that might fill those gaps and (3) conduct discovery with Defendant DHSS in a manner consistent with any original action. Plaintiffs also request that the court order parties to set a new discovery schedule.

Respectfully submitted this 31st day of October, 2006.

          /s Holly J. Johanknecht
Holly J. Johanknecht  AK Bar No. 0511103
DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK   99503
Telephone: (907) 565-1002
Fax: (907) 565-1000
Attorney for Plaintiff
Email: hollyj@dlcak.org

---

[1] Exhibits A, B and C comprise the proposed initial discovery for Defendant DHSS.
Exhibits D, E and F comprise the proposed discovery for Defendant District.

*E.H. v. Dept of Health and Social Services, et al.*    Page 7 of 8
Case No. 3:06-cv-00033(TMB)
Plaintiff's Motion to Permit Discovery

**Certificate of Service**

I hereby certify that on the 31st day of
October, 2006, a copy of this Complaint
was served electronically on:
Brad Owens
Jermain, Dunnagan & Owens
bradowens@jdolaw.com

Stacie Kraly
Office of the Attorney General
stacie_kraly@law.state.ak.us

     s/ Holly Johanknecht
Holly Johanknecht

*E.H. v. Dept of Health and Social Services, et al.*     Page 8 of 8
Case No. 3:06-cv-00033(TMB)
Plaintiff's Motion to Permit Discovery