Bradley D. Owens, Esq. (bradowens@jdolaw.com)
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503
Telephone: (907) 563-8844
Facsimile: (907) 563-7322

Counsel for Defendant
Fairbanks North Star Borough School District

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| E.H., by and through his parents, H.H. and T.H.,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Department of Health and Social Services Infant Learning Program, Erin Kinavey, in her official capacity as Program Manager, Part C Coordinator of the Infant Learning Program, and the Fairbanks North Star Borough School District,<br><br>　　　　Defendants. | Case No. 3:06-cv-00033 (TMB) |

**OPPOSITION TO
MOTION TO PERMIT DISCOVERY**

**I. INTRODUCTION**

This action is an appeal of the findings and decisions of the due process Hearing Officer pursuant to 20 U.S.C. §1415(i)(2) of the Individuals with Disabilities Education Act, as amended ("IDEA"). In this appeal, the court is required pursuant to 20 U.S.C. §1415(i)(2)(C) to receive the records of the administrative proceedings and base its decision on the preponderance of the evidence provided within that record. The scope of review of the claims in this action is

prescribed by the provisions of 20 U.S.C. §1415(i)(2)(A) & (B). Based on the cases that have interpreted and applied these provisions in this Circuit, the type of "additional evidence" that a party may submit is substantially limited.

Plaintiff has attached "proposed" discovery requests to both defendants[1] in this action. The Fairbanks North Star Borough School District ("FSD") believes that discovery is not appropriate in this administrative appeal under the IDEA and previously filed a Motion requesting an order precluding plaintiff from taking discovery in this action. In the Planning Report filed by plaintiff, FSD objected to the disclosures because of the administrative appeal nature of this action under the IDEA. FSD asserts that without an adequate proffer and solid justification, plaintiffs are not entitled to engage in discovery, or offer new evidence in this matter <u>other than</u> to properly supplement the record. Plaintiff has filed this Motion requesting the court to permit discovery in this appeal.

## II. FACTS

E.H. is a student with a disability who receives special education and related services under an individualized education program ("IEP") developed for him by an appropriate IEP team.[2] When E.H. first became eligible to receive these services, however, his parents declined the services preferring instead to send him to private school. Several years later, his parents briefly enrolled E.H. in the FSD but then abruptly removed him from school and placed him in another private program. The parents demanded that FSD pay for these private programs.

A due process hearing was held initially in April and May, 2005. However, only FSD participated in this hearing. Neither the Department of Health and Social Services Infant

---

[1] These "proposed" discovery requests are Exhibits A-F attached to plaintiff's motion.
[2] These facts are taken from the complaint and are not in dispute.

FSD Opposition to Motion to Permit Discovery                                    Page 2 of 12
*E.H. v. Dept. of Health & Social Services, et al.*
Case No. 3:06-cv-00033 (TMB)

Learning Program ("ILP" or "DHSS") nor Erin Kinavey participated in the hearing.[3] In June and July 2005, the Hearing Officer issued written decisions ruling that FSD had provided a free appropriate public education ("FAPE") for E.H. under the IDEA and denied the relief sought by the parents.

After an IEP was developed for E.H. by his IEP team, the parents disagreed with the IEP and the matter was submitted again to the Hearing Officer. Another decision was issued in January 2006, with the Hearing Officer again finding that the FSD educational program for E.H. under his IEP provided FAPE.

After this court entered its Order on September 27, 2006 [Docket 39] denying FSD's Motion for a Protective Order as moot and vacating its earlier Scheduling Order, plaintiff has now filed this Motion requesting an order permitting discovery in this administrative appeal. As part of the Motion, plaintiff has attached copies of the "proposed" requests for admission, production and interrogatories. FSD opposes that discovery in this appeal.

### III. ARGUMENT

The crux of the issue is summarized by plaintiff in the conclusory assertion at page 3 of his Memorandum that: "Obviously, in order to make a motion that the Court accept additional evidence, the Plaintiffs need to seek discovery so that they may determine what 'additional evidence' to offer the Court" in this matter.[4] Of course, that assertion simply begs the question.

---

[3] Although ILP was involved earlier in the due process hearing, the Hearing Officer granted the motion of the State to dismiss ILP in November 2004. **Plaintiff did not appeal that decision.**

[4] Plaintiff repeats this claim, at page 6 of his Memorandum, stating he seeks discovery "to determine in what areas the administrative record is lacking and to obtain the evidence that would appropriately supplement those areas that require it." That statement provides a fair description of the proverbial "fishing expedition."

**FSD Opposition to Motion to Permit Discovery**　　　　　　　　　　　　　　　　Page 3 of 12
*E.H. v. Dept. of Health & Social Services, et al.*
Case No. 3:06-cv-00033 (TMB)

Without an adequate proffer and solid justification, it is neither obvious nor appropriate in this appeal.

### There are no significant gaps in the administrative record.

Plaintiff claims at page 4 of the Memorandum that the dismissal of DHSS from the administrative hearing left a "significant gap in the administrative record."[5] Plaintiff further claims that since DHSS was not a party to the administrative hearing, he had "no opportunity to litigate this matter, and no opportunity to question witnesses or obtain documents that would be included in the administrative record." However, whatever minimal merit that argument offers, it pertains only to DHSS, but not to FSD. There is no basis or justification to subject FSD to this "proposed" discovery simply so that plaintiff can obtain information and documents from DHSS.

But plaintiff says at page 5 of his Memorandum the evidence he seeks to discover includes "information about any potential interrelationship between the two defendants." Plaintiff asserts this evidence is not repeated or embellished prior testimony, but is evidence that "is neither included in the administrative record, nor was it available during the course of the administrative hearing." However, plaintiff and his counsel had many opportunities to elicit that information from witnesses who testified during the administrative hearing, but he apparently elected to forego those opportunities, either for tactical reasons or from oversight. For example, several FSD employees testified during the administrative hearing who could have been asked

---

[5] Although plaintiff uses the phrase "gaps in the administrative record," that is not the phrase used by the courts. Rather, the courts have used the phrase "gaps in the administrative transcript owing to mechanical failure." Whether this is an inadvertent or intentional change in the phrase by plaintiff, it serves to significantly and improperly expand the reach of "additional evidence" far beyond what any court has allowed.

**FSD Opposition to Motion to Permit Discovery**  Page 4 of 12
*E.H. v. Dept. of Health & Social Services, et al.*
Case No. 3:06-cv-00033 (TMB)

questions about the interrelationship between the defendants.[6] Whether for tactical reasons or due to oversight, plaintiff failed to utilize that opportunity to gather that information which was readily available more than a year ago during the administrative hearing.[7] Moreover, plaintiff has offered no explanation why his counsel did not question these witnesses on these matters during the administrative hearing.

### The "proposed" discovery requests are irrelevant.

First of all, plaintiff has submitted only "proposed" discovery requests. Thus, any objections FSD has to this "proposed" discovery are simply advisory—that is, the objections simply serve to "advise" plaintiff what problems exist with the discovery requests before they are tendered. This simply allows plaintiff to revise the discovery requests to overcome or avoid these "advisory" objections. Neither the defendants nor the court should have to advise plaintiff of the objections to his discovery requests before they are actually submitted for response.

Second, and more importantly, the discovery requests to FSD are irrelevant to the issues before this court in this administrative appeal. For example, whether there have been hearing officers selected for due process hearings, or funding provided for these hearings for early intervention services[8] are matters that are entirely irrelevant to FSD since it is not responsible to provide early intervention services for any children. Similarly, whether an early intervention

---

[6] These individuals include: Janice Cleworth, the FSD Program Coordinator for Special Education, whose job was to oversee preschool programs; Jean James, a Special Education Preschool Teacher, and Eve Lambert, the Director of Special Education for FSD.

[7] This court has the discretion to deny a request for additional evidence that was not presented during the due process hearing if that evidence *could have been available* at the time of the hearing. *DeLullo v. Jefferson County Bd. of Educ.*, 194 F.3d 1304, (4th Cir 1999); *see also, Susan N. v. Wilson Sch. Dist.*, 70 F.3d 751, 759-60 (3d Cir. 1995); *and C.W. v. Anchorage School District*, Case No. 3:06-cv-009 TMB (D. Alaska 2006)(Docket 35, at p. 3—"The information sought by Plaintiffs at this juncture was available at the time of the hearing, and does not qualify as 'additional evidence.'")

[8] Exhibit D, p. 5 – "Proposed" Requests for Admission.

**FSD Opposition to Motion to Permit Discovery**                                              Page 5 of 12
*E.H. v. Dept. of Health & Social Services, et al.*
Case No. 3:06-cv-00033 (TMB)

program has ever paid for an "ABA program" or used "licensed" ABA providers[9] is entirely irrelevant to the IDEA services FSD provides. In addition, what "typically" happens when a child transitions from early intervention services to the IDEA services FSD provides, or the number of students who receive early intervention services, or the number of those children "with autism" are all questions[10] that are completely irrelevant to matters that were submitted to and decided by the Hearing Officer in the due process hearing, which is the subject matter of this appeal.

Again, to the extent that any of this information is relevant, plaintiff had a full and fair opportunity to inquire about any of this information from FSD witnesses at the administrative hearing, but failed or chose not to do so. That failure or choice may not be used to create "gaps in the administrative record," or to fabricate justification to permit discovery of this information now.

**The failure to demonstrate "solid justification" for discovery enables this Court to avoid a trial *de novo*, consistent with the IDEA.**

In this appeal of an administrative decision under the IDEA, consideration of whether additional evidence is justified comports with the standard of review in IDEA appeals. In addition, determining this question prior to permitting discovery allows the court to determine whether the evidence sought is indeed supplemental or whether plaintiff is engaged in an inappropriate search for new evidence. Plaintiff describes at page 5 of the Memorandum the evidence he seeks through discovery as information "relating to the role of the Defendant DHSS and the relationship between defendants and the responsibilities of Defendant DHSS versus those

---

[9]   Exhibit E, p. 2 – "Proposed" Requests for Production; and Exhibit F, p. 4 – "Proposed" Interrogatories.
[10]   Exhibit F, p. 5 – "Proposed" Interrogatories.

**FSD Opposition to Motion to Permit Discovery**                                                               Page 6 of 12
*E.H. v. Dept. of Health & Social Services, et al.*
Case No. 3:06-cv-00033 (TMB)

of the Defendant District as to E.H.'s program of services during a particular period of time." This clearly constitutes a wide-open search for <u>new</u> evidence—not merely evidence to fill "gaps in the administrative record."

Discovery of new evidence is contrary to what the law permits in appeals under the IDEA. The Ninth Circuit adopted a limited construction of the word "additional" to mean supplemental.[11] *Ojai Unified School Dist. v. Jackson*, 4 F.3d 1467, 1471 (9th Cir. 1993) (quoting *Town of Burlington v. Department of Education*, 736 F.2d 773, 790-791 (1st Cir. 1984), *aff'd*, 471 U.S. 359 (1985)); *see also, Walker County Sch. Dist. v. Bennett*, 203 F.3d 1293, 1299 (11th Cir. 2003) (adopting same definition).

The determination of what is "additional" evidence is within the discretion of the trial court "which must be careful not to allow such evidence to change the character of the hearing from one of review to a trial *de novo*." *Id.* The court stated:

> A practicable approach, we believe, is that an administrative hearing witness is rebuttably presumed to be foreclosed from testifying at trial. [A motion may then be made to allow such a witness to testify within specified limits stating the justification for the testimony]. In ruling on motions for witnesses to testify, a court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources.

---

[11] As noted by the *Ojai* court, "the reasons for supplementation will vary: they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing. The starting point for determining what additional evidence should be received, however, is the record of the administrative proceeding. *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1471 (9th Cir. 1993) (quoting *Town of Burlington v. Department of Education*, 736 F.2d 773, 790-791 (1st Cir. 1984), *aff'd*, 471 U.S. 359 (1985))

**FSD Opposition to Motion to Permit Discovery**                                                                                                           Page 7 of 12
*E.H. v. Dept. of Health & Social Services, et al.*
Case No. 3:06-cv-00033 (TMB)

*Id.* (quoting *Town of Burlington v. Department of Education*, 736 F.2d at 790-791 (1st Cir. 1984)). This is the standard the Ninth Circuit adopted for the admission of "additional" evidence in appeals under the IDEA.

Even though the issue in *Ojai* was the admission of additional evidence rather than taking discovery – the analysis is the same to determine whether discovery should be allowed. The plaintiff has offered no adequate justification for discovery – there are no gaps in the administrative transcript, or any unavailable witness, or assertion that the hearing officer improperly excluded evidence at the hearing, or that the plaintiff is seeking discovery of matters that occurred since the hearing. Absent any "solid justification,"[12] this discovery goes far beyond the record and is designed to impermissibly search for new evidence on new topics.

Several of the cases cited by Plaintiff apply this standard. In *Burks v. Bogalusa City Sch. Bd.*, 31 IDELR 1, 31 LRP 5720 (E.D. La. 1999), the court noted that "A lax interpretation of 'additional evidence' would 'reduce the proceedings before the state agency to a mere dress rehearsal by allowing appellants to transform the [IDEA's] judicial review mechanism into an unrestricted trial *de novo*.'" As a result, the court limited additional evidence to the submission of a subsequent IEP and re-evaluation of the student, but denied depositions of witnesses, a new independent evaluation of the student, or the introduction of "conflicting testimony" by hearing witnesses.

In *Peter G. v. Chicago Public Sch. Dist. No. 299*, 37 IDELR 215, 102 LRP 22242 (N.D. Ill. 2002), the court ruled that the discovery sought by plaintiffs exceeded the extent of additional discovery the court had allowed "for the limited purpose supplementing the administrative

---

[12] In *Independent School District No. 283 v. S.D.*, 88 F.3d 556, 560, (8th Cir. 1996), the court followed the First Circuit by ruling that "a party seeking to introduce additional evidence at the district court level must provide some *solid justification* for doing so." (emphasis added.)

FSD Opposition to Motion to Permit Discovery                                    Page 8 of 12
*E.H. v. Dept. of Health & Social Services, et al.*
Case No. 3:06-cv-00033 (TMB)

record," which was limited to evidence of the student's progress "since the date of the hearing." Of course, that is a recognized and accepted reason to allow additional evidence. However, that is not a basis claimed by plaintiff in this matter.

In *Lillbask v. Sergei*, 193 F.Supp.2d 503, 507 (D. Conn. 2002), the court recognized that the IDEA "seeks to avoid a trial *de novo* by prohibiting witnesses from repeating or embellishing previously rendered testimony." The court stated, "In avoiding a trial *de novo*, (citation omitted), the IDEA seeks to promote speedy resolution of the litigation." The court noted:

> Moreover, to make such evidence admissible would suggest it is discoverable. "A lenient standard for additional evidence would have the consequence of making the whole IDEA process more time consuming, as parties use the federal court proceeding to patch up holes in their administrative case."

*Id.* (quoting *Springer v. Fairfax County Sch. Bd.*, 134 F.3d 659, 667 (4th Cir. 1998)).

Finally, the court opined that "to permit ongoing and lengthy discovery . . . would increase the litigious nature of proceedings and undermine expediency, contrary to the command to give 'due weight' to the findings of the hearing officer [citing *Bd. of Education v. Rowley*, 456 U.S. 176 (1982)] by diluting the evidence before the hearing officer." *Id.* (citing *O'Toole v. Olathe Dist. Sch. Unified Sch. Dist. No. 223*, 963 F. Supp. 1000, 1015 (D. Kan. 1997)). The court concluded, "Evidence beyond the administrative record, if considered to be 'supplemental,' requires care 'not to allow such evidence to change the character of the hearing from one of review to a trial *de novo*.'" *Id.* (citing *Town of Burlington*, 736 F.2d at 790.)

The important element in all these cases is that the court undertook consideration the question of *whether discovery should be allowed* – not simply whether to admit discovery responses or depositions into evidence <u>after</u> discovery is complete. This approach serves the recognized purposes of reducing litigiousness and encourages judicial economy and expediency.

FSD Opposition to Motion to Permit Discovery
*E.H. v. Dept. of Health & Social Services, et al.*
Case No. 3:06-cv-00033 (TMB)

Page 9 of 12

It also serves to prohibit discovery designed to do nothing more than "patch up holes in [plaintiff's] administrative case." Plaintiff has failed to adequately demonstrate the "proposed" discovery in this case has any "solid justification" to allow him to supplement the administrative record. Lacking this required justification and necessity, FSD should not be subjected to these "proposed" discovery requests simply so that plaintiff can see if he can locate some "new" evidence.

### Plaintiff has failed to make an adequate proffer.

Plaintiff cites at page 5 of the Memorandum the case of *Walker County Sch. Dist. v. Bennett*, 203 F.3d 1293 (11th Cir. 2000) for the proposition that "the unavailability of information by way of discovery in the administrative process would also justify allowing later discovery and supplementation at the district court level."[13] In that case, the school district moved for an evidentiary hearing in the appeal before the district court to present "additional evidence." 203 F.3d at 1296. However, the district court required a proffer of the evidence the school district wished to present. The court then carefully reviewed each item of the proffered evidence[14] and concluded that, with two minor exceptions, the admission of most of the "additional evidence" was improper in the judicial review proceedings under the IDEA. 203 F.3d at 1297. The 11th

---

[13] The portion of this decision quoted verbatim at the bottom of page 5 of the Memorandum is from footnote 12 of that decision.

[14] The school district listed the names of nineteen witnesses, plus three categories of tangible or documentary evidence. The court found that five of the proposed witnesses had already testified at the administrative hearing, and the proposed testimony of several of the remaining witnesses was already in the record in the form of written reports, so that the testimony would be cumulative or irrelevant. The court also found that all of the proffered witnesses who had already testified were available at the time of the administrative hearing; that no explanation was given for not calling them at that time; and that permitting them to be called in the district court would "raise the dual concerns of unfairly permitting the parties to reserve their best evidence for trial while essentially converting an administrative review proceeding into a trial *de novo*." 203 F.3d at 1296-97.

FSD Opposition to Motion to Permit Discovery                                   Page 10 of 12
*E.H. v. Dept. of Health & Social Services, et al.*
Case No. 3:06-cv-00033 (TMB)

Circuit affirmed the district court's exercise of its discretion, and also expressly approved the procedure followed by the district court in "requiring a detailed proffer from the proponent of the additional evidence so that an appropriate determination could be made concerning its admissibility" under the IDEA. 203 F.3d at 1299.

In this matter, plaintiff has made little or no proffer, mush less a detailed proffer, of what he wishes to pursue through this "proposed" discovery. In fact, all that plaintiff claims is that he "must" be allowed to pursue discovery so that he can "determine what additional evidence" he wishes to offer to the court in this review proceeding. That is not an adequate detailed proffer to meet the standard for additional evidence under the IDEA.

## IV. CONCLUSION

For the reasons stated herein, the FSD respectfully requests this court to deny plaintiff's Motion to Permit Discovery and order that plaintiff is prohibited from submitting the "proposed" discovery to defendants.

DATED in Anchorage Alaska this 14th day of November 2006.

JERMAIN, DUNNAGAN & OWENS, P.C.

By: /s/ Bradley D. Owens
Bradley D. Owens
Jermain, Dunnagan & Owens, PC
3000 A Street, Suite 300
Anchorage, AK 99503
907- 563-8844
907-563-7322 (fax)
bradowens@jdolaw.com
Alaska Bar #7610122

FSD Opposition to Motion to Permit Discovery
E.H. v. Dept. of Health & Social Services, et al.
Case No. 3:06-cv-00033 (TMB)

Page 11 of 12

**Certificate of Service**

I hereby certify that on November 14, 2006, a copy of the foregoing FSD Reply to Opposition to Motion for Protective Order was served electronically on

Holly Johanknecht (hollyj@dlcak.org)
Stacie L. Kraly (Stacie_Kraly@law.state.ak.us)


s/ Bradley D. Owens


6264.018 - 135692

FSD Opposition to Motion to Permit Discovery
*E.H. v. Dept. of Health & Social Services, et al.*
Case No. 3:06-cv-00033 (TMB)

Page 12 of 12