**DAVID W. MÁRQUEZ**
**ATTORNEY GENERAL**

Stacie L. Kraly
Assistant Attorney General
Office of the Attorney General
P.O. Box 110300
Juneau, Alaska 99811
(907) 465-3600
Attorney for State of Alaska
Alaska Bar No. 9406040

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| E.H. by and through ) <br> His parents, H.H. and T.H., ) <br>     Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> Department of Health and Social ) <br> Services' Infant Learning Program, ) <br> Erin Kinavey, in her official capacity ) <br> As Program Manager, Part C ) <br> Coordinator of the Infant Learning ) <br> Program, and Fairbanks North Star ) <br> Borough School District, ) <br>     Defendants. ) <br> ) | <br><br><br><br><br><br><br><br><br><br><br>Case No. 3:06-cv 00033 (TMB) |

## INFANT LEARNING PROGRAM'S OPPOSITION TO MOTION TO PERMIT DISCOVERY

**INTRODUCTION**

EH has filed a Motion to Permit Discovery. This motion should be denied

for the reasons set forth below and for the reasons set forth in the Fairbanks North

Star Borough School District's (Fairbanks) Response in Opposition to the Motion to Permit Discovery.[1]

The Motion to Permit Discovery is premised, essentially, upon the argument that EH needs to conduct discovery to see if there is "additional evidence" to submit in support of his appeal. The premise fails because the statute that EH is relying upon does not contemplate the type of discovery that is being sought here.[2] For this reason and those set forth in the Fairbanks Response in Opposition to the Motion to Permit Discovery, the Motion to Permit Discovery should be denied.

**FACTUAL BACKGROUND**

ILP services are those required by Part C of the IDEA. The underlying appeal was a dispute between EH and Fairbanks and the Yukon/Koyukuk School District over the provision of Part B services under the IDEA. The ILP was "joined" in that matter without the ILP's consent, and the hearing officer granted the ILP's motion to dismiss agreeing with the ILP that he had no jurisdiction over the ILP. Neither the ILP nor Erin Kinevay participated in the underlying appeal, nor has there been any administrative hearing regarding Part C of the IDEA.

---

[1] The ILP joins in Fairbanks Response in Opposition to the Motion to Permit Discovery.

[2] 20 U.S.C. 1415(i)(2)(A) and (B); 20 U.S.C. 1439(a)(1).

ARGUMENT

1. <u>EH is not entitled to discovery under the IDEA</u>

As has been stated previously in the Motion for Protective Order and in the Fairbanks Response in Opposition to the Motion to Permit Discovery,[3] the IDEA clearly contemplates the submission of "additional evidence" to supplement the administrative record; however, the ability to *gather* and submit additional evidence is limited.[4] In fact, the statute does not allow for "discovery" at all; rather, it allows only for the submission of additional evidence.[5] The undersigned has not found any authority that authorizes the type of discovery that is being requested in this matter.

The *Ojia* case, which is relied upon by EH to support his Motion to Permit Discovery, is instructive on what is meant by the phrase "additional evidence" and whether the type of discovery sought in this motion is allowed under the IDEA.[6] First and foremost the *Ojia* court agreed with the First Circuit in holding that "additional evidence" as contemplated by the statute means supplemental

---

[3] Docket 27 and 48, respectively.

[4] *Ojia Unified School District v. Jackson*, 4 F.3d 1467 (9th Cir. 1993).

[5] See footnote 1, *supra*. The statute could have used the term "discovery" rather than "additional evidence." It did not.

[6] 241 F.3d 374 (9th Cir. 1993).

evidence.[7] According to the *Ojia* court, this interpretation is consistent with the underlying administrative process, which is the hallmark of the IDEA.[8] The *Ojia* court then stated that the submission of "additional evidence" could be appropriate if there were "gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing."[9] Finally, the court held that "the determination of what is "additional evidence" must be left to the discretion of the trial court which must be careful not to allow such evidence to change the character of the hearing from one of review to a trial *de novo.*"[10]

In the *Ojia* case the school district sought to admit additional evidence related to a subsequent placement. In that instance, the Ninth Circuit held that the district court has discretion to admit additional evidence "concerning relevant events occurring subsequent to the administrative hearing."[11] Here, EH is seeking to discover "additional evidence" of matters and issues that occurred years *before* the administrative hearing. The material sought is not concerning relevant events

---

[7] *Ojia*, 241 F.3d at 1472 -1473, citing to *Perrin v. United States,* 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1980).

[8] *Ojia*, 241 F.3d at 1472-1473; *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley,* 458 U.S. at 206, 102 S.Ct. at 3051.

[9] 241 F.3d at 1473.

[10] *Id.*

[11] *Id.* at 790.

subsequent to the administrative hearing.  For this reason the discovery sought does not constitute "additional evidence" admissible under *Ojia* and thus is not discoverable.  Additionally, despite the assertion otherwise, the evidence is not sought because there is a gap in the record.  There can be no gap in a record as to the ILP when the ILP was not a proper party to the underlying action.[12]

The IDEA contemplates the submission of the record on appeal and the ability to supplement the record with additional evidence.  However, this process is not unlimited and it clearly does not contemplate full-blown civil discovery as is being proposed by EH.  The Ojia court cautioned district courts interpreting this statute to be vigilant to avoid turning the administrative review into a *de novo* review.  The rationale for this warning is self-evident: parties should put on their case at the administrative level.  They should be required to put on the best evidence available and not save a novel theory or premise for their appeal.  In requesting discovery in this matter, EH is seeking to discover what additional evidence to submit.  This is not an effort to supplement the record but a wholesale attempt to discover new evidence to submit to the court.  This type of fishing expedition is not allowed under the IDEA and should not be allowed in this instance.

---

[12]   The ILP was dismissed from the underlying appeal because the hearing officer did not have jurisdiction over the ILP.  As such, the ILP was not a party so any evidence related to the ILP would have been inadmissible.

For all of the above reasons and the reasons set forth and authority cited in the Fairbanks Opposition to the Motion to Permit Discovery, the Motion for Discovery should be denied.

2. <u>EH is not entitled to discovery as to the ILP because he filed an "original action" against the ILP</u>

EH argues that the ILP is subject to civil discovery because EH filed an "original action" with respect to the ILP under 20 U.S.C. § 1439(a)(1). 20 U.S.C. § 1439(a)(1) provides in pertinent part that "any party aggrieved by the findings and decision regarding an administrative complaint shall have the right to bring a civil action with respect to that complaint in any state court of competent jurisdiction or in the district court without regard to the amount in controversy." The statute relied upon by EH clearly contemplates that there be a decision in an administrative context under Part C of the IDEA prior to filing any "original action" in federal court. There is no dispute that there has *never* been an administrative hearing with respect to the ILP regarding any dispute under Part C of the IDEA. In fact, the attempt to join the ILP in the administrative hearing below failed because the hearing officer did not have jurisdiction over the ILP. Therefore, the predicate of "findings and decision regarding an administrative complaint" upon which to base its "original action" has not been met and the ILP should not be subjected to discovery on that basis.[13]

---

[13] The ILP is filing concurrently with this Opposition a Motion to Dismiss. The ILP incorporates by reference that entire motion in support of its Opposition to the Motion to Permit Discovery.

**CONCLUSION**

The IDEA contemplates the submission of the agency record on appeal and a review of that record by the court. The IDEA provides the parties the right to supplement the record with additional evidence. EH is attempting to interject new evidence in this appeal, not seek to supplement the record, and such an effort should be denied by the court. Additionally, there can be no original action against the ILP under the IDEA, because any original action must be predicated upon an underlying administrative appeal. There has been no administrative hearing under Part C of the IDEA, therefore, there is no original action as contemplated by 20 U.S.C. § 1439(a)(1). The *Ojia* court's analysis should govern in this matter. The Motion to Permit Discovery should be denied.

Dated this 22nd day of November 2006, at Juneau, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By:   s/Stacie L. Kraly
      Assistant Attorney General
      Office of the Attorney General
      P.O. Box 110300
      Juneau, Alaska 99811
      (907) 465-3600
      (907) 465-2539
      stacie_kraly@law.state.ak.us
      Alaska Bar No. 9406040

CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2006, a copy of the foregoing was served via email on the following parties of record:

Meg Allison and Holly Johanknecht, Esq.

Bradley Owens

Sonja Kerr

_____
s/Stacie L. Kraly