**DAVID W. MÁRQUEZ**
**ATTORNEY GENERAL**

Stacie L. Kraly
Assistant Attorney General
Office of the Attorney General
P.O. Box 110300
Juneau, Alaska 99811
(907) 465-3600
Attorney for State of Alaska
Alaska Bar No. 9406040

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| E.H. by and through His parents, H.H. and T.H., <br>     Plaintiffs, <br><br> vs. <br><br> Department of Health and Social Services' Infant Learning Program, Erin Kinavey, in her official capacity As Program Manager, Part C Coordinator of the Infant Learning Program, and Fairbanks North Star Borough School District, <br>     Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br> Case No. 3:06-cv 00033 (TMB) |

**MEMORANDUM IN SUPPORT OF THE DEPARTMENT OF HEALTH AND SOCIAL SERVICES' INFANT LEARNING PROGRAM, ERIN KINAVEY, IN HER OFFICIAL CAPACITY AS PROGRAM MANAGER, PART C COORDINATOR OF THE INFANT LEARNING PROGRAM'S SECOND MOTION TO DISMISS**

**INTRODUCTION**

    The defendant the Department of Health and Social Services, Infant Learning Program, Erin Kinavey, in her official capacity as Program Manager,

Part C Coordinator of the Infant Learning Program (ILP), moves this court under Federal Rule of Civil Procedure 12(b) and (c) to dismiss the Second Amended Complaint and Appeal as to the ILP for the reasons set forth below.

**FACTUAL BACKGROUND**

The Individuals with Disability Education Act (IDEA) is a federally mandated program that is administered through the states. There are two parts of the IDEA: services that are provided for infants and toddlers, governed by Part C of the IDEA, and services that are provided to children during their school years, governed by Part B of the IDEA. Part C services are administered through the ILP and part B services are administered through the school districts themselves, with oversight by the State of Alaska, Department of Education and Early Development.

EH was born on January 28, 2000. At 18 months, EH was brought to the Alaska Center for Children and Adults (ACCA) to be assessed and evaluated. EH was not found eligible because he did not have sufficient deficits. ACCA provided EH's parents with its program booklet that provided them with notice of its grievance and appeal process. At that time, no appeal or grievance was filed. At age two EH was diagnosed with autism and was re-assessed. At that time, ACCA again determined that EH was not eligible for services because he still did not have sufficient deficits; however, despite this determination, ACCA waived those requirements and put EH in services. Those services required the parents to agree to and sign an Individual Family Services Plan (IFSP). At no time during

this process did the parents ever complain to the ACCA. EH began receiving infant learning services on March 15, 2002. EH continued to receive those ILP services until January 15, 2003, when a transition plan was entered into phase EH out of Part C services and into Part B services.[1]

The first the ILP learned of any "dispute" over Part C services (ILP services) was upon receipt of a letter on October 20, 2004, when the Disability Law Center (DLC) sent a letter to Neil Slotnick, Assistant Attorney General,[2] informing Mr. Slotnick that the hearing officer in a Part B due process hearing, by stipulation of the parties, had agreed to add the Department of Health and Social Services/ILP as a party.[3] As noted in the letter, no one from the state was present at this hearing, nor was any state agency served with any motion or provided notice that the parties (the parents or the school district) would be seeking the ILP's joinder in the proceeding.

---

[1] The ILP provides services under Part C of the IDEA. Those services are provided to children from birth through age two. After age three, the child is eligible for preschool services, which should be provided under Part B of the IDEA. The ILP does not provide service past the age of three. However, if a child is receiving services under Part C, the regulations require that a transition plan to Part B services be developed at least 90 days prior to the child turning three. At the time of the administrative hearing, E.H. was close to five years old, almost two full years older than the cut-off age for Part C services.

[2] Mr. Slotnick represents the State of Alaska, Department of Education and Early Development (DEED).

[3] The underlying appeal was between EH and Fairbanks North Star Borough and Yukon-Kuskoquim School District.

The ILP filed a motion to dismiss arguing *inter alia* that the failure to provide notice of the joinder was a violation of due process, that the hearing officer did not have jurisdiction over any disputes arising out of Part C of the IDEA, and that the state had a complaint process under Part C, which E.H. had not availed himself of and therefore had waived the issue or rendered it moot. The hearing officer agreed with ILP on the jurisdictional issue and granted the state's motion to dismiss in November 2004.[4] The Part B due process hearing continued over the next two years. Ultimately, the hearing officer found in favor of the Fairbanks North Star Borough School District.

On February 9, 2006, the DLC on behalf of EH filed a Complaint and Appeal in this court. That complaint was amended on February 17, 2006 and then again on February 23, 2006. The crux of the Second Amended Complaint and Appeal as to the ILP is that EH alleges it was error for the hearing officer to dismiss the ILP from the underlying action and for a declaration that the ILP does not have a due process procedure that meets the requirements of Part C of the IDEA.

**ARGUMENT**

EH's Second Amended Complaint and Appeal should be dismissed as to the ILP because it is time barred. EH is bringing this action against the ILP a

---

[4] Exhibits A and B to the Second Amended Complaint and Appeal [Docket 7].

full two years after the most applicable statute of limitations ran. Even if the court decides that EH's claim is not time barred, the Second Amended Complaint and Appeal as to the ILP should be dismissed because EH failed to exhaust his administrative remedies. The IDEA bases its civil action on the existence of an administrative decision and findings, neither of which occurred in this case against the ILP.

### The Statute of Limitations Bars This Appeal or Original Action

This matter should be dismissed because the action is barred under the most applicable statute of limitations. Although, there is no statute of limitations under either Part B or Part C of the IDEA, the United States Supreme Court has held that in the absence of a clear statute of limitation, a court must look to the most analogous state law to determine the appropriate statute of limitation for this action.[5] As stated in *C.M. ex rel. J.M. V. Board of Education of Henderson County*,[6] in the absence of an express statute of limitation, a court should evaluate which state statute of limitations is the most analogous limitations period and

---

[5] When Congress fails to provide a statute of limitations, federal courts borrow the most analogous state statute of limitations, provided that it is not inconsistent with underlying federal policies. *See County of Oneida v. Oneida Indian Nation,* 470 U.S. 226, 240, 105 S.Ct. 1245, 84 L.Ed.2d 169 (1985).

[6] 241 F.3d 374 (4th Cir. 2001).

whether that period is in any way inconsistent with the federal policies contained in the IDEA.[7]

There is no specific statute of limitations set forth in Alaska statutes or regulations governing Part C services in Alaska (the Infant Learning Program). There is, however, a state statute providing a statute of limitations that governs due process hearings under Part B of the IDEA, which is 12 months.[8] Thus, the most analogous limitation period that should apply is 12 months. This limitation period is consistent with the purposes of the IDEA because it supports the purpose of quick and efficient resolution of disputes between parties.

For this action to be timely, it must have been brought within 12 months of EH turning three (the date that ILP services terminated). EH began receiving services under the ILP program in 2002. He was transitioned out of the ILP program in January 2003, when he turned three years old. Under the reasoning of *C.M.* (January 2004), EH should have brought an appeal under Part C within 12 months of that date. EH never requested a Part C hearing between the ILP and EH. Therefore, this action should be barred on statute of limitations grounds.

EH transitioned out of Part C services to Part B services in January 2003, and the underlying appeal under Part B of the IDEA in this matter (brought under Part B), was filed on September 23, 2004. The ILP was dismissed out of that

---

[7] 241 F.3d at 379 citing to *County of Oneida v. Oneida Indian Nation*, 470 U.S. 226, 240, 105 S.Ct 1245, 84 L.Ed.2d 169 (1985).

[8] AS 14.30.193(a).

matter in November 2005, without any finding that the EH had exhausted his

administrative remedies.[9] Despite the adverse ruling on the ILP's participation in the due process hearing, EH did not seek any further remedy as to the ILP until filing this action over two years later – on February 9, 2006. Thus, the "appeal/original action" as to ILP was filed a full two years after the hearing officer ruled the he had no jurisdiction over the ILP and a full three years after EH was eligible for Part C services. Under any scenario, the court should find that this action is time barred and grant the ILP's motion to dismiss.

> **The IDEA does not contemplate an original action as argued by the DLC in this matter; rather the IDEA contemplates the ability to seek relief in federal court, regardless of the amount in controversy, after the parties have engaged in an administrative process.**

Jurisdiction in the Second Amended Complaint and Appeal with respect to the ILP is predicated upon the following statement:

> Plaintiffs have properly exhausted administrative remedies set forth in the Individuals with Disabilities Education Act. 20 U.S.C. § 1400 et. seq. and are challenging an administrative decision arising out of those proceedings as contrary to the IDEA and thus have a right to bring this civil action as an aggrieved party. 20 U.S.C. § 14159(i)(2) and 20 U.S.C. §§ 1435(a)(10), (13) and 1439.[10]

---

[9]    Exhibits A and B to the Second Amended Complaint and Appeal [Docket 7].

[10]    Paragraph 2 of the Second Amended Complaint and Appeal [Docket 7].

The ILP takes exception to this statement and submits that EH has failed to exhaust his administrative remedies as required under the federal law, a predicate to bringing an "original action."

EH asserts that he is entitled to an original action in federal court based upon 20 U.S.C. §§ 1435 and 1439. Specifically, 20 U.S.C. § 1439(a)(1) provides in pertinent part that "any party aggrieved by the findings and decision regarding an administrative complaint shall have the right to bring a civil action with respect to that complaint in any state court of competent jurisdiction or in the district court without regard to the amount in controversy." Thus, EH expressly recognizes the exhaustion of administrative remedies as required by the statute, prior to filing any "original action" in federal court.

EH appears to argue in the Second Amended Complaint and Appeal that he is entitled to bring an original action in federal court under Part C of the IDEA because he had a due process hearing under Part B of the IDEA. EH should not be allowed to bootstrap his Part B hearing to meet the statutory exhaustion requirements under Part C. There has never been a Part C complaint filed or hearing held; the only hearing that occurred that the ILP is aware of is a due process hearing against the Fairbanks North Star Borough School District and the Yukon/Koyukuk School District. In that proceeding the ILP asserted the hearing officer did not have jurisdiction over the ILP. The hearing officer held on November 10 and November 16, 2004, that he did not have jurisdiction over the

ILP and granted the ILP's motion to dismiss. There has **never** been any administrative due process hearing requested or held with respect to any complaints under Part C of the IDEA. Therefore, EH has not exhausted his administrative remedies under Part C of the IDEA and may not bring an original action against the ILP.[11]

Additionally, the hearing officer declined to hold, despite a request by EH, that EH had exhausted his administrative remedies. The hearing officer ruled in his order granting the motion to dismiss:

> The parents argue that they must be able to somehow exhaust their administrative remedies with ILP and they want this hearing officer to declare they have accomplished exhaustion in this case. This again misses the care point; without jurisdiction, this hearing officer is in no position to evaluate or adjudicate the conduct of the parents or ILP for purposes of exhaustion or any other dispute they may have.[12]

Thus, in the context of the underlying hearing, the plaintiffs clearly stated they needed to exhaust their administrative remedies and requested such relief, but the hearing officer declined to grant that relief stating he did not have jurisdiction over the matter.

---

[11] *See e.g.*, *Nieves-Marquez v. Puerto Rico*, 353 F.3d 108 (1st Cir. 2003); *Frazier v. Fairhaven School Committee*, 276 F.3d 52, 160 Ed. Law Rep. 336 (1st Cir. 2002); *Polera v. Board of Educ. of Newburgh Enlarged City School Dist.*, 288 F.3d 478, 164 Ed. Law Rep. 573 (2nd Cir. 2002).

[12] Exhibits A and B to Second Amended Complaint and Appeal [Docket 7].

The statute requires not just any administrative hearing. EH cannot rely upon an administrative hearing brought under Part B of the IDEA to meet the statutory predicate for an administrative hearing in order to bring an original action under Part C of the IDEA. There has never been a Part C hearing between EH and the ILP; thus, there is no decision regarding a complaint under Part C as required by the statute and no original action can be pled. The Second Amended Complaint and Appeal as to the ILP should be dismissed because EH has failed to exhaust his administrative remedies.

**CONCLUSION**

The IDEA is designed to promote the quick and efficient dispute resolution. This matter has not been quick or efficient with respect to the ILP. The last time the ILP served EH was in January 2003. This matter was filed with the federal court in January of 2006, a full three years after Part C services ceased. Despite an attempt to adjudicate administratively against the ILP, which was not successful, there has never been any administrative hearing held with respect to the ILP. This matter should be time barred and the ILP should be dismissed.

If the court finds that this matter is not time barred, it should dismiss this matter for failure to exhaust administrative remedies because there has never been any exhaustion under Part C of the IDEA. In order to file an original action in federal court, there must be some sort of administrative decision. There is no dispute that there has been no Part C hearing. This court should find that as a

matter of law that EH has failed to exhaust his administrative remedies. Under either theory, the Second Amended Complaint and Appeal as to the ILP should be dismissed.

Dated this 22nd day of November 2006, at Juneau, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By:   s/Stacie L. Kraly
Assistant Attorney General
Office of the Attorney General
P.O. Box 110300
Juneau, Alaska 99811
(907) 465-3600
(907) 465-2539
stacie_kraly@law.state.ak.us
Alaska Bar No. 9406040

CERTIFICATE OF SERVICE

I hereby certify that on November __, 2006, a copy of the foregoing was served by email on the following parties of record:

Holly Johanknect and Meg K. Allison, Esq.

Bradley Owens

Sonja Kerr

_____
s/Stacie L. Kraly