Holly Johanknecht
Disability Law Center of Alaska
3330 Arctic Blvd., Suite 103
Anchorage, Alaska 99503
(907) 565-1002
Attorney for Plaintiff
Alaska Bar No. 0511103

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | |
|---|---|
| E.H., by and through his parents, H.H. and T.H, <br><br> Plaintiffs <br><br> vs. <br><br> Department of Health and Social Services Infant Learning Program, Erin Kinavey in her official capacity as Program Manager, Part C Coordinator of the Infant Learning Program, and the Fairbanks North Star Borough School District, <br><br> Defendant. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> Case No. 3:06-cv-00033 (TMB) |

**REPLY TO FAIRBANKS NORTH STAR BOROUGH SCHOOL DISTRICT'S**

**OPPOSITION TO MOTION TO PERMIT DISCOVERY**

Plaintiff, E.H., by and through his parents H.H. and T.H., by and through their attorneys have moved this court for an order permitting discovery.

**INTRODUCTION**

On September 27, 2006 this court entered an order denying defendants' motion for a protective order as moot. In that order the court stated that the instant litigation is an administrative appeal and therefore exempt from the requirements of Federal Rule of Civil Procedure 16(b). The court ordered that a scheduling and planning meeting be held and a new

Reply to FNSBSD's Opposition to Motion to Permit Discovery                    Page 1 of 8
*E.H. v. DHSS, et al.*
Case No. 3:06-cv-00033 (TMB)

scheduling and planning report to be filed by all parties. In that report, E.H. argued that this case is subject to discovery and so intended to file a motion to that end.

## FACTS

E.H. is a now six-year-old child with autism, whose parents sought certain behavioral services for him. E.H.'s parents filed an administrative hearing request against the Defendant Fairbanks North Star Borough School District (FNSBSD) and moved to join Defendant Department of Health and Social Services Infant Learning Program (DHSS) before an administrative hearing officer appointed by the Department of Education and Early Development ("DEED"). The Independent Hearing Officer (IHO) denied the request, finding that he lacked jurisdiction over the DHSS. E.H.'s parents then pursued the claims against the FNSBSD, and ultimately brought suit in this court. The instant litigation is an appeal of the findings of the IHO as to FNSBSD, an appeal of the dismissal of DHSS by the IHO, and an original action as to DHSS.

E.H. attempted to proceed with discovery as outlined in the Scheduling and Planning Order [Docket No. 24], however, FNSBSD objected and filed a protective order [Docket No. 27]. DHSS joined in that motion. The court ruled that this action is an administrative appeal and therefore not subject to the requirements of Federal Rule of Civil Procedure 16(b), but stated that E.H.'s could file a motion arguing for discovery if they wish to do so. [Docket No. 40]

## ARGUMENTS

I.  **E.H. IS ENTITLED TO DISCOVERY UNDER THE IDEA**

FNSBSD argues that there is no justification to subject them to discovery. In their Opposition to Motion to Permit Discovery, FNSBSD states "[t]here is no basis or justification to subject FSD to this 'proposed' discovery simply so that plaintiff can obtain information and

Reply to FNSBSD's Opposition to Motion to Permit Discovery Page 2 of 8
*E.H. v. DHSS, et al.*
Case No. 3:06-cv-00033 (TMB)

documents from DHSS." E.H. initiated discovery from FNSBSD in order to determine what interrelationship, if any, exists between the district and DHSS. This sort of information must come from both parties to ensure that an accurate representation is provided. FNSBSD possess information on this subject that cannot come from another source, if they are exempted from the discovery process, this relevant information will be excluded.

FNSBSD states that the information sought through discovery was available to plaintiff during the administrative hearing. This may be true, but it does not provide a complete picture to the court as to why such testimony did not occur. During the hearing, E.H. sought to join DHSS as a party. However, the IHO denied that request and DHSS was dismissed. As the IHO dismissed DHSS claiming a lack of jurisdiction, he could not make any findings regarding DHSS. Without DHSS's participation in the administrative hearing, testimony regarding any relationship between FNSBSD and DHSS would have been inconsequential.

FNSBSD further argues that E.H.'s proposed discovery requests are irrelevant. FNSBSD seems to misunderstand the reasoning behind the proposed discovery requests. E.H. is not seeking any "advisory objections" from FNSBSD, rather, the proposed discovery requests are a way to inform the court of what discovery will be sought should plaintiff's motion be granted. The proposed discovery requests only illustrate the extremely limited and minimal discovery sought from FNSBSD.

Several of the discovery requests included in the proposed discovery requests are directed specifically at FNSBSD. Other proposed requests may be able to be answered by FNSBSD based on their particular responsibilities compared to those of DHSS. To claim FNSBSD should be exempted from all discovery requests merely because they are not responsible for a particular

Reply to FNSBSD's Opposition to Motion to Permit Discovery                                         Page 3 of 8
*E.H. v. DHSS, et al.*
Case No. 3:06-cv-00033 (TMB)

service or program seems unreasonable. If FNSBSD is unable to answer a specific discovery request, they are free to answer as such.

FNSBSD also states that E.H. is seeking information that "completely irrelevant to matters that were submitted to and decided by the Hearing Officer in the sue process hearing, which is the subject matter of this appeal."[1] The relationship between FNSBSD and DHSS was not decided by the IHO. That is because DHSS was dismissed by the IHO from the administrative hearing. E.H. is appealing that determination in this action, as well as the IHO's final determination as to FNSBSD.

That dismissal, exempting DHSS from the hearing, is what lead to the incomplete nature of the administrative record. Without DHSS participation, questions or evidence regarding DHSS would not be relevant to the administrative hearing, however, as DHSS is a party to this action, such evidence is relevant in this case. The absence of such evidence from the administrative hearing created an incomplete record that must be supplemented through additional evidence.

## II.   E.H. IS NOT SEEKING TO SUPPLEMENT THE RECORD

It should be again noted that plaintiff is not seeking to supplement the record at this time. E.H. is seeking to conduct very minimal and limited discovery with FNSBSD and more extensive discovery with DHSS.

FNSBSD claims that E.H. is seeking new evidence through its proposed discovery requests, and in a sense that is true. The evidence sought is not currently included in the administrative record, if it were included discovery would not be necessary. However, as DHSS was dismissed from the administrative hearing, no information or evidence regarding their role and responsibilities is included in the administrative record. While the evidence sought through discovery may be considered new evidence, it is essentially supplemental in nature. Evidence

---

[1] FNSBSD Opposition to Motion to Permit Discovery Docket No 48

Reply to FNSBSD's Opposition to Motion to Permit Discovery           Page 4 of 8
*E.H. v. DHSS, et al.*
Case No. 3:06-cv-00033 (TMB)

that, but for the dismissal of DHSS from the proceeding, should have been included in the record. Essentially filling a gap that exists in the record, completing it so this court can make a fully reasoned determination based on all of the facts of the case.

FNSBSD cites the court in *Ojai Unified School District v. Jackson*, which stated:

> A practicable approach, we believe, is that an administrative hearing witness is rebuttably presumed to be foreclosed from testifying at trial…. In ruling on motions for witnesses to testify, a court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness of one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources.

4 F.3d 1467, 1473 (9th Cir. 1993) (quoting *Town of Burlington v. Department of Education*, 736 F.2d 773, 790-791 (1st Cir. 1984). E.H. is not at this time attempting to have witnesses testify at trial, rather he is seeking very limited discovery in the form of requests for admissions, interrogatories and requests for production of documents. In addition, E.H. made every effort to include DHSS in the administrative hearing, so there can be no argument that the discovery requests are an attempt to "undercut the statutory role of administrative expertise" or "reserv [e] its best evidence for trial." *Id.*

Defendant offers no statutory requirement or case law to support his contention that the analysis to determine whether to supplement the record and the analysis to determine whether discovery should be permitted should be the same. The list of "adequate justification"[2] listed by FNSBSD are merely examples of potential reasons for supplementing the record as offered by the court in *Town of Burlington*, but fails to note that the list provided by the court is neither exhaustive nor exclusive.

---

[2] "no gaps in the administrative transcript, or any unavailable witness, or assertion that the hearing officer improperly excluded evidence at the hearing, or that the plaintiff is seeking discovery of matters that occurred since the hearing." Docket No 48.

Reply to FNSBSD's Opposition to Motion to Permit Discovery                    Page 5 of 8
*E.H. v. DHSS, et al.*
Case No. 3:06-cv-00033 (TMB)

In the instant litigation, E.H. has provided to Defendants and the Court, proposed discovery requests. This proposed discovery demonstrates to the court the limited nature of the evidence sought from FNSBSD. In addition, if discovery is permitted, E.H. will file a separate motion to supplement the administrative record, allowing the court the final opportunity to determine whether any proffered evidence is supplemental before it would be included in the administrative record.

FNSBSD contends that E.H. did not offer a "solid justification" to allow supplementation of the administrative record. As E.H. is not currently seeking to supplement the administrative record, that is a fair assessment. If and when E.H. determines such supplementation is necessary, all required justifications will be provided. However, E.H. has offered sufficient justification to permit limited and minimal discovery, the complete absence of a party from the administrative record is a significant lack that must be remedied. If, through the discovery process, evidence comes to light that will appropriately supplement the record, plaintiff will seek to have such evidence admitted. At this time however, plaintiff only seeks an opportunity to conduct some minimal discovery to further that attempt.

FNSBSD further contends that E.H. did not make an adequate proffer. E.H. is unable to make a proffer of the evidence it may wish to seek to supplement the administrative record with because without discovery, plaintiff is unaware of what evidence, if any, would be an appropriate supplement to the administrative record. To require a detailed list of evidence, without first allowing plaintiff the opportunity to discover the evidence seems counterintuitive. If discovery is permitted, and plaintiff determines that evidence exists that would properly supplement the record, a separate motion will be made to the court to that end. However, Plaintiff's proposed discovery requests serve a similar purpose. They have been made available to both defendants

Reply to FNSBSD's Opposition to Motion to Permit Discovery                    Page 6 of 8
*E.H. v. DHSS, et al.*
Case No. 3:06-cv-00033 (TMB)

and the court as an indication of what discovery will be sought if the court permits it. At this time, it is impossible for plaintiff to be more specific as to what information is sought.

## CONCLUSION

Plaintiffs request that their Motion to Permit Discovery be granted, to enable them to (1) determine what areas of the administrative record are incomplete, (2) to determine what information exists that might fill those gaps and make a determination what evidence, if any, might properly supplement the administrative record so it can attempt to do so. Plaintiffs also request that the court order parties to set a new discovery schedule.

Respectfully submitted this 28th day of November 2006.

       /s Holly J. Johanknecht
Holly J. Johanknecht  AK Bar No. 0511103
Disability Law Center of Alaska
3330 Arctic Blvd., Suite 103
Anchorage, AK   99503
Telephone: (907) 565-1002
Fax: (907) 565-1000
Attorney for Plaintiff
Email: hollyj@dlcak.org

**Certificate of Service**

I hereby certify that on the 28th day of
November 2006, a copy of this Complaint
was served electronically on:

Brad Owens
Jermain, Dunnagan & Owens
bradowens@jdolaw.com

Stacie Kraly
Office of the Attorney General
stacie_kraly@law.state.ak.us

    s/ Holly Johanknecht
Holly Johanknecht

Reply to FNSBSD's Opposition to Motion to Permit Discovery    Page 7 of 8
*E.H. v. DHSS, et al.*
Case No. 3:06-cv-00033 (TMB)

Reply to FNSBSD's Opposition to Motion to Permit Discovery                Page 8 of 8
*E.H. v. DHSS, et al.*
Case No. 3:06-cv-00033 (TMB)