Holly Johanknecht
Disability Law Center of Alaska
3330 Arctic Blvd., Suite 103
Anchorage, Alaska 99503
(907) 565-1002
Attorney for Plaintiff
Alaska Bar No. 0511103

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | |
|---|---|
| E.H., by and through his parents, H.H. and T.H, ) ) ) Plaintiffs ) ) vs. ) ) Department of Health and Social Services ) Infant Learning Program, Erin Kinavey in ) her official capacity as Program Manager, ) Part C Coordinator of the Infant Learning ) Program, and the Fairbanks North Star ) Borough School District, ) ) Defendant. ) ) | Case No. 3:06-cv-00033 (TMB) |

**REPLY TO INFANT LEARNING PROGRAM'S OPPOSITION TO MOTION TO PERMIT DISCOVERY**

Plaintiff, E.H., by and through his parents H.H. and T.H., by and through their attorneys have moved this court for an order permitting discovery.

**INTRODUCTION**

On September 27, 2006 this court entered an order denying defendants' motion for a protective order as moot. In that order the court stated that the instant litigation is an administrative appeal and therefore exempt from the requirements of Federal Rule of Civil Procedure 16(b). The court ordered that a scheduling and planning meeting be held and a new

Reply to ILP's Opposition to Motion to Permit Discovery                              Page 1 of 7
*E.H. v. DHSS et al.*
Case No. 3:06-cv-00033 (TMB)

scheduling and planning report to be filed by all parties. In that report, E.H. argued that this case is subject to discovery and so intended to file a motion to that end.

## FACTS

E.H. is a now six-year-old child with autism, whose parents sought certain behavioral services for him. E.H.'s parents filed an administrative hearing request against the Defendant Fairbanks North Star Borough School District (FNSBSD) and moved to join Defendant Department of Health and Social Services Infant Learning Program (DHSS) before an administrative hearing officer appointed by the Department of Education and Early Development ("DEED"). The Independent Hearing Officer (IHO) denied the request, finding that he lacked jurisdiction over the DHSS. E.H.'s parents then pursued the claims against the FNSBSD, and ultimately brought suit in this court. The instant litigation is an appeal of the findings of the IHO as to FNSBSD, an appeal of the dismissal of DHSS by the IHO, and an original action as to DHSS.

E.H. attempted to proceed with discovery as outlined in the Scheduling and Planning Order [Docket No. 24], however, FNSBSD objected and filed a protective order [Docket No. 27]. DHSS joined in that motion. The court ruled that this action is an administrative appeal and therefore not subject to the requirements of Federal Rule of Civil Procedure 16(b), but stated that E.H.'s could file a motion arguing for discovery if they wish to do so. [Docket No. 40]

## ARGUMENTS

### I.   E.H. IS ENTITLED TO DISCOVERY UNDER THE IDEA

Discovery, and the subsequent admission of additional evidence is explicitly considered by the IDEA. 20 U.S.C. § 1415(i)(2)(A). Despite the fact the term "discovery" is not used in the

Reply to ILP's Opposition to Motion to Permit Discovery                                      Page 2 of 7
*E.H. v. DHSS et al.*
Case No. 3:06-cv-00033 (TMB)

statute, it is unreasonable to allow the admission of additional evidence without allowing a mechanism for that evidence to be made available.

The Ninth Circuit has interpreted the term "additional" to mean "supplemental". *Ojai Unified School District v. Jackson*, 4 F.3d 1467, 1473 (9th Cir. 1993). The court in *Ojai* lists a variety of potential reasons for supplementation of the administrative record. *Id.*, citing *Town of Burlington v. Department of Education*, 736 f.2d 773, 790 (1st Cir. 1984), aff'd, 471 U.S. 359 (1985). DHSS's opposition properly lists those potential reasons for supplementation, but fails to note that the list provided by the court is neither exhaustive nor exclusive. *Walker County School District v. Bennett*, 203 F.3d 1293, 1299 (11th Cir. 2000). The list is merely a collection of examples, the types of reasons supplementation of the record might be appropriate.

The court in *Town of Burlington* declined to adopt rigid rules regarding the admission of additional evidence, stating that such a rule would "unduly limit a court's discretion and constrict its ability to form the independent judgment Congress expressly directed." *Town of Burlington*, 736 F2d at 790. Therefore, it would be inappropriate to so narrowly limit the potential reasons for supplementation. Rather, the court should consider whether they type of discovery sought is likely to discover evidence that would be in fact "supplemental" as required.

In its Opposition to Motion to Permit Discovery, DHSS states that because E.H. is not seeking discovery concerning events that occurred subsequent to the administrative hearing, and thus is not discoverable under *Ojai*. The court in *Ojai* did rule on the admissibility of evidence, when the evidence sought to be admitted related to events occurring after the administrative hearing, however, the court never states that this is the only kind of additional evidence that is admissible. In fact, as mentioned above, the court provides a list of potential reasons for the

Reply to ILP's Opposition to Motion to Permit Discovery                                        Page 3 of 7
*E.H. v. DHSS et al.*
Case No. 3:06-cv-00033 (TMB)

admission of supplemental evidence. The fact that E.H. does not seek to discover evidence concerning events subsequent to the administrative hearing is irrelevant.

DHSS also states that, "[t]here can be no gap in a record as to the ILP when the ILP was not a proper party to the underlying action." This statement misses the point of E.H.'s argument. DHSS's dismissal from the administrative action, and their subsequent absence from the proceedings in itself creates a gap in the record. E.H. contends that DHSS's dismissal from the administrative hearing was incorrect, and resulted in an administrative record that is incomplete. An incomplete administrative record does not allow this Court to fully analyze and consider the evidence, because not all of the relevant evidence is presented in the administrative record.

Finally, Defendadant DHSS argues that E.H. is seeking to discover new evidence, rather than seeking evidence to properly supplement the administrative record. This is a unique case as it is both an administrative appeal, and an original action. E.H. is appealing the decision in the administrative hearing in regards to the dismissal of DHSS from the hearing, as well as to the ultimate decision regarding FNSBSD. In addition to the appeal, this case is also an original action against DHSS. In the Second Amended Complaint, E.H. makes allegations of violations of the IDEA and Alaska law against DHSS. In order to accommodate both aspects of this litigation, E.H. seeks to both discover evidence to properly supplement the administrative record, and to obtain evidence that is "reasonably calculated to lead to the discovery of admissible evidence." Federal Rule of Civil Procedure 26.

It should be noted that E.H. is not seeking to supplement the administrative record at this time. If discovery is permitted, E.H. will file a separate motion seeking to supplement the record.

## II.    E.H. IS ENTITLED TO DISCOVERY THAT COMPLIES WITH THE FEDERAL RULES OF CIVIL PROCEDURE.

Reply to ILP's Opposition to Motion to Permit Discovery                                              Page 4 of 7
*E.H. v. DHSS et al.*
Case No. 3:06-cv-00033 (TMB)

As noted above, this action is both an administrative appeal AND an original action with regards to DHSS. As an original action, E.H. is entitled to discovery as outlined in Federal Rule of Civil Procedure 26 which states, "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." The rule further states that "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

DHSS claims because there was not an administrative hearing involving DHSS, that E.H. has not met the requirements to bring a civil suit. E.H. attempted to join DHSS in the underlying administrative hearing, but DHSS was dismissed from that action. That dismissal is one of the bases for the instant litigation.

The IDEA provides that "any party aggrieved by the findings and decision regarding an administrative complaint shall have the right to bring a civil action with respect to that complaint" 20 U.S.C. § 1439(a)(1). E.H. is aggrieved by the IHO's decision to dismiss DHSS from the administrative hearing and therefore has the right to bring this civil action. DHSS cannot avoid accountability in court by claiming E.H. has not exhausted administrative remedies when E.H. was prohibited from doing so based on DHSS's own motion. E.H. cannot engage in the administrative process with DHSS, when as DHSS claims, they are not subject to jurisdiction.

In addition, E.H. claims that there was no appropriate due process system in place at the time to address issues of this nature. Without such a system in place, E.H. had no mechanism with which to engage DHSS in the administrative process, other than its attempt to join them in the administrative hearing involving DHSS, which was denied. EH has made two attempts to have heard the issues raised in the current action, through the administrative appeals within the infant

Reply to ILP's Opposition to Motion to Permit Discovery                                      Page 5 of 7
*E.H. v. DHSS et al.*
Case No. 3:06-cv-00033 (TMB)

learning program and through a due process hearing.  E.H. has not had that opportunity yet.  That is why the current lawsuit is an original action against DHSS, in addition to an appeal of the hearing officer's decision dismissing them as a party and his finding with regard to the district.

E.H. is entitled to discovery based on Rule 26 of the Federal Rules of Civil Procedure in respect to its claims against DHSS.

## CONCLUSION

E.H.s respectfully request that their Motion to Permit Discovery be granted with regards to DHSS, to enable them to conduct discovery with DHSS in a manner consistent with any original action following Rule 26 of the Federal Rules of Civil Procedure. E.H.s also request that the court order parties to set a new discovery schedule.

Respectfully submitted this 28th day of November 2006.

/s Holly J. Johanknecht
Holly J. Johanknecht  AK Bar No. 0511103
Disability Law Center of Alaska
3330 Arctic Blvd., Suite 103
Anchorage, AK   99503
Telephone: (907) 565-1002
Fax: (907) 565-1000
Attorney for Plaintiff
Email: hollyj@dlcak.org

**Certificate of Service**

I hereby certify that on the 28th day of November 2006, a copy of this Complaint was served electronically on:

Brad Owens
Jermain, Dunnagan & Owens
bradowens@jdolaw.com

Stacie Kraly
Office of the Attorney General
stacie_kraly@law.state.ak.us

Reply to ILP's Opposition to Motion to Permit Discovery                              Page 6 of 7
*E.H. v. DHSS et al.*
Case No. 3:06-cv-00033 (TMB)

      s/ Holly Johanknecht
Holly Johanknecht

Reply to ILP's Opposition to Motion to Permit Discovery                                    Page 7 of 7
*E.H. v. DHSS et al.*
Case No. 3:06-cv-00033 (TMB)