Holly Johanknecht
Disability Law Center of Alaska
3330 Arctic Blvd., Suite 103
Anchorage, Alaska 99503
(907) 565-1002
Attorney for Plaintiff
Alaska Bar No. 0511103

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | |
|---|---|
| E.H., by and through his parents, H.H. and T.H, ) ) ) Plaintiffs ) ) vs. ) ) Department of Health and Social Services Infant Learning Program, Erin Kinavey in her official capacity as Program Manager, Part C Coordinator of the Infant Learning Program, and the Fairbanks North Star Borough School District, ) ) ) ) ) ) ) ) Defendant. ) ) | Case No. 3:06-cv-00033 (TMB) |

**OPPOSITION TO THE DEPARTMENT OF HEALTH AND SOCIAL SERVICES' INFANT LEARNING PROGRAM, ERIN KINAVEY, IN HER OFFICIAL CAPACITY AS PROGRAM MANAGER, PART C COORDINATOR OF THE INFANT LEARNING PROGRAM'S SECOND MOTION TO DISMISS**

**INTRODUCTION**

Defendant Department of Health and Social Services (DHSS) filed a Second Motion to Dismiss the Second Amended Complaint and Appeal as to the ILP. This motion should be denied for the reasons set forth below.

DHSS in their Motion to Dismiss argues that there are two bases for dismissal. First, that E.H. failed to properly exhaust administrative remedies prior to bringing this action. This

reasoning is flawed. A through reading of E.H's Second Amended Complaint and Appeal demonstrates that one of E.H.'s claims is the lack of administrative process in regards to Part C claims. E.H. made every attempt at exhaustion prior to bringing this claim and should not be penalized because they failed to participate in an administrative process they were unaware of, and that may in fact not exist.

Secondly DHSS claims that that E.H.'s Second Amended Complaint and Appeal is time barred. This claim is made despite the absence of a statute of limitations under either state or federal law, and despite the young age of plaintiff. For these reasons, DHSS's Second Motion to Dismiss should be denied.

**FACTUAL BACKGROUND**

This case is both an appeal of an administrative hearing and an original action against DHSS. In the underlying administrative action under Part B of the IDEA against FNSBSD, E.H. attempted to join DHSS. DHSS moved to dismiss themselves from that hearing and their motion was granted by the Independent Hearing Officer (IHO) who agreed with DHSS's contention that he lacked jurisdiction over DHSS. The administrative hearing involving FNSBSD and E.H. continued without any additional involvement from DHSS. Following the administrative hearing, E.H. appealed the decision of the IHO, and made several claims against DHSS, including a lack of due process procedure for IDEA Part C.

**ARGUMENT**

I.   **FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES DOES NOT PROHIBIT EH FROM BRINING THIS ACTION.**

DHSS claims that exhaustion of administrative remedies is a prerequisite to bringing an action in federal court under IDEA. While this may generally be the case, there are several

recognized exceptions to the exhaustion requirement. In *Doe v. Honig*, the Supreme Court held that "parents may bypass the administrative process where exhaustion would be futile or inadequate." 484 U.S. 305, 327 (1988).[1] In *SEC v. G.C. George Securities*, the Court of Appeals for the Ninth Circuit stated, "there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." 637 F.2d 685, 688 (9th Cir. 1981).

E.H. made every attempt to exhaust administrative remedies. E.H.'s parents requested information regarding available due process proceedings available for Part C, but were not informed of any such proceedings while E.H. was receiving Part C services.[2] E.H. attempted to join DHSS in an administrative hearing under Part B of the IDEA, but was unsuccessful when DHSS was dismissed for lack of jurisdiction. Given the apparent unavailability of any administrative remedy, E.H. brought this action. It would be unreasonable to require E.H. to have participated in an administrative process that apparently did not exist. When E.H. attempted to involve DHSS in an existing administrative process, they were dismissed for lack of jurisdiction. Consequently, DHSS cannot claim that is not subject to the jurisdiction of a hearing officer under Part B of the IDEA and that E.H. failed to exhaust his administrative remedies, particularly where E.H. challenges the existence of an administrative review process under Part C.  Given that any additional pursuit of administrative remedies would be futile, the requirement of administrative exhaustion is exempted and so DHSS's Motion to Dismiss claim of failure to exhaust must be denied.

---

[1] See also *Smith v. Robinson*, 468 U.S. 9992 (1984).
[2] See Affidavit of H.H.

## II.     E.H.'S CLAIM AGAINST DHSS IS NOT TIME BARRED

DHSS agues that E.H's claim against them must be dismissed because it is subject to a statute of limitations that has expired. Although DHSS concedes that there is no statute of limitation for bringing a civil action under the IDEA in either state or federal law, DHSS claims that the most analogous limitation period should apply, which DHSS argues is twelve months from the time that E.H. turned three.

The Alaska Statute cited by DHSS, AS 14.30.193(a), relates to the time within which a parent must request a due process hearing on the limited issues relating to "identification, evaluation, or educational placement of the child, or the provision of a free, appropriate, public education to the child." In this situation, this action was brought to challenge DHSS's dismissal from the administrative hearing, and to challenge the lack of any administrative due process procedure for Part C. Neither of these two claims falls within the issues outlined in the statute cited by DHSS, making the provision far from analogous. Therefore the twelve-month statute of limitations suggested by DHSS should not be applied.

In addition, DHSS fails to take into consideration the age of E.H. AS 09.10.140 provides,

> a person entitled to bring an action mentioned in this chapter is at the time the cause of action accrues either (1) under the age of majority, or (2) incompetent by reason of mental illness or mental disability, the time of a disability identified in (1) or (2) of this subsection is not a part of the time limit for the commencement of the action. Except as provided in (b) of this section, the period within which the action may be brought is not extended in any case longer than two years after the disability ceases.

It is clear that E.H. would be considered "a person entitled to bring an action" as it is his substantive and procedural rights that have been violated by the actions of DHSS. The

language in the IDEA is very much focused on the child[3], leading to the conclusion that the rights it grants are primarily the rights of the child.[4]

In addition, this action would fall within the category of "an action mentioned in this chapter". AS 09.10.010 uses the term "civil action" when describing the types of actions described in the chapter. The same term "civil action" is used in Part C of the IDEA. 20 U.S.C. § 1439(a). Thus it is clear that no statute of limitations applicable to this claim can begin to toll until E.H. reaches the age of majority.[5]

Finally, E.H.'s claim with regard to the lack of an administrative process under Part C is a challenge to DHSS's violation of E.H.'s due process rights. When a claim challenges the availability of due process, the claim is constitutional in nature under the 14th Amendment. "The right to due process is conferred, not by legislative grace, but by constitutional guarantee".[6] Thus, the most analogous claim for the Court utilize is a civil rights violation. Furthermore, DHSS fails to point out that the IDEA is a civil rights statute[7]. So, again, the appropriate statute of limitations for the Court to consider is that of civil rights actions, which is two years in Alaska. AS 09.10.010.

At the time this cause of action accrued, E.H. was a minor. Currently, E.H. is only six years old.[8] That means, the statute of limitations does not begin to toll until he reaches the

---

[3] See 20 U.S.C. § 1431 et al.
[4] The IDEA also grants procedural rights to the parents, for example the right to participate in the IEP process (20 U.S.C. § 1414(d)(1)(B)(i)), and the right to a due process hearing (20 U.S.C. § 1439). However, 20 U.S.C. §1439 specifically states that "any party aggrieved" has the right to file a civil action. This indicates that the child, not just the parents has the right to file such an action.
[5] At this time E.H. is six years old.
[6] See *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 541, 105 S. Ct. 1487, 1493 (1985) (Internal citations omitted).
[7] IDEA guarantees all children with disabilities a free and appropriate public education, in accordance with the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.
[8] See Affidavit of H.H.

age of majority, and it continues to toll for the two years following. Therefore. DHSS's claim that this action should be dismissed because it is time barred must be denied.

## CONCLUSION

Because DHSS fails to recognize the difference between a substantive challenge and a procedural challenge under the IDEA Part C and mischaracterizes E.H.'s current action, DHSS comes to the wrong conclusions concerning whether E.H. must exhaust administrative remedies and the applicable statute of limitations. E.H. has clearly made a procedural challenge against DHSS's lack of a Part C administrative process in violation of E.H.'s due process rights, thus excusing E.H. from exhausting administrative remedies. Additionally, even if the Court found E.H. was required to exhaust administrative remedies, E.H. has clearly attempted to do so under Part B, the only established administrative proceeding at the time. Finally, because E.H. challenges the lack of due process he received under Part C, this action is a civil rights action and the applicable statute of limitations is two years from the time E.H. reaches the age of majority. For these reasons, the Court should deny DHSS's motion to dismiss.

Dated in Anchorage, Alaska, this 15th day of December, 2006

        /s Holly J. Johanknecht
Holly J. Johanknecht
Disability Law Center of Alaska
3330 Arctic Boulevard, Suite 103
Anchorage, Alaska 99503
Telephone: 907-565-1002
Fax: 907-565-1000
Email: hollyj@dlcak.org
Alaska Bar No. 0511103

Certificate of Service

I hereby certify that on the 15th day of December, 2006, a copy of this document was served electronically on:

Stacie Kraly
Stacie_kraly@law.state.ak.us

Bradley Owens
bradowens@jdolaw


\_\_\_\_\_/s Holly J. Johanknecht_____
Holly J. Johanknecht