**TALIS J. COLBERG**
**ATTORNEY GENERAL**

Stacie L. Kraly
Assistant Attorney General
Office of the Attorney General
P.O. Box 110300
Juneau, Alaska 99811
(907) 465-3600
Attorney for State of Alaska
Alaska Bar No. 9406040

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| E.H. by and through His parents, H.H. and T.H., Plaintiffs, vs. Department of Health and Social Services' Infant Learning Program, Erin Kinavey, in her official capacity As Program Manager, Part C Coordinator of the Infant Learning Program, and Fairbanks North Star Borough School District, Defendants. | Case No. 3:06-cv 00033 (TMB) |

**REPLY TO OPPOSITION TO THE DEPARTMENT OF HEALTH AND SOCIAL SERVICES' INFANT LEARNING PROGRAM, ERIN KINAVEY, IN HER OFFICIAL CAPACITY AS PROGRAM MANAGER, PART C COORDINATOR OF THE INFANT LEARNING PROGRAM'S SECOND MOTION TO DISMISS**

The plaintiff in his opposition attempts to confuse the issues in an effort maintain some sort of action at this time. However, as to the ILP, the second amended complaint should be dismissed.

**The statute of limitations bars this appeal or original action**

EH does not dispute that in a situation such as this, where there is no statute of limitations under either Part B or Part C of the IDEA, the United States Supreme Court has held that in the absence of a clear statute of limitation, a court must look to the most analogous state law to determine the appropriate statute of limitation for this action.[1] As stated in *C.M. ex rel. J.M. v. Board of Education of Henderson County*,[2] in the absence of an express statute of limitation, a court should evaluate which state statute of limitations is the most analogous limitations period and whether that period is in any way inconsistent with the federal policies contained in the IDEA.[3]

ILP argues that the most analogous limitations period is 12-months[4] under AS 14.30.193(a), the state statute dealing with due process rights of children under the Part B of the IDEA. The plaintiff asserts that the most analogous statute of limitations is AS 09.10.010, a general, catch-all, two-year statute of limitations that is tolled until EH turns 18. Relying upon EH's position, this action conceivably would be timely so long as it was brought before the year 2020. That position is clearly at odds with the policy of the IDEA for quick and efficient

---

[1] *See County of Oneida v. Oneida Indian Nation,* 470 U.S. 226, 240, 105 S.Ct. 1245, 84 L.Ed.2d 169 (1985).

[2] 241 F.3d 374 (4th Cir. 2001).

[3] 241 F.3d at 379 citing to *County of Oneida v. Oneida Indian Nation*, 470 U.S. 226, 240, 105 S.Ct 1245, 84 L.Ed.2d 169 (1985).

[4] AS 14.30.193(a).

resolution of education disputes.[5] As in *C.M. ex rel. J.M.*, AS 14.30.193(b) is the most analogous statute of limitations in this instance, not AS 09.10.010.

For this action to be timely, it must have been brought within 12 months of EH turning three (the date that ILP services terminated): January 28, 2004. This action is time barred and the ILP's Second Motion to Dismiss should be granted.

**This is an appeal not an original action as argued by EH; therefore, the matter must be dismissed because there has been no administrative process.**

There is also no dispute that EH has failed to exhaust his administrative remedies as required under federal law, a predicate to bringing an "original action." Notwithstanding, EH agues that he is exempt from this requirement because there was no process available to him. This is simply not the case and the court should dismiss this matter for failure to exhaust administrative remedies.

EH has consistently recognized the need to exhaust his administrative remedies as to the ILP. In fact, in the underlying hearing, recognizing the need to exhaust for purposes of Part B, EH asked the hearing officer to make such a finding and the hearing officer refused since he did not have jurisdiction over the ILP. EH cannot simply say that there was no hearing available, thereby excusing the requirement to exhaust his administrative remedies. Aside from the conclusory allegations by EH's mother, there is nothing before this court that shows that a Part C hearing would be futile. However, documents signed by EH's

---

[5] *C.M. ex rel. J.M v. Board of Educ. of Henderson County*, 241 F.3d at 380.

mother in 2004 contradicts her allegation she was unaware of her due process options at that time.[6] The fact that EH chose to litigate his dispute with the ILP in a Part C hearing - which was the wrong forum - does not excuse EH from his obligations to seek administrative relief under Part B of the IDEA. EH's attempt to join the ILP in the underlying Part C hearing was not successful and no other attempt has been made (except for the filing of this action) to seek any administrative review of the decision made under the ILP.[7] The failure to seek review does not equate to futility. This matter should be dismissed for the failure to exhaust administrative remedies.

**CONCLUSION**

As stated previously, the IDEA is designed to promote quick and efficient dispute resolution. This matter has not been quick or efficient with respect to the ILP. This matter is time barred and EH failed to exhaust his

---

[6] Exhibit A (these are documents filed in support of the ILP's pre-hearing brief in the underlying Part C administrative hearing). As the court can see on page 1 of the exhibit, contemporaneously with the services under the ILP, EH's mother signed and dated the Individualized Family Service Plan (IFSP) agreeing with the statement directly above the signature line that "the parents have received and been informed of all procedural safeguards." In addition, the form was signed in the affirmative, rather in the negative, which could have been done if the family had disagreed with the IFSP. Thus as of the date of service under the ILP, there was no dispute and per the form signed by EH's mother, she was aware of the procedural safeguards and/or could have signed the form stating she disagreed with the plan, but did not.

[7] After the ILP was dismissed from the underlying hearing, there was never any request for a hearing by EH or counsel for the ILP. Affidavit of Stacie L. Kraly

administrative remedies.  The Second Amended Complaint and Appeal as to the ILP should be dismissed.

Dated this 20th day of December 2006, at Juneau, Alaska.

TALIS J. COLBERG
ATTORNEY GENERAL

By: s/Stacie L. Kraly
Assistant Attorney General
Office of the Attorney General
P.O. Box 110300
Juneau, Alaska 99811
(907) 465-3600
(907) 465-2539
stacie_kraly@law.state.ak.us
Alaska Bar No. 9406040

CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2006, a copy of the foregoing was served by email on the following parties of record:

Holly Johanknect and Meg K. Allison, Esq.

Bradley Owens

_____
s/Stacie L. Kraly