IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| E.H.., by and through his parents, H.H. and T.H., <br><br> Plaintiffs, <br><br> vs. <br> Department of Health and Social Services' Infant Learning Program, Erin Kinavey, in her official capacity as Program Manager, Part C Coordinator of the Infant Learning Program, and Fairbanks North Star Borough School District, <br><br> Defendants. | Case No. 3:06-cv-00033-TMB <br><br> **O R D E R** |

    This matter is an administrative appeal under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400. ("IDEA"). Plaintiffs are the parents of an autistic child, E.H. Defendants are the Department of Health and Social Services Infant Learning Program ("ILP")[1] and the Fairbanks North Star Borough School District ("FSD").[2]

    Pending before this court is a Motion to Dismiss, filed by the Department of Health and Social Services, as well as a Motion for Discovery, filed by Plaintiff. These matters have been fully briefed by the parties. Accordingly, the Court enters the following Order.

---

[1] Plaintiffs also have named Erin Kinavey, in her official capacity as Program Manager Part C Coordinator of the Infant and Learning Program, as a Defendant. She is being represented by the ILP in this action, and all references to the ILP in this order include Ms. Kinavey in her official capacity.

[2] Plaintiffs previously have settled their dispute with the Yukon Kuskokwim School District. Docket 7 at 6.

1

## IDEA Overview

Under the IDEA, the unique educational needs of a child with a disability must be determined on an individual basis, and an individual program of education ("IEP") is developed for each child based on those unique needs. 20 U.S.C. § 1400(d)(1)(A). Services that are provided from birth through age three are governed by Part C of the IDEA, while services that are provided to children during their pre-school and school years are governed by Part B of the IDEA. Part C services are administered through the ILP and Part B services are administered through the school districts themselves, with oversight by the State of Alaska, Department of Education and Early Development ("DEED"). The ILP does not provide service past the age of three. However, if a child is receiving services under Part C, the regulations require that a transition plan to Part B services be developed at least 90 days prior to the child turning three.

## Complaint

There is no dispute between the parties that E.H. was eligible for services under the IDEA. Although Plaintiffs argue that EH did not receive any special education services prior to September 2004,[3] the ILP alleges that EH began receiving infant learning services on March 15, 2002, and continued to receive those ILP services until January 15, 2003, when a transition plan was entered in to phase EH out of Part C services and into Part B services.[4]

Plaintiffs' Complaint alleges that Defendants did not identify E.H. in a timely manner through the "Child Find" program, and did not formulate an appropriate IEP for E.H. between the

---

[3]Elsewhere, however, Plaintiff H.H. states that E.H. received Part C services from the Summer of 2002 to January 2003. *See* Docket 59.

[4]"At 18 months, EH was brought to the Alaska Center for Children and Adults (ACCA) to be assessed and evaluated. EH was not found eligible because he did not have sufficient deficits. ACCA provided EH's parents with its program booklet that provided them with notice of its grievance and appeal process. At that time, no appeal or grievance was filed. At age two EH was diagnosed with autism and was re-assessed. At that time, ACCA again determined that EH was not eligible for services because he still did not have sufficient deficits; however, despite this determination, ACCA waived those requirements and put EH in services." Docket 53.

dates January 2003 and the Fall of 2005, thus failing to provide him with a free appropriate public education, ("FAPE"), as required by the IDEA. They seek reversal of the hearing officer's conclusion that the ILP was properly dismissed at the administrative level. They also seek reimbursement for the cost of services of private daycare, an aide at private daycare, mileage, Applied Behavior Analysis ("ABA") services, various evaluations, speech therapy, and occupational therapy, the costs of which were incurred by E.H.'s parents to make up for Defendants' shortcomings. Plaintiffs also seek attorney and expert witness fees.

## Motion to Dismiss

Defendant ILP has moved for dismissal on two grounds, arguing that the Complaint is both untimely as to the ILP, and that Plaintiffs have failed to exhaust their administrative remedies.

Defendant ILP argues that the Complaint against it should be dismissed as time-barred, having been filed "a full two years after the most applicable statute of limitations ran." Defendant argues that although there is no specific statute of limitations set forth in Alaska statutes or regulations governing Part C services in Alaska (the Infant Learning Program), there is a state statute providing a 12 month statute of limitations that governs due process hearings under Part B of the IDEA. *See* AS § 14.30.193(a). The ILP was dismissed from the underlying administrative matter in November, 2004. EH did not seek any further remedy as to the ILP until filing this action over two years later, on February 9, 2006.

In contrast, Plaintiffs argue that the most analogous state statute of limitations is two years under AS § 09.10.010, and furthermore that *any* statute of limitations must be tolled until the child reaches the age of majority.[5]

---

[5] Separately, Plaintiffs argue that because the ILP was dismissed from the underlying administrative hearing, "the instant litigation is an original action rather than an administrative

Plaintiff's position is unsupported by Ninth Circuit precedent. "When confronted with an action challenging a state hearing officer's IDEA decision . . . several courts of appeal have applied the state's statute of limitations for judicial review of administrative decisions."[6] The Court noted: "Because the IDEA does not specify a limitations period, we borrow the most analogous state statute of limitations unless that statute would undermine the federal policies underlying the IDEA."[7] The Court concluded that the most analogous state statute of limitations was Montana's thirty-day limitations period for judicial review of administrative decisions, and cited similar cases finding the appropriate statute of limitations period to be between thirty days and two years. "We agree with the First, Seventh, and D.C. Circuits that a civil action under the IDEA challenging an administrative hearing officer's decision after a due process hearing is more analogous to judicial review of an administrative appeal than to an action upon a liability created by statute."[8] The Ninth Circuit held that "a relatively short judicial review limitations period is consistent with the IDEA's policy of prompt resolution of questions resolving a disabled student's education."[9] The Court

---

appeal." However, Plaintiff has provided no authority permitting them to bring such a combined action in this court (i.e. an administrative appeal against the school district, and an "original action" against the ILP.)

[6] *Livingston School Dist. Numbers 4 and 1 v. Keenan*, 82 F.3d 912 (9th Cir. 1996).

[7] *Id.*

[8] *Id.*, at 916

[9] *Id.*

noted that all deadlines throughout the administrative process are short, and therefore the review of that process also should take place within a short period of time.[10]

Regarding tolling, the Ninth Circuit held "equitable tolling may possibly extend the period when unrepresented parents are unaware of the availability of judicial review and of the limitations period."[11]  Plaintiff has cited no authority for its position that a statute of limitations under the IDEA should be tolled until the age of majority.

Defendant ILP's position is further supported by recent amendments to the IDEA.  "In 2004, Congress amended the IDEA to provide a limitations period of 90 days, unless a state adopts a limitations period explicitly applicable to IDEA claims, in which case that period applies. *See* Individuals with Disabilities Education Improvement Act of 2004, Pub.L. No. 108-446, sec. 101, § 615(i)(2)(B), 118 Stat. 2647, 2724 (codified at 20 U.S.C. § 1415(i)(2)(B) (Supp. IV 2004)). The amendment became effective July 1, 2005."[12]

Plaintiffs did not file this administrative appeal until more than two years after the ILP was dismissed by the administrative hearing officer.  No precedent cited by the parties suggest that a delay in excess of two years is appropriate, and there is no authority to support Plaintiffs' position that any statute of limitations period should be tolled until the child reaches the age of majority.  Accordingly, this Court finds that Plaintiffs' claims against the Department of Health and Social

---

[10] *Id., citing Dell v. Board of Education*, 32 F.3d 1053, 1061 (7th Cir.1994).

[11] *Id.,* at 917.

[12] *S.J. v. Issaquah School Dist. No. 411*, 470 F.3d 1288 (9th Cir. 2006).

Services' Infant Learning Program, as well as against Erin Kinavey, in her official capacity, are untimely. Consideration of the parties' exhaustion arguments is therefore unnecessary.

## Motion for Discovery

This Court previously has ruled that as an administrative appeal, this matter is exempt from the discovery requirements of Fed. R.Civ. P. 16(b). Plaintiffs argue that discovery is required to fill in significant gaps in the administrative record, "to determine in what areas the administrative record is lacking and to obtain the evidence that would appropriately supplement those areas that require it. Gaps exist in the administrative record due to the dismissal of Defendant DHSS from that action."

Having dismissed the Department of Health and Social Services ILP as a party to this appeal, the request for discovery regarding the ILP is moot at this juncture. With respect to discovery from the Fairbanks School District, the District opposes the motion on several grounds, arguing that the Plaintiffs' proposed discovery requests amount to nothing more than a "fishing expedition."

A review of the proposed discovery requests reveals that the information sought relates almost exclusively to early intervention services for children aged three and under. The only remaining defendant in this matter, FSD, provides services for children over age three. With respect to the discovery requests seeking information regarding the interrelationship of the two agencies, FSD presented several witnesses at the administrative hearing who could have testified to such matters.

Accordingly, the information Plaintiffs seek to obtain in discovery does not fall withing the scope of "additional evidence" as contemplated in 20 U.S.C. §1415(i)(2) and defined in *Ojai v. Jackson*.[13]  As the *Ojai* court explained, the IDEA allows "additional evidence" to be considered during an administrative appeal where appropriate.[14]  The Ninth Circuit clarified that "the district court has discretion to admit additional evidence 'concerning relevant events occurring subsequent to the administrative hearing.'"[15]  The information sought by Plaintiffs at this juncture was available at the time of the hearing, and does not qualify as "additional evidence."

## **Order**

In light of the foregoing, the Motion to Dismiss the Department of Health and Social Services ILP and Erin Kinavey at Docket 52, is GRANTED.  Plaintiffs' Motion for Discovery at Docket 43 is DENIED.

Dated at Anchorage, Alaska, this 17th day of September, 2007.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge

---

[13] 4 F.3d 1467 (9th Cir. 1993).

[14] *Id.*, at 1472.

[15] *Id.*